IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DR. GEORGE RICHARDSON, ROSALIE WEISFELD, AUSTIN JUSTICE COALITION, COALITION OF TEXANS WITH DISABILITIES, MOVE TEXAS CIVIC FUND, LEAGUE OF WOMEN VOTERS OF TEXAS and AMERICAN GI FORUM OF TEXAS, INC. *Plaintiffs* VS. TEXAS SECRETARY OF STATE, TRUDY HANCOCK, in her official Capacity as BRAZOS COUNTY ELECTIONS ADMINISTRATOR and PERLA LARA in her official Capacity as CITY OF MCALLEN, TEXAS SECRETARY, *Defendants* | Civil Case No. 5:19-cv-00963 |

## DEFENDANT PERLA LARA'S, IN HER OFFICAL CAPACITY AS MCALLEN CITY SECRETARY, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(b)(6)

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Defendant Perla Lara, in her official capacity as the City Secretary for the City of McAllen, Texas, and files this motion to dismiss her from the litigation for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Defendant Lara offers the following:

## I. Background

1.0     Plaintiffs filed their Original Complaint seeking declaratory and injunctive relief on August 7, 2019. Plaintiffs brought suit against Defendant Perla Lara only in her official capacity as City Secretary for the City of McAllen, Texas.

1.1     Plaintiffs' Complaint does not state a valid claim nor seek specific relief from Defendant Lara. Rather, the Complaint seeks to enjoin Defendant Lara, as a local election official, from following certain requirements of the Texas Election Code. Plaintiffs have failed to establish any basis to include Defendant Lara, a local election official, as a necessary party to litigation challenging state law over which she has no discretion, control nor authority to change. Defendant Lara is in no position to provide the relief sought even if she were in complete agreement with the Plaintiffs' position.

## II. Argument and Authorities

### A.     12(b)(6) Standard

2.0     A pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this does not require the Plaintiff to present "detailed factual allegations" to support its claims, the pleading may not be a simple recitation of the elements of a cause of action, but must contain sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). This standard asks for more than the possibility of the defendant's liability and requires the Plaintiff show the plausibility of entitlement to relief under the law. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557 (plausibility standard requires more than the previous "probability standard").

2.1     To survive a motion to dismiss, the complaint must present sufficient facts that would allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *See Iqbal,* 556 U.S. at 678. While the court must take all allegations contained in the complaint as true, mere conclusory statements will not suffice. *Id*. Further, the court is not required to accept as true any legal conclusions couched as factual allegations. *Id*.

**B.      Under the Texas Election Code and federal law, the Texas Legislature and Texas Secretary of State are the only parties who can grant Plaintiffs' requested relief.**

2.3     Under the Texas Election Code, any qualified voter may vote early in person, but only certain persons, including the differently abled, the elderly, and those who will be absent from the county, may vote early by mail. Tex. Elec. Code §§ 82.001-.006. The Election Code further requires the creation of an Early Voting Ballot Board (EVBB) and, in certain circumstances a Signature Verification Committee (SVC) and empowers it to screen early voting ballots. Tex. Elec. Code §§ 87.001-.003, 87.041.

2.4     To vote early by mail, a voter must first apply in writing for a ballot then mail it to the election clerk in an official carrier envelope bearing her signature. Tex. Elec. Code § 86.005. The early voter applications, which require the signature of the voter on both the ballot and the carrier envelope, are statutorily furnished by the Secretary of State. Tex. Elec. Code § 84.013. The EVBB and SVC shall decide whether to accept mailed absentee ballots based on several criteria expressly provided by state statute. Tex. Elec. Code § 87.041. The decision to accept or reject a ballot is vested by statute in the committee and the board, not in Ms. Lara, the city secretary. Tex. Elec. Code § 87.027 (i) and (j). A ballot may only be accepted only if these criteria are met, including "neither the voter's signature on the ballot application nor the signature on the carrier envelope certificate is determined to have been executed by a person other than the vote, unless signed by a witness…". Tex. Elec. Code § 87.041(b)(2). The EVBB and SVC must act on the basis of the

signatures before it and is not expected to contact voters whose signatures do not match, and the code neither requires nor authorizes it to do so. Tex. Elec. Code § 87.041. The board must simply preserve the rejected ballots and notify voters within ten days after the election. Tex. Elec. Code § 87.043, 87.0431.

2.5   All of the above-listed requirements and procedures are from the Texas Election Code. The City of McAllen, including the City Secretary's Office, does not promulgate regulations related to mail-in ballots or the manner in which the ballots are evaluated. The Secretary of State has general authority to take appropriate action to protect the voting rights of citizens. Tex. Elec. Code § 31.005.

