IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **Dr. George Richardson,** | § | |
| **Rosalie Weisfeld, Austin** | § | |
| **Justice Coalition, Coalition** | § | |
| **of Texans with Disabilities,** | § | |
| **Move Texas Civic Fund,** | § | |
| **League of Women Voters** | § | |
| **Of Texas and American GI** | § | |
| **Forum of Texas, Inc.** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | Civil Action No.: 5:19-CV-00963 |
| | § | |
| **Texas Secretary of State** | § | |
| **Trudy Hancock, in her official** | § | |
| **Capacity as Brazos County** | § | |
| **Elections Administrator and** | § | |
| **Perla Lara in her official** | § | |
| **Capacity as City of McAllen,** | § | |
| **Texas Secretary,** | § | |
| *Defendants* | § | |

**DEFENDANT BRAZOS COUNTY ELECTIONS ADMINISTRATOR TRUDY HANCOCK'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(b)(6)**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Brazos County Elections Administrator Trudy Hancock (hereinafter "Hancock") files this Motion to Dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Hancock offers the following:

**I.    Background**

Plaintiffs filed their Original Complaint on August 7, 2019 (hereinafter "Complaint"). Plaintiffs filed this lawsuit against Defendant Hancock only in her official capacity as the Brazos County Elections Administrator.

Plaintiffs' Complaint does not state a valid claim nor seek specific relief from Hancock. Rather, the Complaint seeks to enjoin Hancock (and 253 other Texas Counties who are not parties to this suit) from following state law as established by the Texas Legislature. Plaintiffs have failed to allege any facts or law that would allow the Court to determine that Hancock is a necessary party to this litigation. In fact, Plaintiffs' pleadings negate the need for Hancock as a party because only the Texas Legislature has the authority to provide the relief sought. Hancock lacks statutory authority to provide the relief sought because she is obligated, as a matter of law, to follow the mail-in ballot elections procedures mandated by the Texas Elections Code.

## II.     Argument & Authorities

### A.   12(b)(6) Standard

A pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). While this does not require the plaintiff to present "detailed factual allegations" to support its claims, the pleading may not be a simple recitation of the elements of a cause of action, but must contain sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). This standard asks for more than the possibility of the defendant's liability but requires the plaintiff show the plausibility of entitlement to relief under the law. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557 (plausibility standard requires more than the previous "probability standard").

To survive a motion to dismiss, the complaint must present sufficient facts that would allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. While the court must take all allegations contained in the complaint as

true, mere conclusory statements will not suffice. *Id.* Further, the court is not required to accept as true any legal conclusions couched as factual allegations. *Id.*

### B. Under the Texas Election Code, a County Elections Administrator has no discretion in evaluating voter signatures

Plaintiffs correctly state that Chapter 87 of the Texas Elections Code governs the appointment and composition of an Early Voting Ballot Board and the review of mail-in ballots. Doc. 1 at ¶¶ 35-40; Tex. Elec. Code Ch. 87. The Early Voting Ballot Board consists of a presiding judge and at least two other members, all of whom are selected from lists provided by the political parties with nominees on the general election ballot. Tex. Elec. Code §87.002. The presiding judge is selected from the list provided by the political party whose nominee for governor received the most votes in the county in the most recent gubernatorial general election. *Id*.

The Early Voting Ballot Board verifies whether a signature is valid. *Id*. at §87.041. However, the Early Voting Clerk can establish a Signature Verification Committee. *Id*. at § 87.027 (a Signature Verification Committee can also be established by written request of 15 voters within the political subdivision holding the election). A Signature Verification Committee is selected in the same manner as the Early Voting Ballot Board (i.e. from a list provided by the political parties participating in the election). *Id*. The Early Voting Ballot Board and Signature Verification Committee follow the same procedures to determine if a signature is valid. Compare *id*. at §87.207(i) and §87.041(e) and (f). However, in the case where a Signature Verification Committee determines that a signature <u>does not</u> match, the Early Voting Ballot Board may review the signatures and determine that the signatures <u>do</u> match, by a majority vote of the Board. *Id*. at §87.027(j). Therefore, in elections that have a Signature Verification Committee, there is a second evaluation of rejected signatures.

