IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DR. GEORGE RICHARDSON, ROSALIE WEISFELD, AUSTIN JUSTICE COALITION, COALITION OF TEXANS WITH DISABILITIES, MOVE TEXAS CIVIC FUND, LEAGUE OF WOMEN VOTERS OF TEXAS and AMERICAN GI FORUM OF TEXAS, INC.<br>*Plaintiffs*<br><br>VS.<br><br>TEXAS SECRETARY OF STATE, TRUDY HANCOCK, in her official Capacity as BRAZOS COUNTY ELECTIONS ADMINISTRATOR and PERLA LARA in her official Capacity as CITY OF MCALLEN, TEXAS SECRETARY,<br>*Defendants* | Civil Case No. 5:19-cv-00963 |

## DEFENDANT PERLA LARA'S, IN HER OFFICAL CAPACITY AS MCALLEN CITY SECRETARY, REPLY TO PLAINTIFFS' COMBINED RESPONSE TO DEFENDANTS' MOTION TO DISMISS

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Defendant Perla Lara, in her official capacity as the City Secretary for the City of McAllen, Texas, and files this reply to Plaintiffs' Combined Response to Defendants' Motion to Dismiss, including Defendant Lara's motion to dismiss for failure to state a claim upon which relief may be

1

granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Defendant Lara offers the following:

## I. Procedural History

1.0   Plaintiffs filed their Original Complaint seeking declaratory and injunctive relief on August 7, 2019. Plaintiffs brought suit against Defendant Perla Lara only in her official capacity as City Secretary for the City of McAllen, Texas.

1.1   Defendant Perla Lara in her Official Capacity at McAllen City Secretary filed a Motion to Dismiss for Failure to State a Claim on September 3, 2019.

1.2   Plaintiffs filed a combined response to all defendants' motions to dismiss on October 23, 2019.

## II. Argument & Authorities

### A. Plaintiffs' Response

2.0   Plaintiff's response with regards to Defendant Lara spends several paragraphs citing to the Texas Election Code and repeatedly misinterpreting and mischaracterizing the authority contained therein. Dkt. 32 at 14-21. Specifically, the Plaintiffs attempt to interpret the limited authority explicitly outlined in the Texas Election Code for an Early Voting Clerk (EVC) as one of "expansive authority." Dkt. 32 at 16.

2.1   However, Plaintiffs then go on to enumerate the limited authorities the Election Code confers to an EVC. None of the enumerated powers of an EVC allow

for Defendant Lara to inject her own interpretation of state law nor do the provisions permit Defendant Lara to not adhere to procedures outlined in State law. Plaintiff continue to erroneously argue that Defendant Lara is somehow responsible for state law and has the ability to enact a uniform standard for statewide early-voting procedures. Defendant Lara has no such authority, not even across the County, let alone the entire State. The duty to enact uniform standards is the sole responsibility of the Secretary of State. Tex. Elec. Code § 31.001(a).

2.2   Plaintiffs argue that Defendant Lara, as an EVC, has the authority to challenge a Ballot Board's decision in district court and then try to bury the fact that this authority only extends to a *county* election officer in a footnote. Dkt 32 at 18, fn. 10. (emphasis added). Defendant Lara, as the McAllen City Secretary, has no authority to challenge the Ballot Board's decision and any attempt to do so would be contrary to state law.

2.3   Despite Plaintiffs' attempt to apply the rationale of a case that has been reversed to the matter before the Court, the plain language of the Texas Election Code does not grant Defendant Lara any authority to review the decision of a Ballot Board or to implement a statewide uniform system for mail-in ballots.

2.4   Defendant Lara simply cannot provide any of the relief requested or any remedy without violating the Texas Election Code.

## Prayer

3.0     For these reasons, Perla Lara, in her official capacity as McAllen City Secretary, requests that the Court grant her Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and deny all relief requested by the Plaintiffs against her.

    Respectfully submitted,

    Kevin D Pagan
    City Attorney of McAllen, Texas

    /s/ Isaac J Tawil
    Isaac Tawil
    *Attorney-in-Charge*
    State Bar No. 24013605
    Federal ID No. 29804
    Attorney-in-Charge
    Assistant City Attorney
    1300 Houston Avenue
    McAllen, Texas 78501
    Telephone: (956) 681-1090
    Facsimile: (956) 681-1099
    Email: itawil@mcallen.net

    Austin Stevenson
    State Bar No. 24085961
    Federal ID No. 3157070
    Assistant City Attorney
    Email: astevenson@mcallen.net

BICKERSTAFF HEATH
DELGADO ACOSTA LLP
3711 South MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
(512) 472-8021 (Telephone)
(512) 320-5638 (Facsimile)

C. Robert Heath
*Local Counsel*
Texas State Bar No. 09347500
bheath@bickerstaff.com

Gunnar P. Seaquist
*Local Counsel*
Texas State Bar No. 24043358
gseaquist@bickerstaff.com

**ATTORNEYS FOR DEFENDANT
CITY OF McALLEN, TEXAS**

## CERTIFICATE OF SERVICE

I certify that on October 30, 2019 a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system and was served on all counsel of record via the CM/ECF system and via email.

/s/ Isaac J Tawil
Isaac Tawil