IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **Dr. George Richardson,** § | | |
| **Rosalie Weisfeld, Austin** § | | |
| **Justice Coalition, Coalition** § | | |
| **of Texans with Disabilities,** § | | |
| **Move Texas Civic Fund,** § | | |
| **League of Women Voters** § | | |
| **Of Texas and American GI** § | | |
| **Forum of Texas, Inc.** § | | |
| *Plaintiffs,* § | | |
| § | | |
| v. § | Civil Action No.: 5:19-CV-00963 | |
| § | | |
| **Texas Secretary of State** § | | |
| **Trudy Hancock, in her official** § | | |
| **Capacity as Brazos County** § | | |
| **Elections Administrator and** § | | |
| **Perla Lara in her official** § | | |
| **Capacity as City of McAllen,** § | | |
| **Texas Secretary,** § | | |
| *Defendants* § | | |

**DEFENDANT BRAZOS COUNTY ELECTIONS ADMINISTRATOR TRUDY HANCOCK'S REPLY TO PLAINTIFFS' COMBINED RESPONSE TO THE MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(b)(6)**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Brazos County Elections Administrator Trudy Hancock (hereinafter "Hancock") files this reply to Plaintiffs' combined response to Defendants' motions to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Hancock offers the following:

### I.   Argument & Authorities

Plaintiffs' Response fails to address Defendant Hancock's arguments that the Complaint does not state a claim or seek specific relief from her. Plaintiffs seek two primary types of relief:

1. That the Court enter declaratory judgment that the State of Texas' statutory scheme requiring the rejection of mail-in ballots with alleged signature mismatches, specifically set out in Texas Election Code §§87.041(b)(2), (e), and (f), is unconstitutional and violated the ADA and the RA; [and]
2. That the Court permanently enjoin the State of Texas, the Texas Secretary of State, the Brazos County Elections Administrator, the City of McAllen, Texas Secretary, the 254 county agencies administering elections, and all other political subdivisions administering elections from rejecting any mail-in ballot for signature mismatch reasons, or, in the alternative require the State of Texas, the Texas Secretary of State, the Brazos County Elections Administrator, the City of McAllen, Texas Secretary, the 254 county agencies administering elections, and all other political subdivisions administering elections to (a) provide voters meaningful notice prior to the rejection of a mail-in ballot based on an alleged signature mismatch and (b) offer voters the ability to cure a mail-in ballot questioned for an alleged signature mismatch.

*See* Plaintiffs' Complaint, page 24.  As demonstrated by the relief requested, Plaintiffs' relief is for declaratory relief and injunctive relief related to "the State of Texas' statutory scheme," challenging the constitutionality of a state statute for which Defendant Hancock has no authority. Here, Plaintiffs' Response fails to articulate any statutory authority providing Defendant Hancock (or any of "**the 254 county agencies administering elections, and all other political subdivisions administering elections**") with the ability to disregard the Texas Election Code; instead, Defendant Hancock must, as a matter of law, follow the mail-in ballot elections procedures mandated by the Texas Election Code.

In Plaintiffs' Response, Plaintiffs provide a misleading and confusing analysis of the various statutory provisions and their applicability to the relief sought in this matter.  *See* Plaintiffs' Response pages 14-20.  Specifically, Plaintiffs misinterpret Chapters 83, 84 and 86 of the Election Code and their applicability to the relief sought for the procedure "specifically set out in Texas Election Code §§87.041(b)(2), (e), and (f), [for which they allege] is unconstitutional and violated the ADA and the RA."

Here, the Texas Election Code, section 87.041 provides that:

(a)  The **<u>early voting ballot board</u>** *shall* open each jacket envelope for an early voting ballot voted by mail and determine whether to accept the voter's ballot.

(b)  A ballot may be accepted only if:

  (1)  the carrier envelope certificate is properly executed;

  (2)  neither the voter's signature on the ballot application nor the signature on the carrier envelope certificate is determined to have been executed by a person other than the voter, unless signed by a witness;

  (3)  the voter's ballot application states a legal ground for early voting by mail;

  (4)  the voter is registered to vote, if registration is required by law;

  (5)  the address to which the ballot was mailed to the voter, as indicated by the application, was outside the voter's county of residence, if the ground for early voting is absence from the county of residence;

  (6)  for a voter to whom a statement of residence form was required to be sent under Section 86.002(a), the statement of residence is returned in the carrier envelope and indicates that the voter satisfies the residence requirements prescribed by Section 63.0011; and

  (7)  the address to which the ballot was mailed to the voter is an address that is otherwise required by Sections 84.002 and 86.003.

