## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DR. GEORGE RICHARDSON, ROSALIE WEISFELD, AUSTIN JUSTICE COALITION, COALITION OF TEXANS WITH DISABILITIES, MOVE TEXAS CIVIC FUND, LEAGUE OF WOMEN VOTERS OF TEXAS, and AMERICAN GI FORUM OF TEXAS, INC., | § § § § § § § § | |
| | § | |
| *Plaintiffs* | § § | |
| v. | § § | Civil Case No. 5:19-cv-00963 |
| TEXAS SECRETARY OF STATE, TRUDY HANCOCK, in her official capacity as BRAZOS COUNTY ELECTIONS ADMINISTRATOR, and PERLA LARA in her official capacity as CITY OF MCALLEN, TEXAS SECRETARY, | § § § § § § § | |
| | § | |
| *Defendants*. | § § | |

### JOINT RULE 26(f) CONFERENCE REPORT

On November 5, 2019, counsel for Plaintiffs Dr. George Richardson, Rosalie Weisfeld, Austin Justice Coalition, Coalition of Texans with Disabilities, MOVE Texas Civic Fund, and American GI Forum, and counsel for Defendants Texas Secretary of State, Trudy Hancock, in her official capacity as Brazos County Elections Administrator, and Perla Lara, in her official capacity as City of McAllen Texas, Secretary, conferred by telephone pursuant to Federal Rule of Civil Procedure 26(f). The parties' proposed discovery plan and their positions on the matters listed in Federal Rule of Civil Procedure 26(f)(3) are set forth herein.

**Discovery Plan and Trial Date**

**A.      Trial Date**

The parties request a trial date of **August 3, 2020**—273 days from the Rule 16(b)(2) deadline—or as soon thereafter as the Court can accommodate. They anticipate that trial will take approximately three to five days.

**B.      Discovery Plan**

Plaintiffs' proposed discovery plan is as follows:

Exchange of initial disclosures on November 19, 2019.

Amended pleadings due on January 21, 2020.

Mediation to be completed by March 10, 2020.

Close of discovery on April 17, 2020.

Dispositive motion deadline on May 15, 2020.

*Plaintiffs' Position*: The Plaintiffs respectfully request that the Court issue a scheduling order adopting these deadlines and the deadlines listed in their Proposed Scheduling Order. *See* Ex. A. Plaintiffs propose commencing discovery before a ruling on any Defendant's motion to dismiss and setting specific dates for the scheduling order in order to preserve the court's time, streamline the process, and avoid unnecessary delay.

*Defendants Brazos County Elections Administrator and City of McAllen, Texas, Secretary's Position*: Defendants Brazos County Elections Administrator and Defendant City of McAllen, Texas, Secretary disagree.  Pretrial discovery is costly, time-consuming and intrusive. Unless plaintiffs' allegations state a claim of a violation of clearly established law committed by these defendants, they should be entitled to dismissal before the commencement of discovery.  In other words, discovery should not proceed until the district court first finds that the plaintiffs

2

pleadings assert facts which, if true, would overcome defendants' pending motions to dismiss for failure to state a claim upon which relief can be granted.

*Defendant Texas Secretary of State's Position*: Defendant Texas Secretary of State believes that discovery is premature until the Court rules on the pending motions to dismiss. Without waiver of this objection and subject to her pending Motion to Dismiss, should this case be allowed to proceed to discovery, Defendant Texas Secretary of State does not presently have any conflicts with the dates in the Proposed Scheduling Order requested by Plaintiffs.

## Rule 26(f)(3) Matters

**A.      Changes to Timing, Form or Requirement of Disclosures Under Rule 26(a)**

The parties propose an exchange of initial disclosures pursuant to Rule 26(a) on **November 19, 2019**.

**B.      Subjects on Which Discovery may be Needed**

*Defendant Texas Secretary of State's Position*: If this case is allowed to proceed to discovery despite Defendants' objections and motions to dismiss, the Texas Secretary of State anticipates seeking discovery regarding the organizational plaintiffs' activities, the individual plaintiffs' casting of ballots in the elections giving rise to their alleged injury, how the challenged provisions are applied by local election authorities, and any other matter relevant to the claims or defenses herein.

*Defendant City of McAllen, Texas, Secretary's Position:*  The City of McAllen, Texas Secretary believes that until plaintiffs have plead a cause of action not subject to a motion to dismiss under Federal Rule 12(b), that discovery should not be permitted.

*Defendant Brazos County Elections Administrator's Position:* Defendant Brazos County Elections Administrator believes that until plaintiffs have plead a cause of action not subject to a motion to dismiss under Federal Rule 12(b), that discovery should not be permitted.

