# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| DR. GEORGE RICHARDSON, ROSALIE WEISFELD, AUSTIN JUSTICE COALITION, COALITION OF TEXANS WITH DISABILITIES MOVE TEXAS CIVIC FUND, AND LEAGUE OF WOMEN VOTERS OF TEXAS, *Plaintiffs*, | § § § § § § § | |
| v. | § § | No. 5:19-cv-00963 |
| TEXAS SECRETARY OF STATE, TRUDY HANCOCK IN HER OFFICIAL CAPACITY AS BRAZOS COUNTY ELECTIONS ADMINISTRATOR, AND PERLA LARA IN HER OFFICIAL CAPACITY AS CITY OF MCALLEN, TEXAS SECRETARY, *Defendants*. | § § § § § § § § | |

## DEFENDANT SECRETARY OF STATE'S MOTION FOR SUMMARY JUDGMENT APPENDIX
### TABLE OF CONTENTS

**Tab**

Dr. George Richardson                                    **Tab 1**
    Cited Deposition Testimony
    Deposition Exhibits 1-8

Rosalie Weisfeld                                        **Tab 2**
    Cited Deposition Testimony
    Deposition Exhibits 1, 2, 3, 4, 6

Austin Justice Coalition                                **Tab 3**
    Cited Deposition Testimony
    Deposition Exhibits 1, 4, 5[1]
    Responses to Secretary's Written Discovery Requests

Coalition of Texans with Disabilities                   **Tab 4**
    Cited Deposition Testimony
    Deposition Exhibits 1, 3, 4, 5
    Responses to Secretary's Written Discovery Requests
    "Get Involved" Section, CTD Website

---

[1] Deposition Ex. 3 filed under seal

League of Women Voters of Texas                                    **Tab 5**
    Cited Deposition Testimony
    Deposition Exhibits 1, 4, 5, 7[2]
    Responses to Secretary's Written Discovery Requests

MOVE Texas Civic Fund                                             **Tab 6**
    Cited Deposition Testimony
    Deposition Exhibits 1, 4[3]
    Responses to Secretary's Written Discovery Requests

Dr. Linton Mohammed, Plaintiffs' Expert                          **Tab 7**
    Entire Deposition Transcript
    Exhibits 1, 2, 3

Brian Keith Ingram, Director of Elections, Texas Secretary of State   **Tab 8**
    Cited Deposition Testimony
    Exhibit 6

---

[2] Deposition Exhibits 3 and 6 and LWV 669-70 filed under seal
[3] Deposition Exhibit 3 filed under seal

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DR. GEORGE RICHARDSON, ROSALIE WEISFELD, AUSTIN JUSTICE COALITION, COALITION OF TEXANS WITH DISABILITIES MOVE TEXAS CIVIC FUND, AND LEAGUE OF WOMEN VOTERS OF TEXAS, *Plaintiffs,* | § § § § § § § | |
| v. | § § | No. 5:19-cv-00963 |
| TEXAS SECRETARY OF STATE, TRUDY HANCOCK IN HER OFFICIAL CAPACITY AS BRAZOS COUNTY ELECTIONS ADMINISTRATOR, AND PERLA LARA IN HER OFFICIAL CAPACITY AS CITY OF MCALLEN, TEXAS SECRETARY, *Defendants.* | § § § § § § § | |

## DEFENDANT SECRETARY OF STATE'S MOTION FOR SUMMARY JUDGMENT

## Tab 1

## Dr. George Richardson

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DR. GEORGE RICHARDSON,        )
ROSALIE WEISFELD, AUSTIN      )
JUSTICE COALITION,            )
COALITION OF TEXANS WITH      )
DISABILITIES, MOVE TEXAS      )
CIVIC FUND, LEAGUE OF         )
WOMEN VOTERS OF TEXAS, and)
AMERICAN GI FORUM OF          )
TEXAS, INC.,                  )
     Plaintiffs,          )
                  )
vs.                           )   CASE NO. 5:19-cv-00963
                  )
TEXAS SECRETARY OF STATE,     )
TRUDY HANCOCK, IN HER         )
OFFICIAL CAPACITY AS          )
BRAZOS COUNTY ELECTIONS       )
ADMINISTRATOR, AND PERLA      )
LARA IN HER OFFICIAL          )
CAPACITY AS CITY OF           )
MCALLEN, TEXAS SECRETARY,     )
     Defendants.          )


ORAL AND VIDEO DEPOSITION

DR. GEORGE RICHARDSON

MAY 13, 2020

(REPORTED REMOTELY)

George Richardson - 5/13/2020

18

1    Q.   What are your expectations from this lawsuit?

2   What do you hope to get out of it?

3    A.   Well, I think the -- the -- the legal process

4   by which my ballot was rejected is -- is somewhat

5   capricious; and I -- I think it ought to be changed or

6   done away with.

7    Q.   And without revealing any legal advice that you

8   have received, how did you meet your attorneys in this

9   case?

10    A.   I called them on the phone.

11    Q.   Who did you call?

12    A.   The Texas Civil Rights Project.

13    Q.   And what prompted you to call the Texas Civil

14   Rights Project?

15    A.   My daughter told me to get in touch with them.

16    Q.   What's your daughter's name?

17    A.   Emily Richardson.

18    Q.   And do you know how your daughter Emily became

19   familiar with the Texas Civil Rights Project?

20    A.   Well, she's worked in government ever since she

21   graduated from college, both at the state level and the

22   national level.  So I imagine she accessed -- or heard

23   about them somewhere along the way during her work.

24    Q.   Fair enough.

25         All right.  So, Dr. Richardson, this

1    lawsuit is about voting by mail.   Other than voting by

2    mail, are you aware of any other options that are

3    available for casting a ballot in the state of Texas?

4       A.   Yes.

5       Q.   What are those?

6       A.   You can -- you can vote in person.

7       Q.   Anything else?

8       A.   I -- I guess I -- as an -- I'm not sure if an

9    absentee ballot is considered a ballot by mail or not,

10   but you can cast an absentee ballot.

11      Q.   Okay.  And are you aware of any other methods

12   for casting a ballot in Texas?

13      A.   No.

14      Q.   Okay.  And have you voted in person before?

15      A.   Yes.

16      Q.   This might be difficult; so if you can't give

17   me a firm answer, that's fine.  But do you have an

18   estimate of how many times you've done that in the state

19   of Texas?

20      A.   Well, I mean, I guess there's an election at

21   least every two years of some sort.  So -- and I -- I

22   don't think I've missed any.  And I started voting in

23   college.  Let's see, I'm 70 now.  And I think the legal

24   age -- was the legal age 18 back in the Sixties or

25   Seventies?

21

1    Q.   Okay.  And the last time -- do you remember the

2  last time you voted in person in the state of Texas?

3    A.   Yes.

4    Q.   When was that?

5    A.   It was in the primary -- let's see.  It's

6  been -- it's been in the past year.

7    Q.   Okay.  Do you remember the last time you voted

8  whether you had to do anything to verify that you were

9  Dr. George Richardson?

10    A.   You mean voting in person?

11    Q.   Yes.

12    A.   Yeah.  I had to show a -- a valid picture ID.

13    Q.   Do you recall a time when you voted in person

14  when you didn't have to provide a form of photo

15  identification?

16    A.   Yes.

17    Q.   And I'm talking specifically about in the state

18  of Texas.

19    A.   Yes.

20    Q.   And when was that?

21    A.   Well, I don't think I was required to show a --

22  a picture ID, a valid picture ID, until pretty recently.

23  I guess within the last three or four years.

24    Q.   Well, let me -- let me -- let me ask a slightly

25  different question, then.  Do you recall a time that you

Appx._005

1   voted in person when you didn't have to provide some

2   form of identification?

3       A.   Well, I'm not sure.  I mean, it -- for our

4   local election -- I mean, for our election here in

5   College Station, I just go down -- I used to just go

6   down there and they'd look up my address and I'd sign

7   the -- the form and vote.  I can't -- I don't -- I'm not

8   sure whether I showed them an ID or not.

9       Q.   Okay.  But you do recall signing a poll book?

10      A.   Yes.

11      Q.   Do you recall an occasion when you voted in

12  person in Texas when you didn't either have to show a

13  form of identification or provide a signature?

14      A.   No.

15      Q.   To your knowledge, have you ever had a ballot

16  that you cast rejected other than the 2018 general

17  election that's at issue in this case?

18      A.   No.

19      Q.   All right.  And so I think we already covered

20  this, but I just want to make sure I'm -- I'm crystal

21  clear.  Before the 2018 general election, had you ever

22  voted by mail before?

23      A.   I'm not sure.  I -- I may have -- I don't know.

24  I may have requested an absentee ballot when I lived out

25  of state and wasn't -- I don't think so.  I think I

1   it below the flap.  That's the only reason I recall it,

2   actually.

3      **Q.**   **Why did that stick out in your memory?**

4      A.   Well, I don't think I've ever signed anything

5   that way before.

6            (Exhibit 2 marked)

7      **Q.**   **(BY MS. MACKIN)  All right.  I'm sharing a**

8   **document with you that will be Exhibit 2 to this**

9   **deposition.  Please let me know if you're able to access**

10   **that file.**

11          MS. MACKIN:  And I'm noting that Eric

12   Magee mentions that the first exhibit did not come

13   through for him.

14          Eric, I'll be sure to get you a copy;

15   and -- and let me know if you have any trouble with this

16   exhibit that I've just shared.

17      A.   So this is Brazos 74 PDF?

18      **Q.**   **Yes.**

19      A.   Okay.  Okay.  Got it.

20      **Q.**   **All right.  Do you recognize this document,**

21   **Dr. Richardson?**

22      A.   I recognize my signature.

23      **Q.**   **Does this appear to be the ballot-by-mail**

24   **application that you submitted to Brazos county for**

25   **the --**

George Richardson - 5/13/2020

25

1      A.   Yes.

2      Q.   -- 2018 elections?

3      A.   Yes.

4      Q.   Okay.  And that is your signature on the line

5   that says "Signature"?

6      A.   Looks like it, yep.

7      Q.   Okay.  Underneath your signature, there's a

8   line of text.  Will you please read that into the

9   record.

10      A.   "Must be signed.  Do not print.  If you cannot

11   sign, make a mark and have witness fill out the box to

12   the right.  I certify the information given in this

13   application is true, and I understand that giving false

14   information in this application is a crime."

15      Q.   Thank you.

16           What was your understanding of what your

17   signature on this ballot-by-mail application would be

18   used for?

19      A.   Well, it -- it would attest that -- that I,

20   George Richardson, was requesting a mail-in ballot.

21      Q.   And do you --

22      A.   That was my understanding.

23      Q.   Do you recall when you received your mail-in

24   ballot?

25      A.   No.

26

1      Q.    Did it come from Brazos County?

2      A.    Yes.

3      Q.    And do you recall if anything was included

4  besides the ballot itself?

5      A.    Well, there's two -- there's two envelopes that

6  go with the mail-in ballot.  I recall that.

7      Q.    Okay.  A carrier envelope and a secrecy

8  envelope?  Does that sound right?

9      A.    Yeah.

10     Q.    Do you recall if there was anything else

11  included besides the ballot and those two envelopes?

