IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **Dr. George Richardson,** | § | |
| **Rosalie Weisfeld, Austin** | § | |
| **Justice Coalition, Coalition** | § | |
| **of Texans with Disabilities,** | § | |
| **Move Texas Civic Fund,** | § | |
| **League of Women Voters** | § | |
| **Of Texas and American GI** | § | |
| **Forum of Texas, Inc.** | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No.: 5:19-CV-00963 |
| | § | |
| **Texas Secretary of State** | § | |
| **Trudy Hancock, in her official** | § | |
| **Capacity as Brazos County** | § | |
| **Elections Administrator and** | § | |
| **Perla Lara in her official** | § | |
| **Capacity as City of McAllen,** | § | |
| **Texas Secretary,** | § | |
| *Defendants* | § | |

**DEFENDANT BRAZOS COUNTY ELECTIONS ADMINISTRATOR TRUDY HANCOCK'S REPLY TO PLAINTIFFS' RESPONSE TO HANCOCK'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Brazos County Elections Administrator Trudy Hancock (hereinafter "Hancock") files this reply to Plaintiffs', Dr. George Richardson ("Richardson"), Rosalie Weisfeld ("Weisfeld"), Austin Justice Coalition ("Austin Justice"), Coalition of Texans with Disabilities ("CTD"), MOVE Texas Civic Fund ("MOVE"), and League of Women Voters of Texas (the "League") response to Hancock's motion for summary judgment. Defendant Hancock offers the following:

Plaintiffs have repeatedly argued throughout the various pleadings in this lawsuit that "Texas' arbitrary signature comparison procedure disenfranchises thousands of voters every

election." Dkt. 74, pg. 1. The "signature comparison procedure" complained of is undisputedly established by the Texas Legislature not Brazos County and/or Hancock.  Specifically, Plaintiffs assert that this lawsuit is limited to their claim that "[b]ecause no meaningful pre-rejection notice or opportunity to cure is provided to mail-in voters, those whose ballots are improperly rejected for signature mismatch suffer the severe burden of disenfranchisement without any recourse to challenge the rejection."  *Id*.; *see also*, Dkt. 1 and Dkt. 65, pgs. 2-4.  Plaintiffs challenged only the "signature-verification process" for mail-in ballots established by Texas Election Code §§ 87.041 (b)(2), (e) and (f).  Dkt. 1.

Although Plaintiffs cite to various provisions within the Texas Election Code and the specific statutory framework establishing and governing "early voting," Plaintiffs repeatedly attempt to confuse and mislead the Court as to the proper election official that possesses the separate and independent statutory authority to: (1) review early voting ballots voted by mail and (2) determine whether to accept the voters' ballots.  Dkt. 1, 65, and 74, pg. 1; *see also*, Texas Election Code §87.041.  Plaintiffs falsely argue that "Defendants [Hancock is] are responsible for administering mail-in ballots in their respective jurisdictions." Dkt. 74, pg. 1.

Hancock testified that her duties and responsibilities pursuant to the Texas Elections Code regarding early voting by mail relate only to the processing of **applications for ballot by mail**. Dkt. 65, Plaintiffs' Exhibit 10; Dkt. 73, Exhibit 9, 41:20-46:12 and 56:24-57:23. This procedure for receiving and processing the applications for ballot by mail has not been challenged by Plaintiffs.  Plaintiffs state that

> Defendant Brazos County EA cannot contest that Dr. Richardson properly signed and mailed his ballot in compliance with the Texas Election Code during the November 2018 General Election in Brazos County. Nor can she contest that the Brazos County Early Voting Ballot Board ("EVBB") erroneously determined that Dr. Richardson's signatures on his ABBM and his carrier envelope were made by different people, and therefore improperly disenfranchised him during that election.

> Nevertheless, she appears to argue that Dr. Richardson did not suffer an injury-in-fact sufficient to establish Article III standing because she believes Dr. Richardson either did not sign his ABBM and/or carrier envelope at all or did not sign both or one of those documents properly.

Dkt. 74, pgs. 19-20. Without citing to any statutory authority or case precedent, Plaintiffs continue to vaguely imply that Brazos County/Defendant Hancock are proper parties and that she has some unknown and undefined authority over the EVBB. However, Hancock expressly rejects Plaintiffs assertion that she "manages the early voting ballot board ("EVBB")"; specifically stating that she does not have unlimited authority and responsibility throughout the mail-in ballot process – only "to a certain point. As far as the statute allows." Dkt. 65, Plaintiffs' Exhibit 10; Dkt. 73, Exhibit 9 at 43:23-44:2. After the mail-in ballot is received, it is placed in a locked box and provided to the early voting ballot board when they meet, "typically on a Saturday – on the Saturday before election." *Id*. at 61:17-62:8. The EVBB is statutorily created, its members are nominated by the parties, and it is supervised by the EVBB judge, who is supervised by no one. *Id*. at 72:17-72:19; 75:16-75:19. There is no statutory authority granting Hancock with the ability to oversee, instruct, or manage the EVBB. *See* Tex. Elec. Code Ch. 87.