**C.   Plaintiffs' alleged causes of action do not state a claim against Defendant Lara.**

2.6   Plaintiffs' Complaint alleges four separate counts under the Fourteenth Amendment Due Process Clause, Equal Protection Clause and Title II of the Disabilities and Rehabilitation Act. However, the only allegations against Defendant Lara found in the entire Complaint are:

> "56. Defendants have not established a procedure for providing voters whose mail-in ballots are rejected because of an illegal signature mismatch pre-rejection notice, an opportunity to be heard, or the ability to cure. …
>
> 78. Defendant SOS, as a state agency, and Defendants Brazos EA and McAllen City Secretary, as other political subdivision agencies, are public entities…. The administration of elections and voting, including mail-in ballot voting and the counting of votes, is a service, program or activity provided by Defendants SOS, Brazos EA, and McAllen City Secretary..."

2.7   The Complaint is completely devoid of any allegation of wrongdoing on the part of the McAllen City Secretary. Instead, it points to Defendant Lara's adherence to state laws with which

4

Plaintiffs take issue. The duty to enact a uniform standard is the sole responsibility of the Secretary of State and beyond Defendant Lara's authority.

2.8     Based on the requested relief, it appears this suit is meant to argue the Texas Election Code violates federal law. The McAllen City Secretary does not have the authority to revise or defend state law. The Texas Attorney General is constitutionally obligated to defend the State regarding a state law and its implementation. Tex. Const. art. IV, § 22. A challenge to constitutionality of a state statute is initiated in federal court, the suit should be brought against **state officials** rather than the state or its agencies. *See McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004)(emphasis added). In matters of litigation, the Attorney General is the officer authorized by law to protect the interests of the state and must exercise judgment and discretion, which will not be controlled by other authorities. *Bullock v. Texas Skating Ass'n*, 583 S.W.2d 888, 894 (Tex. Civ. App. 1979), *writ refused NRE* (Nov. 21, 1979); *Charles Scribner's Sons v. Marrs*, 114 Tex. 11, 262 S.W. 722, 727 (1924); *Lewright v. Bell*, 94 Tex. 556, 63 S.W. 623 (1901).

2.9     Defendant Lara, as the City Secretary for the City of McAllen, Texas has no role in interpreting or litigating the constitutionality of state law. To the extent the Plaintiffs argue that the Texas Election Code violates the U.S. Constitution, Defendant Lara does not have any authority in that legal process. Defendant Lara is not responsible for the interpretation or defense of Texas law, did not draft it, cannot change it, and does not have the authority to defend it. *See generally* Tex. Const. arts. III, IV, and IX.

### III. Conclusion

3.0     Plaintiffs' Complaint challenges the constitutionality of state law, namely the Texas Election Code. The Complaint does not contain any allegation of wrongdoing on the part of Defendant Lara, who simply complied with state law in the administration of the 2019 City of

McAllen run-off election. Defendant Lara, even if she were to completely agree with the Plaintiffs' position, has no authority to provide the requested relief. Defendant Lara, in her official capacity as McAllen City Secretary, is not a proper party to this suit and should not have to bear the costs of defending an action challenging the constitutionality of state law, including any attorneys' fees.

**Prayer**

4.0     For these reasons, Perla Lara, in her official capacity as McAllen City Secretary, requests that the Court grant her Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and deny all relief requested by the Plaintiff against her.

> Respectfully submitted,
>
> Kevin D Pagan
> City Attorney of McAllen, Texas
>
> By:  */s/ Isaac J. Tawil*
> Isaac J. Tawil
> *Attorney-in-Charge*
> *Pro Hac Vice Pending*
> State Bar No. 24013605
> Federal ID No. 29804
> Attorney-in-Charge
> Assistant City Attorney
> 1300 Houston Avenue
> McAllen, Texas 78501
> Telephone: (956) 681-1090
> Facsimile: (956) 681-1099
> Email: itawil@mcallen.net
>
> Austin Stevenson
> State Bar No. 24085961
> Federal ID No. 3157070
> *Pro Hac Vice Pending*
> Assistant City Attorney
> Email: astevenson@mcallen.net

BICKERSTAFF HEATH
DELGADO ACOSTA LLP
3711 South MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
512-472-8021 (Telephone)
512-320-5638 (Facsimile)

C. Robert Heath
*Local Counsel*
Texas State Bar No. 09347500
bheath@bickerstaff.com

Gunnar P. Seaquist
*Local Counsel*
Texas State Bar No. 24043358
gseaquist@bickerstaff.com

**ATTORNEYS FOR DEFENDANT
CITY OF McALLEN, TEXAS**

**CERTIFICATE OF SERVICE**

I certify that on September 3, 2019 a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system and was served on all counsel of record via the CM/ECF system.

> */s/ Isaac J Tawil*
> Isaac J. Tawil