At no time does a County Elections Administrator have discretion to intervene in this process of mail-in ballot validation, whether the mail-in ballots are reviewed by only the Early Voting Ballot Board, or both the Early Voting Ballot Board and a Signature Verification Committee. Once these boards and committees are created, no county official has a right to inject their own opinion into whether a mail-in ballot is valid or not. An Elections Administrator is not a member of either the Early Voting Ballot Board or the Signature Verification Committee. The Texas Legislature established that only the Early Voting Ballot Board or the Signature Verification Committee have the authority to determine the validity of mail-in ballots.

### C. Plaintiffs lack standing

Even if Plaintiffs' allegations are true, and Texas' Elections Code violates the U.S. Constitution, Defendant Hancock has no authority to remedy the complaint. The only proper party to this suit is the State of Texas because what the Plaintiffs allege is that state law is unconstitutional. They do not allege that Hancock did anything other than follow the law. Therefore, Hancock is not a proper party to this suit. *See Ass'n of Cmty. Organizations for Reform Now v. Fowler*, 178 F.3d 350, 356 (5th Cir. 1999) (A plaintiff must demonstrate that he has "suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision."); *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 396 (5th Cir. 2015) ("To have standing to sue, the plaintiff must demonstrate injury in fact that is fairly traceable to the defendant's conduct and that would be redressed by a favorable judicial decision."). As argued below, Plaintiffs cannot show, and their Complaint does not allege, that a favorable judicial decision against Hancock will remedy their injury. Therefore, Plaintiffs lack standing to sue Hancock.

### D. Count I fails to state a claim against Hancock

In the Complaint, Plaintiffs do not make a single allegation of wrongdoing against Hancock, other than that she followed Texas law. Count I states:

> By mandating the unilateral and non-reviewable rejection of mail-in ballots due to an alleged signature mismatch without according pre-rejection notice, an opportunity to be heard, and an ability to cure, Texas' scheme as outlined in Texas Election Code §§ 87.041(b)(2) and (d), both on its face and as it is applied, violates the Due Process Clause of the Fourteenth Amendment. Defendants deprived and continue to deprive Texas voters, including Mr. Richardson and Ms. Rosalie, voters provided support by organizational Plaintiffs, and voters who are members of associational Plaintiffs, of adequate procedural due process to protect their fundamental right to vote.

Doc. 1 at ¶ 57 (emphasis added). Plaintiffs go on to suggest that Texas law should allow a voter to cure any defect in a mail-in ballot. *Id.* at ¶¶ 58-9. Nothing in Count I alleges that Hancock did anything improper. In fact, Hancock is not even mentioned in Count I. Hancock did not review the signatures in question and did not rule that the mail-in ballot was invalid. Therefore, Hancock should be dismissed from this suit because she is not a proper party and, even if Plaintiff's allegations are true, Hancock cannot provide a remedy without violating Texas law by superseding the judgment of the Early Voting Ballot Board.

### E. Count II fails to state a claim against Hancock

Count II also fails to state a claim against Hancock. Count II states, in part:

> Texas Election Code Sections 87.041(b)(2) and (d), by mandating the unilateral, arbitrary, and ad hoc rejection of mail-in ballots due to an alleged signature mismatch, disenfranchise mail-in ballot voters, a burden that is undoubtedly severe, especially when such voters are given no pre-rejection notice or opportunity to resolve the mismatch or otherwise confirm their identity.

*Id.* at ¶69. Again, Plaintiffs' Complaint alleges that Texas law is unconstitutional. "A court considering a challenge to a state election law must carefully balance the character and magnitude of the injury to the First and Fourteenth Amendment rights that Plaintiffs seek to vindicate against

the justifications put forward by Defendants for the burdens imposed by the rule." *Id*. at ¶ 65 (emphasis added). No allegation in Count II seeks relief from Hancock, nor even references Hancock.