(c)  If a ballot is accepted, the board shall enter the voter's name on the poll list unless the form of the list makes it impracticable to do so.  The names of the voters casting ballots by mail shall be listed separately on the poll list from those casting ballots by personal appearance.

(d)  A ballot shall be rejected if any requirement prescribed by Subsection (b) is not satisfied.  In that case, the board shall indicate the rejection by entering "rejected" on the carrier envelope and on the corresponding jacket envelope.

(e)  In making the determination under Subsection (b)(2), the board may also compare the signatures with any two or more signatures of the voter made within the preceding six years and on file with the county clerk or voter registrar to determine whether the signatures are those of the voter.

(f)  In making the determination under Subsection (b)(2) for a ballot cast under Chapter 101 or 105, the **board** *shall* compare the signature on the carrier envelope or signature cover sheet with the signature of the voter on the federal postcard application.

(g)  A person commits an offense if the person intentionally accepts a ballot for voting or causes a ballot to be accepted for voting that the person knows does not

>meet the requirements of Subsection (b).  An offense under this subsection is a Class A misdemeanor.

TEX. ELEC. CODE §87.041 (emphasis added).  Plaintiffs fail to provide any statutory authority granting a County Elections Administrator discretion to intervene in the aforementioned process of mail-in ballot validation, whether the mail-in ballots are reviewed by only the Early Voting Ballot Board, or both the Early Voting Ballot Board and a Signature Verification Committee.

It is clear and undisputed that "an **early voting ballot board** *shall* be created in each election to process early voting results from the territory served by the early voting clerk." TEX. ELEC. CODE §87.001 (emphasis added).  In some circumstances, a Signature Verification Committee may be appointed in any election. *Id*. at §87.027. The Signature Verification Committee is appointed by the county election board not Defendant Hancock. Specifically, the Texas Election Code provides that "[t]he following authority is responsible for appointing the members of a signature verification committee: (1)  the county election board, in an election for which the board is established;  (2)  the county chair, in a primary election;  and (3)  the governing body of the political subdivision, in an election ordered by an authority of a political subdivision other than a county." *Id.* at §87.027(b).

As discussed in the motion to dismiss, Plaintiffs have failed to cite to any statutory authority that supports their arguments that Defendant Hancock has any statutory duties and responsibilities concerning "the State of Texas' statutory scheme requiring the rejection of mail-in ballots with alleged signature mismatches." As previously stated, the Texas Legislature established that, upon the creation of the Early Voting Ballot Board and/or the Signature Verification Committee, only they have the authority to determine the validity of mail-in ballots. *See id*. at §§87.027(i) and (j) and 87.041 (e) and (f).  Assuming *arguendo* that Defendant Hancock disagreed with the acceptance or rejection of a ballot, Defendant Hancock has no statutory

authority to intervene or override the board's decision; however, the only option for a county election officer would be to seek judicial relief as prescribed in the Texas Elections Code.[1]

For the reasons stated in the motion to dismiss and this reply, Plaintiffs' Complaint fails to state a claim against Defendant Hancock.

### III.   Prayer

For these reasons, Defendant Hancock requests that the Court grant her Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and deny all relief requested by the Plaintiffs against her.

> Respectfully submitted,
>
> */s/ J. Eric Magee*
> J. Eric Magee
> SBN: 24007585
> e.magee@allison-bass.com
> **ALLISON, BASS & MAGEE, L.L.P.**
> A.O. Watson House
> 402 W. 12th Street
> Austin, Texas 78701
> (512) 482-0701 telephone
> (512) 480-0902 facsimile
> *Attorneys for Brazos County Elections Administrator Trudy Hancock*

### CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of October, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

> */s/ J. Eric Magee*
> J. Eric Magee

---

[1] Texas Elections Code, section 87.127 provides that: (a) If a county election officer, as defined by Section 31.091, determines a ballot was incorrectly rejected or accepted by the early voting ballot board before the time set for convening the canvassing authority, the county election officer may petition a district court for injunctive or other relief as the court determines appropriate.(b) **In an election ordered by the governor or by a county judge, the county election officer must confer with and establish the agreement of the county chair of each political party before petitioning the district court.** TEX. ELEC. CODE § 87.127 (emphasis added).