*Plaintiffs' Position*: Plaintiffs anticipate seeking discovery regarding each Defendant's activities involving the mail-in ballot process and all other matters related to parties' claims and defenses.

**C.      Discovery of Electronically Stored Information**

Plaintiffs intend to seek discovery of electronically stored information ("ESI") and, therefore, will submit an ESI discovery proposal to Defendants. The parties will confer and attempt to agree upon ESI discovery protocol, including search terms, for filing with the Court.

**D.      Any issues about claims of privilege or of protection as trial-preparation material.**

The parties agree that to the extent a responding party withholds documents from production in response to a discovery request based on a claim of privilege, the withholding party will provide a privilege log consistent with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure.

**E.      Changes to Limitations on Discovery**

At present, the parties do not anticipate that any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure will be necessary. Should this change as this case proceeds, the parties agree to confer and attempt to agree on the appropriate nature and scope of any such changes before seeking relief from the Court.

**F.      Orders the Court Should Issue under Rule 26(c) or Rule 16(b) and (c)**

In addition to the ESI agreement referenced above, the parties anticipate requesting that the Court enter a protective order in this matter. The parties anticipate that they will come to an agreement on the scope and terms of the protective order.

Dated: this the 8th day of November, 2019.

Respectfully Submitted,

/s/   *Zachary Dolling*

**TEXAS CIVIL RIGHTS PROJECT**

Mimi M.D. Marziani
Texas Bar No. 24091906
mimi@texascivilrightsproject.org
Rebecca Harrison Stevens
Texas Bar No. 24065381
beth@texascivilrightsproject.org
Hani Mirza
Texas Bar No. 24083512
hani@texascivilrightsproject.org
Ryan V. Cox
Texas Bar No. 24074087
ryan@texascivilrightsproject.org
Zachary D. Dolling
Texas Bar No. 24105809
zachary@texascivilrightsproject.org

1405 Montopolis Drive
Austin, Texas 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)

**WILLKIE FARR & GALLAGHER LLP**

Richard Mancino (NY Bar No. 1852797)
P. Maxwell Griffith (NY Bar No. 5323209)

787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: rmancino@willkie.com
        mgriffith@willkie.com

-AND-

Jennifer J. Hardy (TX Bar No. 24096068)
Denis A. Fallon (TX Bar No. 24059731)
Garrett Johnston (TX Bar No. 24087812)
Audra White (TX Bar No. 24098608)

600 Travis Street, Suite 2100
Houston, Texas 77002
Telephone: (713) 510-1700
Facsimile: (713) 510-1799
Email: jhardy2@willkie.com
        afallon@willkie.com
        gjohnston@willkie.com
        awhite@willkie.com

***COUNSEL FOR PLAINTIFFS***

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil
Litigation

THOMAS A. ALBRIGHT
Chief for General Litigation Division

*/s/  Anne Marie Mackin*
ANNE MARIE MACKIN
Texas Bar No. 24078898
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2798 | FAX: (512) 320-0667
anna.mackin@oag.texas.gov

**ATTORNEYS FOR DEFENDANT
TEXAS SECRETARY OF STATE**

*/s/   J. Eric Magee*
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com

**ALLISON, BASS & MAGEE, L.L.P.**
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile
*Attorneys for Brazos County Elections*
*Administrator Trudy Hancock*

Kevin D Pagan
City Attorney of McAllen, Texas

/s/    *Isaac J. Tawil*
Isaac J. Tawil
*Attorney-in-Charge*
State Bar No. 24013605
Federal ID No. 29804
Attorney-in-Charge
Assistant City Attorney
1300 Houston Avenue
McAllen, Texas 78501
Telephone: (956) 681-1090
Facsimile: (956) 681-1099
Email: itawil@mcallen.net

Austin Stevenson
State Bar No. 24085961
Federal ID No. 3157070
Assistant City Attorney
Email: astevenson@mcallen.net
BICKERSTAFF HEATH
DELGADO ACOSTA LLP
3711 South MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
(512) 472-8021 (Telephone)
(512) 320-5638 (Facsimile)

C. Robert Heath
*Local Counsel*
Texas State Bar No. 09347500
bheath@bickerstaff.com

Gunnar P. Seaquist
*Local Counsel*
Texas State Bar No. 24043358

gseaquist@bickerstaff.com

**ATTORNEYS FOR DEFENDANT**
**CITY OF McALLEN, TEXAS**

### CERTIFICATE OF SERVICE

By my signature below, I certify that a true and correct copy of the foregoing has been served on all counsel of record on November 8, 2019 through the Electronic Case File System of the Western District of Texas.

/s/__*Zachary Dolling*_____