12     A.    No.

13     Q.    Okay.  And we are done with Exhibit 2.

14              (Exhibit 3 marked)

15     Q.    (BY MS. MACKIN)  I'm going to share another

16  file which will be Exhibit 3.  Please let me know if

17  you're able to access that document.

18              MR. MIRZA:  I -- Anna, I don't think we --

19  I got the link.

20              MS. MACKIN:  Oh, I'm sorry.

21              MR. MIRZA:  Okay.

22              MS. MACKIN:  I don't know what is going on

23  with this today.  This has been working so well up until

24  now.

25              MR. MIRZA:  Yeah.

27

```
 1              MS. MACKIN:  Let me try again.

 2              Oh, shoot, I'm -- I know what the problem

 3  is.  I only sent it to Integrity.

 4              MR. MIRZA:  Oh, I see.

 5              MS. MACKIN:  That will do it.  They sent

 6  me a note to say they were e-mailing them to counsel who

 7  weren't able to access them, and then it was just

 8  automatically replying to Integrity.  So hopefully that

 9  should work.

10              MR. MIRZA:  Okay.  I received it.

11      A.   Okay.  Yeah, I've got it.

12      Q.   (BY MS. MACKIN)  Thank you.

13              Dr. Richardson, do you recognize the page

14  labeled "Brazos 72"?

15      A.   Yes.

16      Q.   And does that appear to be the carrier envelope

17  that you used to return your ballot to Brazos County for

18  the 2018 general election?

19      A.   Yes.

20      Q.   And is that your signature on the line that

21  says "Signature or Mark of Voter"?

22      A.   Yes.

23      Q.   And is that the signature that you were

24  speaking about that you recalled having to sign over the

25  flap?
```

1      A.   Yes, I think so.

2      Q.   And did you have an understanding of what that

3   signature would be used for?

4      A.   My understanding was that it -- it would be

5   used to attest -- I mean, it'd be like a sworn statement

6   that -- that this vote -- that this ballot belonged to

7   me or was coming from me.  That was my understanding.

8      Q.   Okay.  And moving on to the next page,

9   Brazos 73, there's a stamp on the carrier envelope that

10  says October 17th, 2018.  Now, I don't expect you to

11  necessarily remember exactly the date that you mailed in

12  your ballot; but does it seem reasonable that Brazos

13  County would have received your ballot on October 17th,

14  2018?

15     A.   Yes.

16     Q.   Okay.  That's all I have on that document.

17  Thank you, Dr. Richardson.

18                   (Exhibit 4 marked)

19     Q.   (BY MS. MACKIN)  I'm sending what will be

20  Exhibit 4 around in the chat box.  Please let me know

21  when you're able to pull up that document.

22     A.   Okay.  I've got it.

23     Q.   Okay.  And do you recognize this document?

24     A.   Yes.

25     Q.   What is it?

1      A.   It's a -- it's a notice of a rejected ballot.

2      Q.   And is this the Notice of Rejected Ballot that

3   you received from Brazos County related to the 2018

4   general election?

5      A.   Well, it's got my name on it; so I would assume

6   that it is.

7      Q.   So down at the bottom, there's a date on this

8   notice.   It was signed by an RW Davis on November 3rd,

9   2018.  Do you know --

10      A.   I see it.

11      Q.   Do you recall when you received this notice?

12      A.   Yeah.   It was after the election.

13      Q.   Do you know the date?

14      A.   No.

15      Q.   Other than this Notice of Rejected Ballot,

16   Exhibit 4, did you receive notice that your ballot had

17   been rejected in any other way?

18      A.   No.

19      Q.   And what did you do when you received

20   Exhibit 4?

21      A.   I wrote a letter to the -- to the local

22   newspaper.

23      Q.   And that would be The Eagle.  Is that right?

24      A.   That's right.

25      Q.   And when did you write that letter?  Do you

1      A.    That's right.

2      Q.    Do you know whether the Texas Secretary of

3  State's Office was involved in the decision to reject

4  your ballot?

5      A.    No.

6      Q.    Do you know how the individuals who evaluated

7  your ballot were selected?

8      A.    No.

9      Q.    Okay.  And that's all I have on that exhibit.

10                (Exhibit 5 marked)

11     Q.    (BY MS. MACKIN)  I'm going to share what will

12  be Exhibit 5 to this deposition.  Please let me know

13  when you're able to pull up that document.

14     A.    Yeah, I'm getting better at it.  Okay.  I got

15  it.

16     Q.    All right.  Do you recognize this document?

17     A.    No.

18     Q.    Okay.  So do you know if -- so across the top,

19  it says "Information About Returning Your Carrier

20  Envelope."

21     A.    Yes.

22     Q.    Do you -- do you recall whether or not this was

23  provided to you in any of the ballot-by-mail materials

24  that you received?

25     A.    No.

1    Q.   Okay.  Then I don't have anything else on

2  Exhibit 5.

3              Did you ever contact the Texas Secretary

4  of State's Office about the rejection of your ballot in

5  the 2018 general election?

6      A.   No.

7      Q.   And you mentioned that you voted recently in a

8  primary election, I believe this year.

9      A.   Well, yeah, I think it was this year.

10     Q.   Okay.  Did you review the complaint in this

11  lawsuit before it was filed?  And if -- if it's not

12  clear what I mean by "complaint," I'm happy to pull it

13  up and -- and show it to you and make it an exhibit, but

14  if you know --

15     A.   Yes, I did.

16     Q.   Okay.  How much time would you say you spent

17  reviewing the complaint before it was filed?

18     A.   I don't know.  I read the whole thing, though.

19     Q.   Rough estimate, how much time have you spent on

20  this lawsuit?

21     A.   Counting all the times this deposition has been

22  postponed?

23     Q.   Total time that you've spent on this lawsuit.

24     A.   Three or four hours.

25     Q.   Okay.  Do you know Rosalie Weisfeld?

George Richardson - 5/13/2020

38

1     A.   It's easy.  It's convenient.

2     Q.   **Will you take any steps to try to ensure that**

3  **your ballot is not rejected if you vote by mail in the**

4  **future?**

5          MR. MIRZA:  Objection, form.

6     A.   I don't think my ballot will be rejected in the

7  future.

8     Q.   (BY MS. MACKIN)  Why not?

9     A.   Because they'd recognize the name on the

10 ballot.

11    Q.   Who is "they"?

12    A.   The people that -- the election judges.

13    Q.   And why is that significant?

14    A.   Because I'm suing the Secretary of State now.

15    Q.   And so why do you think that suing the

16 Secretary of State will prevent Brazos County from

17 rejecting your ballot in the future?

18    A.   Well, they've rejected it in the past; and I

19 think that if they could take it back, they would.  But

20 I don't think they'll reject it again.

21    Q.   All right.  Fair enough.

22          (Exhibit 7 marked)

23    Q.   (BY MS. MACKIN)  One more document for you.

24 Please let me know when you're able to access the

25 document I've just shared, which will be Exhibit 7 to

```
 1  STATE OF TEXAS
    COUNTY OF MONTGOMERY
 2                  REPORTER'S CERTIFICATE

 3      I, Dana Richardson, a Certified Shorthand Reporter

 4  in and for the State of Texas, do certify that this

 5  deposition transcript is a true record of the testimony

 6  given by the witness named herein, after said witness

 7  was duly sworn by me.  The witness was requested to

 8  review the deposition.

 9      I further certify that I am neither attorney or

10  counsel for, related to, nor employed by any parties to

11  the action in which this testimony is taken and,

12  further, that I am not a relative or employee of any

13  counsel employed by the parties hereto or financially

14  interested in the action.

15      I further certify that the amount of time used by
    each party at the deposition is as follows:
16
            Ms. Anne Marie Mackin - 01:03
17          Mr. Hani Mirza - 00:01
            Mr. Eric Magee - 00:11
18          Mr. Isaac J. Tawil - 00:01

19      SUBSCRIBED AND SWORN TO under my hand and seal of
    office on this the 26th day of May, 2020.
20

21  _____

22          Dana Richardson, RPR, TX CSR 5386
            Expiration:  01/31/22
23          Integrity Legal Support Solutions, CFR 528
            PO Box 245
24          Manchaca, Texas 78652
            (512) 320-8690
25          (512) 320-8692 (fax)
```

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

DR. GEORGE RICHARDSON, ROSALIE          §
WEISFELD, AUSTIN JUSTICE COALITION,     §
COALITION OF TEXANS WITH                §
DISABILITIES, MOVE TEXAS CIVIC FUND,    §
LEAGUE OF WOMEN VOTERS OF TEXAS,        §
and AMERICAN GI FORUM OF TEXAS,         §
INC.,                                   §
    *Plaintiffs,*                      §
                                        §
v.                                      §    No. 5:19-cv-00963
                                        §
TEXAS SECRETARY OF STATE, TRUDY         §
HANCOCK, IN HER OFFICIAL CAPACITY       §
AS BRAZOS COUNTY ELECTIONS              §
ADMINISTRATOR, AND PERLA LARA IN        §
HER OFFICIAL CAPACITY AS CITY OF        §
MCALLEN, TEXAS SECRETARY,               §
    *Defendants.*                     §

### DEFENDANT SECRETARY OF STATE'S FIRST AMENDED NOTICE OF ORAL DEPOSITION OF DR. GEORGE RICHARDSON

TO:    Dr. George Richardson, by and through his attorneys of record, Hani Mirza, Zachary D. Dolling, Beth Stevens and Ryan Cox, Texas Civil Rights Project, 1405 Montopolis Drive, Austin, Texas 78741; and Joanna Suriani, Willkie Farr & Gallagher LLP, 1875 K Street, N.W., Washington, DC 20006.

Defendant Texas Secretary of State hereby notices the deposition upon oral examination of Dr. George Richardson beginning at **10:00 AM** on **May 13, 2020** and continuing from day to day until complete. The deposition will be held virtually via Zoom videoconference and will be transcribed and videotaped by a certified court reporter designated by Defendant. Defendant reserves the right to use the deposition

1



for any purpose permitted under the Federal Rules of Civil Procedure or Federal Rules of Evidence.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief for General Litigation Division

*/s/ Anne Marie Mackin*
ANNE MARIE MACKIN
Texas Bar No. 24078898
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2798 | FAX: (512) 320-0667
anna.mackin@oag.texas.gov

**ATTORNEYS FOR DEFENDANT
TEXAS SECRETARY OF STATE**

Appx._018

## CERTIFICATE OF SERVICE

I certify that that on May 6, 2020 this notice was served upon counsel listed below via email.