The Texas Attorney General acknowledges that the Texas Legislature established separate and distinct procedures for casting and counting early voting ballots. It is undisputed that the early voting clerk (Hancock) has not been charged and/or authorized to perform those statutory duties related to early voting ballots voted by mail. Specifically, the Texas Attorney General states that:

> Title 7 of the Election Code, titled "Early Voting," establishes separate procedures for casting and counting early voting ballots. *See id*. §§ 81.001-114.008. Within that title, the Legislature has provided that the "other titles of [the Election Code] apply to early voting except provisions that are inconsistent with [title 7] or that cannot feasibly be applied to early voting." *Id*. § 81.002. Chapter 87 of title 7 establishes procedures for processing early voting results. *Id.* §§ 87.001-.126. **Section 87.001 creates early voting ballot boards "to process early voting results," and the Legislature has charged those boards with counting the early**

> **voting ballots and preparing the returns**. *Id.* §§ 87.001, 87.061?.062. Unlike election judges who serve individual precincts, **the early voting ballot board processes early voting results for the full territory** served by the early voting clerk. *Id.* § 87.001. [(Depending on the nature of the election, the territory served by the early voting clerk may encompass a county, city, or another political subdivision. *Id.* §§ 83.002 ("County Clerk as Early Voting Clerk"), 005 ("Clerk for City Elections"), .007 ("Clerk for Other Elections"))]. Rather than have election officers at each polling place count the ballots and create tally lists and precinct returns, as occurs on election day, section 87.021 directs the early voting clerk to deliver the sealed ballot boxes to the early voting ballot board, along with keys to each box, for counting. *Id.* § 87.021(1); *cf. id.* § 65.001. **The early voting ballot board is then required to** "count the ballots and prepare the returns in accordance with the procedure applicable to paper ballots cast at a precinct polling place." *Id.* § 87.062(b). Section 85.032 provides that once an early voting ballot box is locked for use in an election, it "may not be unlocked except as provided" by the subtitle in the Election Code addressing early voting. *Id.* § 85.032(a). Because **section 87.062 authorizes only the early voting ballot board to open the early voting ballot boxes**, it is inconsistent with the election-day procedure in section 65.001, requiring the ballots to be counted at each individual polling place. Section 65.001 is therefore not applicable to early voting, and the early voting ballot board, rather than the election judge at each polling location, counts the ballots and prepares the returns. *Id.* § 81.002 (providing that provisions of other titles do not apply to title 7 if they are inconsistent with title 7).

Tex. Att'y Gen. Op. KP-0118 *3 (2016)(emphasis added). Similarly, section 87.041 authorizes that only "**the early voting ballot board shall** open each jacket envelope for an early voting ballot voted by mail and determine whether to accept the voter's ballot." Tex. Elec. Code § 87.041(a) (emphasis added). Further, the Texas Legislature **charges only the early voting ballot board** with determining "whether to accept early voting ballots voted by mail in accordance with Section 87.041 at any time after the ballots are delivered to the board." *Id.* at 87.0241(a). (emphasis added). The EVBB cannot count the early voting ballots until "the end of the period for early voting by personal appearance," in a county with a population of 100,000 or more. *Id.* at §87.0241(b)(2). "The **secretary of state shall** prescribe any procedures necessary for implementing this section in

regard to elections described in Subsection (b)(2)," elections conducted in a county with a population of 100,000 or more. *Id.* at §87.0241(c) (emphasis added).

Again, any arguments asserted by Plaintiffs that Defendant Hancock has any authority and/or role in the rejection of an early voting ballot voted by mail serves only as an attempt to mislead the Court. When a ballot is rejected by the EVBB, "**the presiding judge of the early voting ballot board shall deliver written notice of the reason for the rejection** of a ballot to the voter at the residence address on the ballot application." *Id.* at §87.0431(a) (emphasis added). **The secretary of state shall adopt rules as necessary to implement the requirements prescribed under this subsection**." *Id*. at §87.0431(c)(emphasis added).