### F. Count III fails to state a claim against Hancock

Count III states, "Texas has not promulgated any procedures to assist individual counties or the EVBB or SVCs within those counties in evaluating signatures on mail-in ballots, thereby creating an arbitrary system for evaluation in which committees of laypersons 'eye-ball' signatures and evaluate them based on their own ad hoc standards." *Id*. at ¶ 72 (emphasis added). The Complaint, taken as true, alleges that the State of Texas violates the Fourteenth Amendment. It does not allege that Hancock has done so and, again, does not even mention her name.

### G. Count IV fails to state a claim against Hancock

Count IV states:

> Members of CTD who use the mail-in ballot process and, due to their disability, cannot make their signatures match, risk disenfranchisement. By reason of such disability, the members at issue have suffered and/or risk future exclusion from participation in and denial of the benefits of the services, programs, or activities of Defendants, and are subjected to discrimination by Defendants. By failing to meet their obligation to provide voters who are disabled, cannot vote in person, and, due to their disability, cannot sign matching signatures an opportunity to vote that is equal and equally effective as that opportunity provided to others, Defendants are in violation of the ADA and the RA.

*Id*. at ¶ 82. While Count IV at least has a passing reference to Hancock, it fails to state that she did anything wrong and does not seek relief from her. Count IV alleges that the State of Texas has an invalid law that does not comply with the ADA, not that Hancock violated the law.

### H. Plaintiffs' Prayer is not supported by the allegations in the Complaint

Plaintiffs pray for (1) a declaratory judgment that the State of Texas violated the U.S. Constitution; (2) that the Court enjoin the State of Texas and all 254 Texas counties from following

Chapter 87 of the Elections Code; and (3) for attorney fees, costs, and other relief. While the Court may determine whether Texas law is constitutional, it may not enjoin 254 counties (only one of whom is a party to this suit). It is redundant to ask the Court to declare a law unconstitutional and then ask the Court to enjoin anyone from following an unconstitutional law. Should the Plaintiffs prevail against the State, there is no need to enjoin anyone because the law is invalid. Hancock is not a proper party to this suit because a judgment against her will not grant Plaintiffs any of the relief they seek. The <u>only</u> proper party is the State of Texas.

The Plaintiffs are also asking the Court to re-write Texas law—should the Plaintiffs prevail and the Court declares Chapter 87 unconstitutional, there would be no process to determine the validity of a mall-in ballot. Thus, Plaintiffs are asking this Court to dictate the process and insert its judgment in place of the Texas Legislature. Furthermore, Plaintiffs only ask the Court to enjoin all 254 Texas counties and not the 1,200 plus cities and towns in Texas, nor the 1,000 plus school districts, nor every water district, utility district, nor the hundreds of other political subdivisions in the State of Texas who hold elections. The relief Plaintiffs pray for, while broader than the relief sought in their Counts, still would not resolve their complaint nor grant them relief.

### III. Conclusion

Any remedy against Defendant Hancock would be redundant of relief granted against the State. To argue otherwise would mean that all Texas political subdivisions who hold elections must be a party to this suit. To single out Brazos County is illogical. The only responsible party is the State of Texas. An order against Defendant Hancock will not solve the problem alleged in the Complaint. Therefore, the Defendant Hancock is an improper party and should not have to bear the costs of defending an action taken by the Early Voting Ballot Board and required under state law. It is also unjust that Brazos County might have to share any portion of Plaintiffs' attorney fees should the Court rule that Texas law is invalid.

## IV.     Prayer

For these reasons, Defendant Hancock requests that the Court grant her Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and deny all relief requested by the Plaintiffs against her.

> Respectfully submitted,
>
> */s/ J. Eric Magee*
> J. Eric Magee
> SBN: 24007585
> e.magee@allison-bass.com
> **ALLISON, BASS & MAGEE, L.L.P.**
> A.O. Watson House
> 402 W. 12th Street
> Austin, Texas 78701
> (512) 482-0701 telephone
> (512) 480-0902 facsimile
> *Attorneys for Brazos County Elections*
> *Administrator Trudy Hancock*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

> */s/ J. Eric Magee*
> J. Eric Magee