**Hani Mirza**
hani@texascivilrightsproject.org

**Zachary D. Dolling**
zachary@texascivilrightsproject.org

**Rebecca Harrison Stevens**
beth@texascivilrightsproject.org

**Ryan V. Cox**
ryan@texascivilrightsproject.org

**Samuel Kalar**
skalar@willkie.com

**Joanna Suriani**
jsuriani@willkie.com

**Eric Magee**
e.magee@allison-bass.com

**Isaac J. Tawil**
itawil@mcallen.net

**Austin Stevenson**
astevenson@mcallen.net

**C. Robert Heath**
bheath@bickerstaff.com

**Gunnar P. Seaquist**
gseaquist@bickerstaff.com

*/s/Anne Marie Mackin*
ANNE MARIE MACKIN
Assistant Attorney General

3

# Ballot By Mail Request Form

Registration Address
George Adams Richardson
4070 Sweetwater Dr
College Station, TX 77845

**OFFICE USE ONLY**
Voter ID 040885456
Precinct 2



1040885456

I am over 65 years of age and requesting an **Annual Ballot By Mail** to receive a ballot for all elections in 2018, including any **Democratic Party** elections, local elections, and the November 2018 General Election. Mail my ballots to the address indicated above (unless noted otherwise below)

**SIGNATURE(FIRMA)** _Ing. Relat_

*Must be signed. Do not print. If you cannot sign, make a mark and have witness fill out the box to the right.*

I certify that the information given in this application is true, and I understand that giving false information in this application is a crime.

If you are not able to receive ballots at the address where you are registered to vote, the ballot may be mailed to an alternate address. This address may only be one of the following. Check which address you are using:

☐ A hospital, nursing home, retirement center or other long-term care facility.
☐ The address of a person related to applicant. Relationship: _____
☐ Mailing Address listed on applicant's voter registration card.

Mailing Address
George Richardson
4070 Sweetwater Dr
College Station, TX 77845

Address where ballot
should be sent, if different:

_____

_____

_____

**FOR WITNESS (Only if Applicant Cannot Sign):**
If applicant is unable to make mark,
Witness shall check here: ☐
Witness Name _____
Witness Address _____
_____

Relationship to Applicant *(Check One)*
☐ spouse ☐ child ☐ reside at same address as applicant
☐ other: _____
Witness Signature _____
Date _____

If you are unable to sign your name (due to a physical disability or illiteracy), the application may be signed for you by a Witness. You must affix your mark to the application or, if you are unable to make a mark, then the Witness must sign and provide his or her printed name and residence address. Unless the Witness is a close relative of the voter (parent, grandparent, spouse, child or sibling), it is a Class B misdemeanor for a person to witness more than one application in a calendar year.

**Exhibit**
**Dr. George Richardson**
**2**
5/13/20 DR
exhibitsticker.com

**Instructions:** This envelope must be sealed and signed by the voter before it leaves the voter's hands. Fold and sign it if it has been marked by you or at your direction. This carrier envelope may not be used to return more than one voter's ballot. **For instructions on the methods and deadlines to deliver this carrier envelope, see the "Information About Returning your Carrier Envelope," included with the materials sent to you with your ballot. (Instrucciones al Votante:** Selle este sobre y después firme su nombre en el espacio proporcionado abajo. Este sobre debe de ser sellado y firmado por el votante antes de que el votante lo entregue. No firme este sobre a menos de que la boleta haya sido llenada por usted o bajo su dirección. Este sobre de envío no debe ser utilizado para entregar la boleta de más de un solo votante. **Para obtener instrucciones sobre los métodos y plazos para entregar este sobre de envío, vea la "Información Sobre Cómo Devolver su Sobre de Envío," incluido con los materiales enviados a usted con su boleta.**

I certify that the enclosed ballot expresses my wishes independent of any dictation or undue persuasion by any person. (Certifico que la boleta adjunta expresa mis deseos independientemente de ningún dictado o persuasión indebida por parte de cualquier persona.)

X _George A. Richardson_

SEAL ENVELOPE AND SIGN OVER SEALED FLAP
(SELLE EL SOBRE Y FIRME ENCIMA DE SOLAPA DEL SOBRE)

**SIGNATURE OR MARK OF VOTER (FIRMA O MARCA DEL VOTANTE)**

**Instructions to Assistant:** A voter may only be assisted with reading or marking the ballot if they have a physical disability that renders them unable to write or see, or have an inability to read the language in which the ballot is written. If you are assisting the voter, you must read the oath and complete the section below, before assisting the voter. **(Instrucciones al Asistente:** Un votante puede recibir ayuda para leer o llenar la boleta solamente si el votante tiene una discapacidad física la cual le impide escribir o ver, o si no tiene la habilidad de leer el lenguaje en el cual la boleta está escrita. Si usted le proporcionará ayuda a un votante, usted debe leer el juramento y llenar la siguiente sección abajo, antes de asistir al votante.)

**Oath of Person Assisting Voter:** I swear (or affirm) that I will not suggest, by word, sign, or gesture, how the voter should vote; I will confine my assistance to answering the voter's questions, to stating propositions on the ballot, and to naming candidates and, if listed, their political parties; I will prepare the voter's ballot as the voter directs; and I am not the voter's employer, an agent of the voter's employer, or an officer or agent of a labor union to which the voter belongs. **(Juramento de la Persona Asistiendo al Votante:** Juro (o afirmo) que no sugeriré con palabras, señales, o gestos, la manera en la cual el votante debe votar; limitaré mi asistencia a responder las preguntas del votante, leer propuestas en la boleta, nombrar a los candidatos, y si es mencionado, su partido político; prepararé la boleta del votante de acuerdo a sus instrucciones; y yo no soy el empleador del votante, un agente del empleador del votante, o un oficial o agente de un sindicato al cual el votante pertenece.)

**Instructions to Witness:** You are serving as a witness for _____(name of voter). You must complete the section below if you witness the mark of the voter, or if the voter cannot make a mark. If the voter cannot make a mark, check here ____. **(Instrucciones al Testigo:** Usted está fungiendo como testigo para _____ (nombre del votante). Usted debe llenar la siguiente sección abajo si usted fue testigo de que el votante firmó, o de que el votante no puede firmar. Si el votante no puede firmar, marque sus iniciales aquí ____.)

**Instructions to Person Depositing Carrier Envelope in Mail or to Common or Contract Carrier:** If you are assisting a voter by depositing the carrier envelope in the mail or with a common or contract carrier, you must complete the section below. **(Instrucciones a la Persona Quien Deposite el Sobre de Envío en el Correo o Entregue al Transportista Público o Comercial:** Si usted asistirá al votante a depositar el sobre de envío en el correo o con un transportista público o comercial, usted debe llenar la sección que aparece abajo.)

If you are an assistant or witness, check the appropriate box below and provide information: (Si usted es un asistente o testigo, marque la casilla correcta y proporcione su información):

☐ Assistant/Asistente
☐ Witness/Testigo

| Signature (Firma) | Printed Name (Nombre impreso) | Street Address (Domicilio residencial) |

☐ Assistant/Asistente

| Printed Name (Nombre impreso) | Street Address (Domicilio residencial) |

1040885456 (BS11)
SOS3373120    2
RICHARDSON, GEORGE ADAMS
4070 SWEETWATER DR
COLLEGE STATION, TX 77845

Nombre de Elección: _____

Date of Election (Fecha de Elección): ___ / ___ /

BRAZOS - 000072
Appx._021

**Exhibit**
**Dr. George Richardson**

**3**

5/13/20 DR

exhibitsticker.com





**WARNING:** (1) Knowingly possessing another person's ballot or carrier envelope may be a crime unless you provide your signature, printed name and address. (2) A person commits an offense if the person compensates another person or receives compensation for depositing a carrier envelope in the mail as part of a scheme in which the person is compensated based on the number of carrier envelopes deposited.

**ADVERTENCIA:** (1) El acto de poseer conscientemente la boleta electoral o el sobre oficial de otra persona puede ser un delito a menos de que usted proporcione su firma, nombre impreso, y su dirección. (2) Una persona comete un delito si recompensa o recibe compensación a cambio de depositar el sobre oficial en el correo como parte de un plan en el cual la persona es recompensada en base al número de sobres oficiales depositados.

**CARRIER ENVELOPE FOR EARLY VOTING BALLOT**
*(SOBRE OFICIAL PARA ENVIO DE BOLETA DE VOTACIÓN TEMPRANA)*

**TO *(A)*:**     Early Voting Clerk

300 E. Wm J Bryan Pkwy, Suite 100

Bryan, TX 77803



5-22 – Prescribed by Secretary of State – 12/15
Section 86.013, Texas Election Code

77803-537125

BRAZOS_000073

Appx._022

AW5-42
Prescribed by Secretary of State
Sec. 87.0431, Texas Election Code
3/07

## NOTICE OF REJECTED BALLOT

This is to serve as notice that your ballot for the _General 2018_ Election was rejected by the early voting ballot board and was not counted.

Name of Voter _George Adams Richardson_
VUID Number _1040885456_

Reason for Rejection: (Check As Appropriate)

_____  1)   Certificate on carrier envelope was not properly executed.
     _____ You failed to sign your signature or make your mark.
     _____ The witness failed to indicate on the envelope that you could not make a mark.
     _____ The assistant or witness failed to print their name.
     _____ The assistant or witness failed to sign their name.
     _____ The residence address of the assistant or witness was not given.

___✓___  2)   It was determined that the signature on the application for ballot by mail and carrier envelope was not signed by the same person.

_____  3)   Application for ballot by mail did not state a legal ground for voting by mail.

_____  4)   Voter registration records indicated you did not have an effective registration for this election.

_____  5)   Address to which ballot was mailed was not outside the county.  Voting early by mail due to expected absence from the county requires balloting materials be mailed to an address outside the county.

_____  6)   The residence address on the statement of residence is not located in the political subdivision conducting the election.

_____  7)   The mailing address on the application for ballot by mail did not match your voter registration address nor did the mailing address match any addresses provided on your statement of residence.  Since you did not indicate on your application for a ballot by mail that you were having your ballot mailed to a hospital, retirement center, long term care facility, nursing home, jail, or a relative, your ballot was rejected.

_____  8)   The statement of residence was not included in the carrier envelope.

_____  9)   No identification was included with your mail ballot.

_____  10)  Other:

_____

_____
Signature of Early Voting Ballot Board Judge

_11/3/2018____
Date

**Exhibit**
**Dr. George Richardson**
**4**
5/13/20  DR

BRAZOS - 000075
Appx._023

5-22b
Prescribed by Secretary of State
Section 86.013, Texas Election
Code 01/18

173701



**INFORMATION ABOUT RETURNING YOUR CARRIER ENVELOPE**
(For voters voting by mail due to submitting an ABBM)

<u>**Signing and Sealing the Carrier Envelope**</u>

After placing your marked ballot (sealed inside the ballot envelope), you must seal your carrier envelope before signing your name **across the flap of the sealed envelope**, next to the large "X" on the carrier envelope. If you cannot sign your name, you must have a person witness your mark. If you cannot make a mark, the witness must indicate this in the witness section. **If a person (assistant) helps you in marking your ballot or deposits your carrier envelope in the mail or delivers it to a common or contract carrier, that person must sign your carrier envelope, including the written oath that is part of the certificate on your carrier envelope, and include their printed name and residence address.** Failure of the assistant to provide this information is a crime unless the person is one of certain close relatives of the voter or physically living in the same dwelling, and may result in your ballot being rejected. For additional information on assistance procedures, please see the "Dear Voter" letter included with your balloting materials.