As argued in her summary judgment motion (Dkt. 66) and in her Response to Plaintiffs' summary judgment motion (Dkt. 73), Richardson has not and cannot establish that he suffered an injury that was caused by Defendant Hancock. This case does not involve the actual validity of Richardson's signature or any actions taken by Defendant Hancock; but instead, the statutory process of the EVBB for reviewing the early voting ballot voted by mail, determining whether to accept the voter's ballot and providing a rejection notice for a ballot rejected. Texas Courts in cases related to contested elections have stated that:

> The law places the burden on those who vote early by mail to sign both the application and the envelope with signatures that match. The Early Voting Ballot Board must act on the basis of the signatures before it. **The board is not expected to contact voters whose signatures do not match, and the code does not require it to do so**. *See id.* § 87.041. The board must simply preserve rejected ballots and notify the voters within ten days after the election. *See id.* §§ 87.043, 87.0431

*Alvarez v. Espinoza*, 844 S.W.2d 238, 245 (Tex. App. 1992), *writ dismissed w.o.j.* (May 5, 1993). "The trial court is not required to accept the testimony of the voter or other witnesses that the voter made both signatures." *Rivera v. Lopez*, No. 13-14-00581-CV, 2014 WL 8843788, at *8 (Tex. App. May 14, 2014)(*citing Alvarez*, 844 S.W.3d at 245). These opinions by the Texas Courts

clearly demonstrate that the EVBB is the entity charged with the review of the signatures for the early voting ballot by mail not the early voting clerk, Defendant Hancock.

It is clear that Richardson cannot establish standing under Article III of the Constitution against Defendant Hancock, "demonstrat[ing] (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Texas Democratic Party v. Abbott*, No. 20-50407, 2020 WL 2982937, at *5 (5th Cir. June 4, 2020)(*quoting Thole v. U.S. Bank N.A.*, 140 S.Ct. 1615, 1618 (U.S. June 1, 2020)). Richardson has failed at every stage of litigation to establish standing that he is himself the object of an action (or forgone action) by Defendant Hancock. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiff continually confuses the rejection by the EVBB of his early vote ballot by mail with the statutory duties and responsibilities of Defendant Hancock. Further, Richardson is not seeking to validate his early vote ballot by mail, he challenges only the EVBB's "signature-verification process" for mail-in ballots established by Texas Election Code §§ 87.041 (b)(2), (e) and (f). As previously stated, such a challenge to the Texas Election Code "is, without question, fairly traceable to and redressable by ... its Secretary of State, who serves as the 'chief election officer of the state.'" *Texas Democratic Party v. Abbott*, No. 20-50407, 2020 WL 2982937, at *6 (5th Cir. June 4, 2020) (*quoting OCA-Greater-Houston*, 867 F.3d at 613). It is the Secretary of State that "has the power to take appropriate action to protect Texans' voting rights from abuse by the authorities administering the state's electoral processes." *Id.* (internal quotations omitted). The Secretary of State has the duty to "'obtain and maintain uniformity in the application, operation, and interpretation of" Texas's election laws, including by 'prepar[ing] detailed and comprehensive written directives and instructions relating to' those vote-by-mail rules." *Id.* (*quoting* TEX. ELEC.

CODE § 31.003). Therefore, Richardson failed to establish standing under Article III of the Constitution against Defendant Hancock and his claims should be dismissed in their entirety against Defendant Hancock.

In her Response, Weisfeld does not address Hancock's summary judgment and does not allege that she has standing against Defendant Hancock. It is clear that all allegations and claims asserted by Weisfeld are against Defendant McAllen City Secretary. Therefore, Weisfeld fails to establish standing under Article III of the Constitution and her claims should be dismissed in their entirety against Defendant Hancock.

Identical to Richardson's claims, Austin Justice, CTD, MOVE and the League challenge only the "signature-verification process" for mail-in ballots established by Texas Election Code §§ 87.041 (b)(2), (e) and (f). These associational/organizational Plaintiffs have also failed at every stage of litigation to establish standing. In order to have standing for an association or organization, the association or organization must also meet all of the well-known requirements of *Lujan*:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*OCA-Greater Houston v. Texas*, 867 F.3d 604, 609-610 (5th Cir. 2017)(*quoting Lujan,* 504 U.S. at 560–61). As with Richardson, these Plaintiffs confuse the process of reviewing and determining whether to accept an early voting ballot by an EVBB or signature verification committee with the statutory duties and responsibilities of Defendant Hancock. These Plaintiffs failed to establish that a concrete and particularized injury occurred or that there is any actual or imminent threat of injury that is not conjectural or hypothetical by Defendant Hancock. They failed to establish that there is

a causal connection between any alleged injury and Defendant Hancock. Finally, they could not demonstrate that any alleged injury would be adequately redressed by a judicial decision against Defendant Hancock, such an assertion would be merely speculative.  For these reasons, Austin Justice, CTD, MOVE and the League failed to establish standing under Article III of the Constitution and their claims should be dismissed in their entirety against Defendant Hancock.

Defendant Hancock requests that the Court grant her Motion for Summary Judgment (Dkt. 66) and deny all relief requested by the Plaintiffs against her.

Respectfully submitted,

*/s/ J. Eric Magee*
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com
**ALLISON, BASS & MAGEE, L.L.P.**
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile
*Attorneys for Brazos County Elections Administrator Trudy Hancock*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ J. Eric Magee*
J. Eric Magee