<u>**How Do I deliver my Signed and sealed Carrier Envelope containing my marked ballot to the Early Voting Clerk?**</u>

By Mail through the United States Postal Service;

By Common or Contract Carrier (e.g., a mail or courier service provided by a private business, not the U.S. Postal Service). For more information on this delivery method, see "Special Rules for Delivery by Common and Contract Carriers," below.); OR

In person by the voter on Election Day, at the early voting clerk's office. Note that a voter may only hand-deliver his or her **own** carrier envelope and not the carrier envelope for another individual, can only make such a hand delivery on Election Day, and must deliver the carrier envelope to the early voting clerk's office. The voter will be asked to present an acceptable form of photo ID listed in Section 63.0101(a) of the Texas Election Code. If the voter does not possess and cannot reasonably obtain an acceptable form of photo ID, the voter can execute a Reasonable Impediment Declaration and provide a supporting form of identification listed in Section 63.0101(b) of the Texas Election Code. Also, if the voter has a Voter Registration Certificate containing the Disability Exemption (E) notation, the voter may present it. The voter will also be asked to sign a signature roster.

**The carrier envelope may not be used to return more than one voter's ballot. However, more than one carrier envelope may be placed together in another envelope if the additional carrier envelope(s) belong to a person registered to vote at the same address. (§ 86.006(b), Texas Election Code). A carrier envelope may not be collected and stored at another location for subsequent delivery to the early voting clerk. It is a criminal offense for someone to knowingly possesses an official ballot or official carrier envelope provided under this code of another individual without completing the assistant portion of the carrier envelope, unless the person is one of certain close relatives of the voter, physically living in the same dwelling, an early voting or deputy early voting clerk, or a U.S. Postal service or other delivery service employee working in the normal course of their job. It is also a criminal offense to be compensated for depositing carrier envelopes containing ballots voted by other persons (§ 86.0052, Texas Election Code). IF YOUR BALLOT IS RETURNED BY AN UNAUTHORIZED METHOD, IT WILL NOT BE COUNTED.**

<u>**What is the Deadline for me to return my Ballot by Mail?**</u>

A ballot that is mailed or delivered by common or contract carrier <u>but does not have a postmark or delivery receipt</u> must be received by the early voting clerk **by 7:00 pm on Election Day**.

A ballot that is mailed or delivered by mail or common or contract carrier from <u>within the United States</u> and is postmarked or accompanied by a delivery receipt showing the voter submitted the ballot for delivery by 7:00 pm on Election Day must arrive by **5:00 pm on the next business day after Election Day**.

A ballot that is hand delivered must be received by the early voting clerk **by 7:00 pm on Election Day**.

A ballot that is mailed from <u>overseas</u> and is postmarked or accompanied by a delivery receipt showing the voter submitted the ballot for delivery by 7:00 pm on Election Day must arrive by **5:00 pm on the 5th day after Election Day** (or the next business day after the 5th day after Election Day, if the 5th day falls on a weekend or holiday).

**SPECIAL RULES for Delivery by COMMON AND CONTRACT CARRIERS (§§ 81.005 and 86.006, Texas Election Code)**

1.      If you use a common or contract carrier to return your ballot, the carrier must be a business whose primary service is transporting or delivering items.
2.      If you return your carrier envelope by common or contract carrier, your carrier envelope must be accompanied by a delivery receipt when delivered to the early voting clerk. The receipt must indicate the name and address of the person who delivered the carrier envelope to the common or contract carrier, and the date, hour, and address where the carrier envelope was received by the common or contract carrier.
3.      Your ballot will <u>not</u> be counted if it is picked up by a common or contract carrier at an office of a political party or candidate in the election, office for a specific-purpose or general purpose political committee involved in the election, an entity that requested the election be held (unless the delivery is a forwarding to the early voting clerk), or a candidate's house unless the address of the candidate is your address.

If you have any questions about returning your carrier envelope, please contact the early voting clerk's office at
(_____)_____.

If you feel that your voting rights have been violated or abused, you may report these incidents to the Secretary of State toll-free at 1-800-252-VOTE(8683) or elections@sos.texas.gov.

A4 | The Eagle • theeagle.com | Monday, November 19, 2018

# Opinions

## EDITORIAL BOARD

CRYSTAL DUPRÉ, Publisher
DARREN BENSON, Editor
ROBERT C. BORDEN, Opinions editor

letters@theeagle.com

**QUOTE OF THE DAY**

"I have the strong hope that people will understand that we are born in the same way and we have the same rights as everyone else."
— Singer-songwriter and albino activist Salif Keita, who assembled an international forum on protecting albino people in Africa and dedicated a benefit concert to a 5-year-old albino girl who was kidnapped, tortured and killed in Mali in May.

## LETTERS TO THE EDITOR

### Feeling cheated out of his vote after ballot was rejected

I voted early by mail in the midterm election because I am older than 65 and have access to this convenience because of my age.

I received a "notice of rejected ballot" because "it was determined that the signature on the application for ballot by mail and the carrier envelope was not signed by the same person."

Who else do they think would have signed it besides me? Are the early voting ballot judges handwriting experts? My handwriting is very poor to the extent that my signatures almost never look the same. But, I might also add that I am a physician, and in 40 years, I have never had a prescription rejected because the pharmacist thought the signature was fraudulent.

I don't know whether this is a form of voter suppression, but I do know one thing: In the future I will never vote by mail again, and will vote only on the day of the election.

I feel like I have been cheated out of my vote.

**GEORGE RICHARDSON**
College Station

### Thanks to all those who work to create forever families

I was very glad to see the media attention given to Brazos County Adoption Day. It hopefully will serve as an inspiration to others to consider becoming forever parents for children in the foster care system.

I was glad I could participate as an attorney for four adopting families. The real unsung heroes, however, are the CASA — Court Appointed Special Advocate — volunteers and the caseworkers with the Texas Department of Families and Protective Services who work very hard with the children and prospective adoptive families to make so many forever families a reality. It can be a very stressful job, especially during the long process of first trying to rehabilitate biological parents and, if that fails, having to terminate parental rights and transition the children into the foster-to-adopt process.

If you know any of these unsung heroes, take time to thank them for their service to children.

**C. DAVID STASNY**
Bryan

## LETTERS

• Email to letters@theeagle.com or mail to The Eagle, P.O. Box 3000, Bryan, TX 77805-3000.


FISHING SEASON OPENS
michaelpramirez.com

## Which voters should be the GOP priority?

Disappointed after the midterm elections, Republicans are trying to decide which voters should be the party's top priority.

In recent elections, they have been losing votes from white college graduates, often in the suburbs, while gaining votes from whites without college degrees. Should Republicans go further down the road of working-class populism, perhaps trying to expand its appeal beyond white voters? Or should they try to reverse their losses among suburban moderates?

Eric Cantor, a Republican and former House majority leader, puts his emphasis on winning back the college-educated voters, especially women, who have recently defected. He recommends that his party push to make paid maternity leave more available and child care more affordable to appeal to these voters. The conservative po-


RAMESH PONNURU

litical analysts Henry Olsen and Reihan Salam, however, argue that Republicans would be better off trying to build on their gains among working-class voters, especially those who went from supporting Barack Obama in 2012 to supporting Donald Trump in 2016, via policies such as wage subsidies and immigration control. These voters have not all shifted to the GOP in down-ballot races. Whether they will stay Republican in 2020, or when Trump is no longer on the ballot, is an open question.

Olsen and Salam both say, however, that the party ideally would win over more voters of both types. It's that point I'll emphasize here: Republicans should not think of this strategic choice as a stark one.

It may, for one thing, be possible to promote policies that make Republicans more appealing to both groups. Cantor pitches his ideas for helping parents as a way to regain the support of suburban moderates. But paid leave may be even more appealing to working-class voters.

A Republican pitch to the working class that addresses this kind of economic concern also might allow the party to pull back a little from the we're-real-Americans-and-you're-not cultural messaging that

alienates many college-educated voters. (Salam and I made this point during an earlier round of arguments about Republican strategy.)

Parties that are on the upswing typically make gains that are diffused, albeit unevenly, among many demographic groups. After Mitt Romney lost the presidential election in 2012, many Republicans concluded that to win the next time they would have to do markedly better among Hispanics, getting 40 percent of their votes. Others wondered whether Republicans could win just by boosting their share of the white vote.

Republicans didn't come close to getting 40 percent of Hispanics in 2016. But they slightly improved their percentage of the two-party vote among Hispanics — and among whites, Asians and African Americans. Those gains, and their geographic distribution, were enough to deliver them the White House.

If Republicans do better in 2020 than they did this fall, it probably will be be-

cause they improve their performance a bit among both Romney-Clinton and Obama-Trump voters (although if I had to bet, I would expect a bit more improvement in the second group). If Republicans don't improve on both fronts, on the other hand, they are unlikely to win a governing majority.

A coalition that includes the suburban defectors, the new populists and traditional conservatives would require constant tending by Republican leaders in the best of circumstances. Whether the party's current leadership is suited to building and maintaining it is also, at best, an open question.

Which brings us to another reason Republicans should not put too much of their mental energy into figuring out whether to target voters with or without college degrees. Whatever individual Republicans want, the party's strategy over at least the next two years largely will consist of whatever the president chooses to do and say — and that series of choices is going to be guided more by who he is and what he wants than by any grand theory of the electorate.

• Ramesh Ponnuru is a Bloomberg Opinion columnist. He is a senior editor at National Review, visiting fellow at the American Enterprise Institute and contributor to CBS News.



## How your U.S. lawmakers voted

Y – Voted yes
N – Voted no
O – Did not vote

### BRAZOS VALLEY Tally
By Thomas Voting Reports, Inc.

For the week ending Nov. 16

| | Rep. Kevin Brady (R-8) | Rep. Michael McCaul (R-10) | Rep. Bill Flores (R-17) | Sen. John Cornyn (R-TX) | Sen. Ted Cruz (R) | |
|---|---|---|---|---|---|---|
| O | Y | Y | Y | | | **Gray Wolves, Endangered Species:** The House passed, 196-180, a bill (HR 6784) requiring the U.S. Fish and Wildlife Service to remove gray wolves from Endangered Species Act protection, prohibit judicial review of the action and transfer authority for managing the wolves to the states. |
| Y | Y | Y | Y | | | **U.S. Role in Yemen:** The House adopted, 201-187, a rule for debating HR 6784 (above). The rule drew Democratic foes because it barred debate on a separate measure (H Con Res 138) requiring U.S. military actions in Yemen to receive congressional approval under the War Powers Act. |
| | | | | Y | Y | **Arms to Bahrain, War in Yemen:** The Senate tabled, 77-21, a measure (SJ Res 65) that would block the planned sale of $300 million in U.S. missiles and rocket launchers to Bahrain, which has joined Saudi Arabia in waging war in Yemen. A yes vote was in support of the arms deal. |
| | | | | Y | Y | **Coast Guard, Invasive Species:** The Senate passed, 94-6, a bill (S 140) that would authorize $20.7 billion for the Coast Guard over two years and take steps to combat the problem of vessels discharging ballast water containing invasive species into the Great Lakes and at ocean ports. |
| | | | | Y | Y | **Michelle Bowman, Fed Governor:** Voting 64-34, the Senate confirmed Michelle Bowman to the Federal Reserve System board of governors. She had been the top banking regulator in Kansas and a community bank executive there. Five of the Fed's seven board seats are now filled. |

**KEY VOTES AHEAD**
• Congress is in recess until the week of Nov. 26.

©2018 Voterama in Congress   www.voterama.biz

## TODAY IN HISTORY

*Associated Press*

Today is Monday, Nov. 19, the 323rd day of 2018. There are 42 days left in the year.

**Today's Highlight**

On Nov. 19, 1863, President Abraham Lincoln dedicated a national cemetery at the site of the Civil War battlefield of Gettysburg in Pennsylvania.

**On this date**

In 1831, the 20th president of the United States, James Garfield, was born in Orange Township, Ohio.

In 1919, the Senate rejected the Treaty of Versailles by a vote of 55 in favor, 39 against, short of the two-thirds majority needed for ratification.

In 1942, during World War II, Russian forces launched their winter offensive against the German army along the Don front.

In 1959, Ford Motor Co. announced it was halting production of the unpopular Edsel.

In 1969, Apollo 12 astronauts Charles Conrad and Alan Bean made the second manned landing on the moon.

In 1977, Egyptian President Anwar Sadat became the first Arab leader to visit Israel.

In 1985, President Ronald Reagan and Soviet leader Mikhail S. Gorbachev met for the first time as they began their summit in Geneva.

In 1990, the pop duo Milli Vanilli was stripped of its Grammy Award because other singers had lent their voices to the *Girl You Know It's True* album.

In 1995, Polish President Lech Walesa was defeated in his bid for re-election.

In 1997, Iowa seamstress Bobbi McCaughey gave birth to the world's first set of surviving septuplets, four boys and three girls.

In 2004, in one of the worst brawls in U.S. sports history, Ron Artest and Stephen Jackson of the Indiana Pacers charged into the stands

and fought with Detroit Pistons fans, forcing officials to end the Pacers' 97-82 win with 45.9 seconds left.

In 2007, Amazon.com released its first Kindle e-book reader.

**Ten years ago**

Al-Qaida's No. 2, Ayman al-Zawahri, slurred Barack Obama as a black American who does the bidding of whites in a new Web message intended to dent the president-elect's popularity among Arabs and Muslims. The Dow Jones industrial average closed under 8,000 at 7,997.28 — the lowest close since March 2003. Drama and dance critic Clive Barnes died in New York at age 81.

**Five years ago**

Suicide bombers struck the Iranian Embassy in Beirut, killing 23 people, including a diplomat, and injuring more than 140 others. Virginia state Sen. Creigh Deeds was attacked and stabbed multiple times by his mentally ill adult son, Gus Deeds, who then took his own life. Diane Disney Miller, 79, daughter of Walt Disney and one of his inspirations for building the Disneyland theme park, died in Napa, California. The Disney animated feature *Frozen* had its Hollywood premiere.

**One year ago**

Charles Manson, the hippie cult leader behind the gruesome murders of actress Sharon Tate and six others in Los Angeles in 1969, died in a California hospital at the age of 83 after nearly a half-century in prison. Longtime country music star Mel Tillis died in Florida at the age of 85. Actress and singer Della Reese died at 86 in her Los Angeles area home.

**Thought for Today**

"The misfortunes hardest to bear are those which never came."

— Christopher Morley, American author and journalist (1890-1957)

**Exhibit**
**Dr. George Richardson**

**6**

5/13/20  DR

AW8-3
Prescribed by Secretary of State
Section 32.094, Texas Election
Code     3/07

**For primary only: "√" Check next to judge/clerk's name if they attended a training program as prescribed by the Secretary of State.**

"I swear (or affirm) that I will not in any manner request or seek to persuade or induce any voter to vote for or against any candidate or measure to be voted on, and that I will faithfully perform my duty as an officer of the election and guard the purity of the election; I swear (or affirm) that I will not suggest by word, sign or gesture, how the voter should vote; I will confine my assistance to answering the voter's questions, to stating the propositions on the ballot, and to naming candidates and, if listed, their political parties; and I will prepare the voter's ballot as the voter directs."

## STATEMENT OF COMPENSATION And OATHS

| Pct. No. | Authority Conducting Election | Date | Type of Election |
|---|---|---|---|
| MBB | Brazos County | 11-3-18 | General |

| √ | Name of Election Official (Please Print Legibly) | Complete Address (Include City, Zip) | Social Security Number | Signature | Hours Worked From | To | Total Hours | X Rate of Pay | = Amount |
|---|---|---|---|---|---|---|---|---|---|
| | Shirley Dupriest | 400 Fairview | | Shirley Priest | 8 | 2 | | | $8.50 |
| | Fred E. Dupriest | CS TX 77840 | | Fred Dupriest | 72 | 72 | | | |
| | Fred E. Dupriest | 400 Fairview | | | | | | | |
| | | CS TX 77840 | | Fred Dupriest | 8 | 2 | | | |
| | Susan Stevenson | 3506 Wakefield | | Susan Steven | 8 | 3 | | | |
| | | Bryan TX 77808 | | | | | | | |
| | Doris Milam | 1317 Wilshire CT CS 77845 | | Doris Milam | 8:00 | 3:00 | | | |
| | | College Stat TX 77845 | | | | | | | |
| | Steve Milam | " | | Steve Milam | 8:00 | 3:00 | | | |
| | | " TX | | | | | | | |

Name of Person/Persons who Delivered Election Supplies (Do Not Include Above)

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | TX | - | | | | | | |
| | | TX | - | | | | | | |

I state that the above is a true and correct statement of the names, addresses and hours served of all the election officials conducting the above named election and of the other expenses incurred in this election.

R.W. Davis

Presiding Judge

Amount of Compensation to be allocated to each person who delivered supplies ...............

Other Expenses (describe).........................................................................

Total

Exhibit
Dr. George Richardson
7
5/13/20 DR

BRAZOS - 000059
Appx._026

**For primary only:** "√" Check next to judge/clerk's name if they attended a training program as prescribed by the Secretary of State.

"I swear (or affirm) that I will not in any manner request or seek to persuade or induce any voter to vote for or against any candidate or measure to be voted on, and that I will faithfully perform my duty as an officer of the election and guard the purity of the election; I swear (or affirm) that I will not suggest by word, sign or gesture, how the voter should vote; I will confine my assistance to answering the voter's questions, to stating the propositions on the ballot, and to naming candidates and, if listed, their political parties; and I will prepare the voter's ballot as the voter directs."

## STATEMENT OF COMPENSATION And OATHS

| Pct. No. | Authority Conducting Election | Date | Type of Election |
|---|---|---|---|
| MBB | Brazos Co | 11/3/2018 | General 2018 |

| √ | Name of Election Official (Please Print Legibly) | Complete Address (Include City, Zip) | Social Security Number | Signature | Hours Worked From | To | Total Hours | X | Rate of Pay = | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| | Cathy Cordova | 2106 Wilkes St Bryan 77803 TX | ▉ | C. Cordova | 8:00 | 11:08 | | | | $8.50 |
| | Erin Hill | 4002 Tanglewood Dr Bryan TX 77802 | ▉ | Erin Hill | 8:00 | 12:00 | | | | |
| | Sherry Garland | 3100 Rolling Glen Bryan TX 77807 | ▉ | Sherry Garland | 8:00 | 1:20 | | | | |
| | Clyde Garland | 3100 Rolling Glen Bryan TX 77807 | ▉ | Clyde L Garland | 8:00 | 1:20 | | | | |
| | | | | | 8:00 | 1:20 | | | | |
| | Rhys M. Blavier | 1205 Ashburn Ave Coll. Sta. TX 77840 | ▉ | Rhys Blavier | 8:00 | 1:20 | | | | |

Name of Person/Persons who Delivered Election Supplies (Do Not Include Above)

| | | - - | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | TX | | | | | | | | |
| | | - - | | | | | | | |
| | TX | | | | | | | | |

I state that the above is a true and correct statement of the names, addresses and hours served of all the election officials conducting the above named election and of the other expenses incurred in this election.

Amount of Compensation to be allocated to each person who delivered supplies .................

Other Expenses (describe).........................................................................................

Total

_Presiding Judge_

AW8-3
Prescribed by Secretary of State
Section 32.094, Texas Election
Code    3/07

**For primary only:** "√" Check next to judge/clerk's name if they attended a training program as prescribed by the Secretary of State.

"I swear (or affirm) that I will not in any manner request or seek to persuade or induce any voter to vote for or against any candidate or measure to be voted on, and that I will faithfully perform my duty as an officer of the election and guard the purity of the election; I swear (or affirm) that I will not suggest by word, sign or gesture, how the voter should vote; I will confine my assistance to answering the voter's questions, to stating the propositions on the ballot, and to naming candidates and, if listed, their political parties; and I will prepare the voter's ballot as the voter directs."

## STATEMENT OF COMPENSATION
## And OATHS

| Pct. No. | Authority Conducting Election | Date | Type of Election |
|---|---|---|---|
| MBB | Brazos City | 11/3/2018 | General 2018 |

| √ | Name of Election Official (Please Print Legibly) | Complete Address (Include City, Zip) | Social Security Number | Signature | Hours Worked From | To | Total Hours X | Rate of Pay = | Amount |
|---|---|---|---|---|---|---|---|---|---|
| | TC Langford | 4313 Milam Bryan TX TX 7803 | ▉ | DL | 8am | 1:20 | | | $8.50 |
| | Oleta E. Shaw | 2805 Brothers Blvd College Station TX 77845 | ▉ | Ota Shaw | 8AM | 1:20 | | | |
| | Susan Spears | 4216 Maywood Bryan TX 77801 | | Susan Spears | 8 AM | 1:30 | | | |
| | Mary Stasiowski | 2610 Sandlewood Ct College Sta. TX 77845 | - - | Mary Stasiowski | 8:AM | 3:00pm | | | |
| | Marla Calvin | 1833 Fountain Ave Bryan TX 77801 | | Marla Calvin | 8:00 | 1:30 | | | |
| Name of Person/Persons who Delivered Election Supplies (Do Not Include Above) | | | | | | | | | |
| | | TX | - - | | | | | | |
| | | TX | - - | | | | | | |

I state that the above is a true and correct statement of the names, addresses and hours served of all the election officials conducting the above named election and of the other expenses incurred in this election.

Ra Davis

_____
Presiding Judge

Amount of Compensation to be allocated to each person who delivered supplies ...............

Other Expenses (describe)..........................................................................

Total

AW8-3
Prescribed by Secretary of State
Section 32.094, Texas Election
Code        3/07

**For primary only:** "✓" Check next to judge/clerk's name if they attended a training program as prescribed by the Secretary of State.

"I swear (or affirm) that I will not in any manner request or seek to persuade or induce any voter to vote for or against any candidate or measure to be voted on, and that I will faithfully perform my duty as an officer of the election and guard the purity of the election; I swear (or affirm) that I will not suggest by word, sign or gesture, how the voter should vote; I will confine my assistance to answering the voter's questions, to stating the propositions on the ballot, and to naming candidates and, if listed, their political parties; and I will prepare the voter's ballot as the voter directs."

## STATEMENT OF COMPENSATION And OATHS

| Pct. No. | Authority Conducting Election | Date | Type of Election |
|---|---|---|---|
| MB13 | Brazos County | 11/3/2018 | General 2018 |

| √ | Name of Election Official (Please Print Legibly) | Complete Address (Include City, Zip) | Social Security Number | Signature | Hours Worked From | To | Total Hours | X Rate of Pay | = Amount |
|---|---|---|---|---|---|---|---|---|---|
| | Richard Seim | 17647 Indian Lakes Dr C.S. TX 77845 CS TX 77845 | ■ | Richard Seim | 8:00 | 2:30 | 6.5 | $8.00 | |
| | BARBARA Seim | 17647 Indian Lakes D CS TX 77845 | ■ | Barbara Seim | 8 AM | 2:30 | 65 | | |
| | Cameron Gallucci | 778 Bryan TX 7780 | ■ | CG | 8 A | 3 P | 7 | | |
| | Audrey PATTON | 306 Columbia CT College Station TX 77840 | ■ | Audrey Patton | 8 A | 3 P | | | |
| | Diana Davis | 2321 Carter Creek Bryan TX 77802 | ■ | Diana Davis | 8:00 | 3:30 | 8.5 | | |

Name of Person/Persons who Delivered Election Supplies (Do Not Include Above)

| √ | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Bob Davis | 2321 Carter Creek Pkwy Bryan TX 77802 | ■ | RW Davis | 7:45 | 3:30 | 7.75 | | |
| | | | | | | | | | |
| | | TX | | | | | | | |

I state that the above is a true and correct statement of the names, addresses and hours served of all the election officials conducting the above named election and of the other expenses incurred in this election.

Amount of Compensation to be allocated to each person who delivered supplies ...............

Other Expenses (describe).................................................................................

Total

_RW Davis_
Presiding Judge

BRAZOS - 000062
Appx._029

AW8-3
Prescribed by Secretary of State
Section 32.094, Texas Election
Code       3/07

**For primary only:** "✓" Check next to judge/clerk's name if they attended a training program as prescribed by the Secretary of State.

"I swear (or affirm) that I will not in any manner request or seek to persuade or induce any voter to vote for or against any candidate or measure to be voted on, and that I will faithfully perform my duty as an officer of the election and guard the purity of the election; I swear (or affirm) that I will not suggest by word, sign or gesture, how the voter should vote; I will confine my assistance to answering the voter's questions, to stating the propositions on the ballot, and to naming candidates and, if listed, their political parties; and I will prepare the voter's ballot as the voter directs."

## STATEMENT OF COMPENSATION And OATHS

| Pct. No. | Authority Conducting Election | Date | Type of Election |
|---|---|---|---|
| MBB Mail Ballot B | Brazos County | 11-3-18 | General |

| √ | Name of Election Official (Please Print Legibly) | Complete Address (Include City, Zip) | Social Security Number | Signature | Hours Worked From | To | Total Hours | X Rate of Pay | = Amount |
|---|---|---|---|---|---|---|---|---|---|
| | Carol Nichols | 6250 Zweifel Road 77808 Bryan TX | ▮ | Carol A Nichols | 8:00 | 3:15 | | $6.5? | |
| | BARRY D. CLAR | 1107 W. 26th St BRYAN TX 77803 | ▮ | | 8:00 | 3:15 | | | |
| | Patric morsm | 711 University Dr Apt 717 College Station TX | ▮ | Patrik morgan | 8:00 | 3:15 | | | |
| | Tim Byrd | 549 Marino Rd #17 TX | ▮ | Tim Byrd | 8:00 | 3:15 | | | |
| | Cari Bullington | 3238 Innsbruck CS TX | ▮ | Cari Bullington | 8:30 | 3:15 | | | |

| Name of Person/Persons who Delivered Election Supplies (Do Not Include Above) | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | TX | - - | | | | | | |
| | | TX | - - | | | | | | |

I state that the above is a true and correct statement of the names, addresses and hours served of all the election officials conducting the above named election and of the other expenses incurred in this election.

_R.W. Davis_

Presiding Judge

| Amount of Compensation to be allocated to each person who delivered supplies ............... | |
|---|---|
| Other Expenses (describe).......................................................................... | |
| Total | |

BRAZOS - 000063
Appx._030

AW8-3

Prescribed by Secretary of State
Section 32.094, Texas Election
Code      3/07

**For primary only:** * Check next to judge/clerk's name if they attended a training program as prescribed by the Secretary of State.

"I swear (or affirm) that I will not in any manner request or seek to persuade or induce any voter to vote for or against any candidate or measure to be voted on, and that I will faithfully perform my duty as an officer of the election and guard the purity of the election; I swear (or affirm) that I will not suggest by word, sign or gesture, how the voter should vote; I will confine my assistance to answering the voter's questions, to stating the propositions on the ballot, and to naming candidates and, if listed, their political parties; and I will prepare the voter's ballot as the voter directs."

# STATEMENT OF COMPENSATION And OATHS

| | Pct. No. Mod Ballot Board | Authority Conducting Election Brazos County | Date 11·6·18 | Type of Election General |
|---|---|---|---|---|

| √ | Name of Election Official (Please Print Legibly) | Complete Address (Include City, Zip) | Social Security Number | Signature | Hours Worked From | To | Total Hours | Rate X of Pay = | Amount |
|---|---|---|---|---|---|---|---|---|---|
| | Audrey L Patton | 306 Columbia Ct College Station TX 77840 | ▉ | Audrey Patton | 10 A | 12:30 | | $8.50 | |
| | William G Stacy | 2703 Colony Village Bryan TX 77808 | ▉ | Patty | 10 Am | 12:30 | | | |
| | TC Langford | 4313 Milam Bryan TX 77801 | ▉ | DL | 10 | 12:30 | | | |
| | | TX | - | | | | | | |
| | | TX | - | | | | | | |

Name of Person/Persons who Delivered Election Supplies (Do Not Include Above)

| | Bob Davis | 2321 Carter Creek | ▉ | | 10 Am | 1 pm | | $8.50 | |
|---|---|---|---|---|---|---|---|---|---|
| | | TX | | | | | | | |
| | | TX | - | | | | | | |

I state that the above is a true and correct statement of the names, addresses and hours served of all the election officials conducting the above named election and of the other expenses incurred in this election.

RW Davis

Presiding Judge

Amount of Compensation to be allocated to each person who delivered supplies ...............

Other Expenses (describe).........................................................................................

Total

BRAZOS - 000064

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DR. GEORGE RICHARDSON, ROSALIE WEISFELD, AUSTIN JUSTICE COALITION, COALITION OF TEXANS WITH DISABILITIES, MOVE TEXAS CIVIC FUND, LEAGUE OF WOMEN VOTERS OF TEXAS, and AMERICAN GI FORUM OF TEXAS, INC., | § § § § § § § § | |
| *Plaintiffs* | § § | |
| v. | § § | Civil Case No. 5:19-cv-00963 |
| TEXAS SECRETARY OF STATE, TRUDY HANCOCK, in her official capacity as BRAZOS COUNTY ELECTIONS ADMINISTRATOR, and PERLA LARA in her official capacity as CITY OF MCALLEN, TEXAS SECRETARY, | § § § § § § § | |
| *Defendants.* | § § | |

## PLAINTIFF DR. GEORGE RICHARDSON'S OBJECTIONS AND RESPONSES TO DEFENDANT SECRETARY OF STATE'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION

TO:    Defendant Texas Secretary of State, by and through her attorneys of record Ken Paxton, Jeffrey C. Mateer, Darren L. McCarty, Thomas A. Albright, and Anne Marie Mackin, via e-mail at anna.mackin@oag.texas.gov.

Pursuant to Federal Rules of Civil Procedure 33, 34, and 36, Plaintiff Dr. George

Richardson hereby serves the following Objections and Responses to Defendants' First Requests

for Admissions, Requests for Production, and Interrogatories.

Dated: April 16, 2020                      Respectfully Submitted,

/s/ _____*Hani Mirza*_____

**TEXAS CIVIL RIGHTS PROJECT**
Mimi M.D. Marziani

1



Appx_033

Texas Bar No. 24091906
mimi@texascivilrightsproject.org
Rebecca Harrison Stevens
Texas Bar No. 24065381
beth@texascivilrightsproject.org
Hani Mirza
Texas Bar No. 24083512
hani@texascivilrightsproject.org
Ryan V. Cox
Texas Bar No. 24074087
ryan@texascivilrightsproject.org
Zachary D. Dolling
Texas Bar No. 24105809
zachary@texascivilrightsproject.org

1405 Montopolis Drive
Austin, Texas 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)

**WILLKIE FARR & GALLAGHER LLP**

Richard Mancino (NY Bar No. 1852797)
Samuel Kalar (NY Bar No. 5360995)
JoAnna Suriani (NY Bar No. 5706395)

787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: rmancino@willkie.com
skalar@willkie.com
jsuriani@willkie.com

-AND-

Jennifer J. Hardy (TX Bar No. 24096068)
Denis A. Fallon (TX Bar No. 24059731)
Garrett Johnston (TX Bar No. 24087812)
Audra White (TX Bar No. 24098608)

600 Travis Street, Suite 2100
Houston, Texas 77002
Telephone: (713) 510-1700
Facsimile: (713) 510-1799
Email: jhardy2@willkie.com

Appx.__033

afallon@willkie.com
gjohnston@willkie.com
awhite@willkie.com

***COUNSEL FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April, 2020, a true and correct copy of the foregoing *Plaintiff Dr. George Richardson's Objections and Responses to Defendant Secretary of State's First Requests for Admission, Request for Production, and Interrogatories* was served upon counsel of record via email.

/s/ Hani Mirza_____

## RESERVATION OF RIGHTS

Dr. Richardson has responded to these requests for admission, requests for production, and interrogatories based on the information currently available to him. Discovery, however, is not yet complete. Additional discovery and investigation may lead to additions to, changes in, or modification of these responses. Dr. Richardson therefore reserves his right to supplement, amend, revise, correct, modify, or clarify these responses as additional information becomes available.

Dr. Richardson makes his objections and responses in accordance with his interpretation and understanding of *Defendant Secretary of State's First Requests for Admission, Request for Production, and Interrogatories* ("Requests") and in accordance with his current knowledge, understanding, and belief as to the facts and information available to him at the time of serving these responses. If Defendant subsequently provides an interpretation of any of its Requests that differs from Dr. Richardson's understanding of the same, Dr. Richardson reserves his right to complete the discovery of facts in this case and rely at trial or in any other proceeding on documents and information in addition to the information provided herein, regardless of whether

3

such information is newly discovered or newly in existence. He also reserves the right to amend, revise, correct, modify, or clarify his responses to properly respond to any interpretation Defendant may give these Requests.

Dr. Richardson reserves his right to object on any grounds, at any time, to the admission or use of any response on any ground. Dr. Richardson is also willing to meet and confer about any of his objections or responses.

## **GENERAL OBJECTIONS**

1.      Dr. Richardson objects to these Requests, including the definitions and instructions, to the extent that they seek information or documents: (i) protected by attorney client privilege, the work product doctrine, or any other applicable privilege or immunity; (ii) not in Dr. Richardson's possession, custody, or control; and (iii) that are publicly available or already within Defendants' possession.

2.      Dr. Richardson objects to these Requests to the extent they are duplicative of a request that Defendants have propounded to another Plaintiff in this Lawsuit. To the extent that Plaintiffs agree to produce a document that is responsive to multiple Requests duplicated across multiple Plaintiffs, Plaintiffs will only produce such documents once.

3.      Dr. Richardson objects to the definitions of "Coalition of Texans with Disabilities," "CTD," "Austin Justice Coalition," "AJC," "MOVE Texas Civic Fund," "MOVE Texas," "MOVE," "League of Women Voters of Texas," "LWVTX," "LWV," "Individual Plaintiffs," and "Organizational Plaintiffs," (together, "Plaintiffs Definitions") as overly broad and unduly burdensome to the extent that they define each party as including "anyone acting or purporting to act on their behalf with respect to any matter inquired about herein, including without limitation representatives, employees, and agents." For the purposes of these responses, each Plaintiff will

construe the Plaintiffs Definitions in accordance with the definition of "Plaintiffs" as found in Plaintiffs' First Set of Discovery Requests served on February 5, 2020.

4.      Dr. Richardson objects to the definitions of "EVBB" and "SVC" as vague and ambiguous. For the purposes of these responses, Dr. Richardson will construe the terms "EVBB" and "SVC" in accordance with the definitions of "EVBB" and "SVC" found in Plaintiffs' First Set of Discovery Requests served on February 5, 2020.

5.      These General Objections are incorporated into each of the specific responses and objections set forth below. No specific response or objection herein shall constitute a waiver, in whole or in part, of any of the foregoing General Objections. Dr. Richardson reserves the right at any time to revise, correct, supplement, or clarify the objections or responses set forth herein and any production made pursuant thereto.

Appx._036

## DR. RICHARDSON'S OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

1.      Admit that SOS did not, "during the 2018 General Election . . . reject[] the mail in ballot of Plaintiff Dr. George Richardson," as stated in Paragraph 3 of your Complaint.

**RESPONSE:** Dr. Richardson objects to this request for admission on the ground that it calls for a legal conclusion. Dr. Richardson has no particular knowledge of this legal issue. Subject to and without waiving the foregoing, Dr. Richardson has no particular knowledge of the actions that Defendant SOS takes. Defendant SOS is the appropriate party with information responsive to this request.

2.      Admit that if a county election officer determines that a ballot was incorrectly rejected by the EVBB before the time set for convening the canvassing authority, the county election officer may petition a district court for injunctive or other relief as the court determines appropriate.

**RESPONSE**: Dr. Richardson objects to this request for admission on the ground that it calls for a legal conclusion. Dr. Richardson has no particular knowledge of this legal issue. The provisions of the Texas Election Code speak for themselves.

3.      Admit that SOS does not select the members of any EVBB.

**RESPONSE**: Dr. Richardson can neither admit nor deny because he has no particular knowledge of the actions Defendant SOS takes. Defendant SOS is the appropriate party with information responsive to this request.

4.      Admit that SOS did not select the members of any EVBB responsible for reviewing your mail-in ballot in the 2018 General Election.

**RESPONSE:** Dr. Richardson objects to this request for admission on the ground that it calls for a legal conclusion. Dr. Richardson has no particular knowledge of this legal issue. Subject to and without waiving the foregoing, Dr. Richardson has no particular knowledge of the actions that Defendant SOS takes. Defendant SOS is the appropriate party with information responsive to this request.

5.      Admit that SOS does not select the members of any SVC.

**RESPONSE**: Dr. Richardson can neither admit nor deny because he has no particular knowledge of the actions Defendant SOS takes. Defendant SOS is the appropriate party with information responsive to this request.

6.      Admit that SOS did not select the members of any SVC responsible for reviewing your mail-in ballot in the 2018 General Election.

**RESPONSE:** Dr. Richardson objects to this request for admission on the ground that it

calls for a legal conclusion. Dr. Richardson has no particular knowledge of this legal issue. Subject to and without waiving the foregoing, Dr. Richardson can neither admit nor deny because he has no particular knowledge of the actions that Defendant SOS takes. Defendant SOS is the appropriate party with information responsive to this request.

7.      Admit that local election authorities, and not SOS, are responsible for receiving completed mail-in ballots.

**RESPONSE**: Dr. Richardson objects to this request for admission on the ground that it calls for a legal conclusion. Dr. Richardson has no particular knowledge of this legal issue. The provisions of the Texas Election Code speak for themselves.

8.      Admit that local election authorities, and not SOS, were responsible for receiving your completed mail-in ballot in the 2018 General Election.

**RESPONSE:** Dr. Richardson objects to this request for admission on the ground that it calls for a legal conclusion. Dr. Richardson has no particular knowledge of this legal issue. Subject to and without waiving the foregoing, Dr. Richardson can neither admit nor deny because he has no particular knowledge of the actions that Defendant SOS and local election authorities take. Defendants SOS and/or local elections authorities are the appropriate parties with information responsive to this request.

9.      Admit that local election authorities, and not SOS, are responsible for delivering completed mail-in ballots to the appropriate EVBB or SVC.

**RESPONSE**: Dr. Richardson objects to this request for admission on the ground that it calls for a legal conclusion. Dr. Richardson has no particular knowledge of this legal issue. The provisions of the Texas Election Code speak for themselves.

10.      Admit that local election authorities, and not SOS, were responsible for delivering your completed mail-in ballot in the 2018 General Election to the appropriate EVBB or SVC.

**RESPONSE:** Dr. Richardson objects to this request for admission on the ground that it calls for a legal conclusion. Dr. Richardson has no particular knowledge of this legal issue. Subject to and without waiving the foregoing, Dr. Richardson can neither admit nor deny because he has no particular knowledge of the actions that Defendant SOS and local election authorities take. Defendants SOS and/or local elections authorities are the appropriate parties with information responsive to this request.

11.      Admit that SOS lacks authority to reject any mail-in ballot for signature mismatch.

**RESPONSE**: Dr. Richardson objects to this request for admission on the ground that it calls for a legal conclusion. Dr. Richardson has no particular knowledge of this legal issue. The provisions of the Texas Election Code speak for themselves.

12.      Admit that SOS lacked authority to reject your mail-in ballot in the 2018 General

Appx._038

Election for signature mismatch.

**RESPONSE**: Dr. Richardson objects to this request for admission on the ground that it calls for a legal conclusion. Dr. Richardson has no particular knowledge of this legal issue. The provisions of the Texas Election Code speak for themselves.

13. Admit that mail-in ballot applications and carrier envelopes need not be signed by the voter if they are signed by a witness.

**RESPONSE**: Dr. Richardson objects to this request for admission on the grounds that it calls for a legal conclusion and is vague. It is vague because there are specific requirements that must be met for a voter to be eligible to use a witness, and specific requirements that must be met for a voter to not need to sign their mail-in ballot application and carrier envelope. The provisions of the Texas Election Code speak for themselves.

14. Admit that mail-in ballots signed by a witness cannot be rejected for signature mismatch.

**RESPONSE**: Dr. Richardson objects to this request for admission on the grounds that it calls for a legal conclusion and is vague. It is vague because there are specific requirements that must be met for a voter to be eligible to use a witness, and specific requirements that must be met for a voter to not need to sign their mail-in ballot application and carrier envelope. The provisions of the Texas Election Code speak for themselves.

15. Admit that you were eligible to vote in person in the 2018 General Election.

**RESPONSE:** Dr. Richardson objects to this request for admission on the ground that it calls for a legal conclusion. Dr. Richardson has no particular knowledge of this legal issue. Subject to and without waiving the foregoing, admit only to the extent that Dr. Richardson submitted a mail-in ballot and that he believes he was eligible to vote in person.

16. Admit that voting by mail is a different process from in-person voting.

**RESPONSE**: Dr. Richardson objects to this request for admission on the ground that it calls for a legal conclusion and is vague. Subject to and without waiving the foregoing, admit only to the extent that, as a practical matter, voting by mail involves some different procedures than voting in-person.

17. Admit that Texas has an interest in ensuring that only eligible voters cast ballots.

**RESPONSE**: Dr. Richardson objects to this request for admission on the ground that it calls for a legal conclusion and is vague. Subject to and without waiving the foregoing, Dr. Richardson can neither admit nor deny because he has no particular knowledge of the current interests of the State of Texas. Texas, including Defendant SOS, is the appropriate party with information responsive to this request.

8

## DR. RICHARDSON'S OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

1.    All documents and communications supporting your contention that "Texas unlawfully rejects the duly signed mail-in ballots of thousands of eligible voters every major election," as alleged in Paragraph 1 of your Complaint.

**RESPONSE**: Please see attached BATES GENERAL-00000001-2030.

2.    All documents and communications supporting your contention that "Texas counties rejected at least 1,873 mail-in ballots during the 2018 General Election and at least 1,567 mail-in ballots during the 2016 General Election solely on the basis of mismatching signatures," as alleged in Paragraph 1 of your Complaint.

**RESPONSE**: Please see attached BATES GENERAL-00000001-2030.

3.    All documents and communications supporting your contention that you are "a physician who has signed hundreds of prescriptions every year for 41 years and ha[ve] never had [your] signature questioned by a pharmacist," as alleged in Paragraph 10 of your Complaint.

**RESPONSE:** Dr. Richardson objects to this request for production as unduly burdensome to the extent that he has worked in numerous hospitals and other healthcare facilities during his career and it is impractical for him to produce documentation of his decades of successfully filled prescriptions. Subject to and without waiving the foregoing, please see attached BATES RICHARDSON-00000001, RICHARDSON-00000003-4.

4.    All documents and communications supporting your contention that "[t]he groups that are eligible to vote by mail are also the same groups, in many cases, that are most likely to have signature variations that could cause an improper rejection—especially the elderly, disabled, and persons who speak English as a second language," as alleged in Paragraph 46 of your Complaint.

**RESPONSE**: Dr. Richardson objects to this request for production on the ground that it calls for expert witness testimony. Plaintiffs' expert witness report was served on Defendants on February 3, 2020. Subject to and without waiving the foregoing, Dr. Richardson has no responsive documents.

5.    All documents and communications supporting your contention that "growing old, illness, injury, symptoms from taking certain medicine, change in eyesight, and consuming alcohol and/or drugs; mechanical factors such as pen type, ink, signing surface, signing position, and paper quality; and psychological factors such as distress, anger, fear, depression, happiness, [or] nervousness" can affect an individual's handwriting to the extent that their ballot would be erroneously rejected for signature mismatch, as referenced in Paragraph 48 of your Complaint.

**RESPONSE**: Dr. Richardson objects to this request for production on the ground that it calls for expert witness testimony. Plaintiffs' expert witness report was served on Defendants on February 3, 2020. Subject to and without waiving the foregoing, Dr. Richardson has no responsive

documents.

6.     All documents and communications supporting your contention that "a person's handwriting naturally changes over time" to the extent that their ballot would be erroneously rejected for signature mismatch, as referenced in Paragraph 48 of your Complaint.

**RESPONSE**: Dr. Richardson objects to this request for production on the ground that it calls for expert witness testimony. Plaintiffs' expert witness report was served on Defendants on February 3, 2020. Subject to and without waiving the foregoing, Dr. Richardson has no responsive documents.

7.     All documents and communications supporting your contention that "[v]ariances between signatures" significant enough to result in a ballot being erroneously rejected for signature mismatch "are more prevalent in people who are elderly, disabled, under extreme stress, or who speak English as a second language," as referenced in Paragraph 48 of your Complaint.

**RESPONSE**: Dr. Richardson objects to this request for production on the ground that it calls for expert witness testimony. Plaintiffs' expert witness report was served on Defendants on February 3, 2020. Subject to and without waiving the foregoing, Dr. Richardson has no responsive documents.

8.     All documents and communications supporting your contention that "the cost of remedial procedures" you seek in this Lawsuit "would likely be low," as alleged at Dkt. 32, p. 40.

**RESPONSE**: Dr. Richardson objects to this request for production on the ground that the contention requires legal analysis. Subject to and without waiving the foregoing, please see BATES RICHARDSON-00000002, RICHARDSON-00000005-8, and RICHARDSON-00000011.

9.     All documents and communications supporting your contention that Texas's signature matching procedure is "error-prone," as alleged in Paragraph 70 of your Complaint.

**RESPONSE**: Dr. Richardson objects to this request for production on the ground that it calls for expert witness testimony. Plaintiffs' expert witness report was served on Defendants on February 3, 2020. Subject to and without waiving the foregoing, please see BATES RICHARDSON-00000001-12.

10.     Documents sufficient to show each "erroneous deprivation of the right to vote" you contend was caused by "an error-prone and flawed signature comparison," as alleged in Paragraph 55 of your Complaint.

**RESPONSE**: Dr. Richardson objects to this request for production on the ground that it calls for expert witness testimony and the contention requires legal analysis. Plaintiffs' expert witness report was served on Defendants on February 3, 2020. Subject to and without waiving the foregoing, please see BATES RICHARDSON-00000001-12.

11.    All documents and communications supporting your contention that "each county (and even each committee if multiple SVC panels are created) necessarily develops its own idiosyncratic, arbitrary, and ad hoc procedure to determine that a ballot should be rejected," and that "[t]hese standards will necessarily vary from county to county, panel to panel, and even from meeting to meeting or ballot to ballot within the same committee panel," as alleged in Paragraph 41 of your Complaint.

**RESPONSE**: Dr. Richardson objects to this request for production on the ground that it calls for expert witness testimony. Plaintiffs' expert witness report was served on Defendants on February 3, 2020. Subject to and without waiving the foregoing, Dr. Richardson has no responsive documents.

12.    To the extent not already produced in response to the requests above, all documents you may rely upon to support your claims in this Lawsuit.

**RESPONSE**: Dr. Richardson objects to this request as broad and vague and because it demands that he marshal all of his evidence that may be presented at trial, regardless of whether that evidence is within his care, custody, or control or whether Defendants have superior access of right to such documents. Dr. Richardson will produce all documents he relies upon to support his claims in this lawsuit according to the Amended Scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence.

11

## DR. RICHARDSON'S OBJECTIONS AND RESPONSES TO INTERROGATORIES

1.    Describe any relief that Plaintiffs contend would "provide voters meaningful notice prior to the rejection of a mail-in ballot and [] offer voters the ability to cure a mail-in ballot questioned for an alleged signature mismatch," as referenced in Paragraph 7 of your Complaint.

**RESPONSE**: Dr. Richardson objects to this interrogatory on the ground that it calls for a legal conclusion. Subject to and without waiving the foregoing, there are multiple forms of prospective relief that would provide voters meaningful notice prior to the rejection of a mail-in ballot and offer voters the ability to cure a mail-in ballot questioned for an alleged signature mismatch. Plaintiffs' counsel discuss such forms to relief in their pleadings as well as in communications with opposing counsel. To be meaningful, notice prior to final rejection must clearly explain the reason why the voter's ballot was questioned, be received by the voter through a method of delivery the voter has quick and easy access to, and be received with enough time for the voter to attempt to effectively cure the questioned ballot. A cure process must provide voters simple methods and ample time to correct a ballot wrongly questioned for signature mismatch.

2.    If you contend that the Secretary has "rule making authority" to "establish any standards or guidance that must be used for actually determining if a signature is that of the voter," as referenced in Paragraph 41 of your Complaint, please state the basis for that contention.

**RESPONSE**: Dr. Richardson objects to this interrogatory on the ground that it calls for a legal conclusion.

3.    State the basis for your contention that "each county (and even each committee if multiple SVC panels are created) necessarily develops its own idiosyncratic, arbitrary, and ad hoc procedure to determine that a ballot should be rejected," and that "[t]hese standards will necessarily vary from county to county, panel to panel, and even from meeting to meeting or ballot to ballot within the same committee panel," as alleged in Paragraph 41 of your Complaint.

**RESPONSE:** Dr. Richardson objects to this interrogatory on the ground that it calls for expert witness testimony. Plaintiffs' expert witness report was served on Defendants on February 3, 2020. Subject to and without waiving the foregoing, as alleged in paragraph 2 of the Complaint, "current rules authorize untrained local election officials to arbitrarily and subjectively reject mail-in ballots if officials believe, based on their own layman analysis, that the signature on a ballot is not in fact the voter's signature." Please also see responses to Open Records Requests from local election officials produced for Requests for Production above.

4.    State the basis for your contention that the "signature verification procedure is not and cannot be performed anonymously," as alleged in Paragraph 42 of your Complaint.

**RESPONSE**: Dr. Richardson objects to this interrogatory on the ground that Defendants are better equipped to answer it. Subject to and without waiving the foregoing, Dr. Richardson's understanding is that signature verification requires reviewing the written name of the voter. As a result, it essentially cannot be performed anonymously.

5.      If you contend that SOS is responsible for delivering, receiving, or accepting completed mail-in ballots, please state the basis for that contention.

**RESPONSE**: Dr. Richardson objects to this interrogatory on the ground that it calls for a legal conclusion. The provisions of the Texas Election Code speak for themselves.

6.      If you contend that SOS has the authority to seek judicial relief in connection with a local election official's decision to reject a mail-in ballot, please state the basis for that contention.

**RESPONSE**: Dr. Richardson objects to this interrogatory on the ground that it calls for a legal conclusion. The provisions of the Texas Election Code speak for themselves.

7.      If you contend that you had a constitutionally protected right to pre-rejection notice and opportunity to cure before your mail-in ballot in the 2018 General Election was allegedly rejected for signature mismatch, please state the basis for that contention.

**RESPONSE**: Dr. Richardson objects to this interrogatory on the ground that it calls for a legal conclusion.

8.      If you contend that you have a protected liberty interest in casting a ballot by mail, please state the basis for that contention.

**RESPONSE**: Dr. Richardson objects to this interrogatory on the ground that it calls for a legal conclusion.

9.      If you contend that you have a protected property interest in casting a ballot by mail, please state the basis for that contention.

**RESPONSE**: Dr. Richardson objects to this interrogatory on the ground that it calls for a legal conclusion.

10.     If you contend that SOS has the authority to reject any mail-in ballot for signature mismatch, please state the basis for that contention.

**RESPONSE**: Dr. Richardson objects to this interrogatory on the ground that it calls for a legal conclusion. The provisions of the Texas Election Code speak for themselves.

11.     Describe what "specific standards" you contend are required for the signature comparison process to "ensure its equal application," as alleged in Paragraph 74 of your Complaint.

**RESPONSE**: Dr. Richardson objects to this interrogatory on the ground that it calls for a legal conclusion. Subject to and without waiving the foregoing, there are multiple types of specific standards that could be put in place to resolve the issues in this lawsuit. Plaintiffs' counsel discuss such forms to relief in their pleadings and in communications with opposing counsel, and their

13

expert witness' report served on Defendants on February 3, 2020 also discusses such issues.

12.     Describe any guidelines or trainings you contend SOS must provide to local election officials, EVBBs, or SVCs, including how you contend any such guidelines or trainings should be provided.

**RESPONSE**: Dr. Richardson objects to this interrogatory on the ground that it calls for a legal conclusion. Subject to and without waiving the foregoing, there are multiple types of guidelines and trainings Defendant SOS could provide to resolve at least some of the issues in this lawsuit. Plaintiffs' counsel discuss such forms to relief in their pleadings as well as communications with opposing counsel.

14

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DR. GEORGE RICHARDSON, ROSALIE WEISFELD, AUSTIN JUSTICE COALITION, COALITION OF TEXANS WITH DISABILITIES MOVE TEXAS CIVIC FUND, AND LEAGUE OF WOMEN VOTERS OF TEXAS, <br>     *Plaintiffs*, <br><br> v. <br><br> TEXAS SECRETARY OF STATE, TRUDY HANCOCK IN HER OFFICIAL CAPACITY AS BRAZOS COUNTY ELECTIONS ADMINISTRATOR, AND PERLA LARA IN HER OFFICIAL CAPACITY AS CITY OF MCALLEN, TEXAS SECRETARY, <br>     *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | No. 5:19-cv-00963 |

## DEFENDANT SECRETARY OF STATE'S MOTION FOR SUMMARY JUDGMENT

## Tab 2

## Rosalie Weisfeld

```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF TEXAS
                    SAN ANTONIO DIVISION

DR. GEORGE RICHARDSON,    )
ROSALIE WEISFELD, AUSTIN  )
JUSTICE COALITION,        )
COALITION OF TEXANS WITH  )
DISABILITIES, MOVE TEXAS  )
CIVIC FUND, LEAGUE OF     )
WOMEN VOTERS OF TEXAS, and)
AMERICAN GI FORUM OF      )
TEXAS, INC.,              )
        Plaintiffs,       )
                          )
vs.                       )  CASE NO. 5:19-cv-00963
                          )
TEXAS SECRETARY OF STATE, )
TRUDY HANCOCK, IN HER     )
OFFICIAL CAPACITY AS      )
BRAZOS COUNTY ELECTIONS   )
ADMINISTRATOR, AND PERLA  )
LARA IN HER OFFICIAL      )
CAPACITY AS CITY OF       )
MCALLEN, TEXAS SECRETARY, )
        Defendants.       )
```

                    ORAL AND VIDEO DEPOSITION

                         ROSALIE WEISFELD

                          MAY 13, 2020

                       (REPORTED REMOTELY)

1  not -- not asking you to make it up if -- if you're not

2  sure.  So just --

3      A.   I'm not sure.

4      Q.   Okay.  That's fine.  That's a perfectly fine

5  answer.

6           All right.  We've been talking a little

7  bit about voting.  So this lawsuit is about your mail-in

8  ballot.  Are you aware of any other options that are

9  available for casting a ballot in Texas other than

10 voting by mail?

11     A.   Yes.

12     Q.   And what are those?

13     A.   Voting in person on election day and voting in

14 person during early voting.

15     Q.   And do you know if you were eligible to vote in

16 person in the 2019 City of McAllen runoff election?

17     A.   No, I was not.

18     Q.   And why not?

19     A.   I was not in McAllen.

20     Q.   Any other reason that you would not have been

21 able to vote in person in that election?

22     A.   No.

23     Q.   Okay.  So you mentioned in-person voting on

24 election day and in-person voting early.  Are you aware

25 of any other ways to cast a ballot in the state of