IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DR. GEORGE RICHARDSON, et al. § | |
| § | |
| *Plaintiffs*, § | |
| § | Civil Case No. 5:19-cv-00963 |
| v. § | |
| § | |
| TEXAS SECRETARY OF STATE, et al., § | |
| § | |
| *Defendants*. § | |

**INTERVENORS' MOTION FOR STAY
PURSUANT TO THE FIRST-TO-FILE RULE**

Federico Flores, Jr., Maria Guerrero, and Vicente Guerrero (collectively "Intervenors" or "*Flores* Plaintiffs") respectfully request that this Court stay this action in light of and pending a ruling forthcoming in *Flores et al. v. Hughs et al.*, No. 7:18-cv-00113 (S.D. Tex. 2018) ("*Flores* Litigation") (**Exhibit 1**). Like the Plaintiffs here, the *Flores* Plaintiffs challenge Texas's process regarding rejection of mail-in ballots for perceived signature mismatch as a violation of procedural due process. The *Flores* Plaintiffs' claims for declaratory and injunctive relief were filed against the Texas Secretary of State and the Starr County Early Voting Ballot Board members, and removed to the Southern District of Texas over two years ago, and sixteen months before the instant lawsuit was filed in the Western District of Texas. *Flores* Litigation ECF No. 1 (Exhibit 1). In fact, the *Flores* court has already heard and denied the Secretary's arguments in defense of the challenged statutory procedure. Judge Ricardo H. Hinojosa stated on the record that Texas Election Code § 87.127(a)'s procedure "doesn't even come close to satisfying the ability to have some procedural due process."

1

Intervenors' Mtn. to Stay

*Flores* Transcript, Oct. 16, 2019 Motions Hrg., at 5:17-21 (**Exhibit 3**). Judge Hinojosa has denied the dispositive motions of both the Secretary of State and the Starr County EVBB Defendants, and requested that the Plaintiffs amend their motion for summary judgment to focus on the specific remedy they desire. *See id.* at 26:5-9. The remedy briefing has now been complete as of April 29, 2020. *Flores* Litigation ECF No. 99 (Exhibit 1).

Given the substantial overlap between these related matters, Intervenors respectfully request that this Court stay this matter pending resolution in the court in which the first-filed action is pending.

Counsel for Intervenors has conferred with counsel for the existing Parties regarding this motion. Defendant Perla Lara, in her official capacity as the City Secretary of the City of McAllen, Texas, is unopposed. Counsel for Intervenors e-mailed the Secretary of State's counsel in the Richardson Litigation on August 19, 2020 (the date of this filing), and has not received an indication. However, Intervenors' counsel has conferred extensively with the Secretary's counsel in the Flores Litigation and has been assured that the Secretary opposes all opportunities for Intervenors to acquire relief. Consequently, Intervenors consider the Secretary opposed. All other counsel have indicated that they are opposed.

## BACKGROUND

### I. The First Filed Suit

Intervenors' lawsuit was initially removed to the Southern District of Texas on April 14, 2018. *Flores* Litigation ECF No. 1 (Exhibit 1). The First Amended Complaint adding the voter-Plaintiffs was filed November 30, 2018 (*Flores* Litigation ECF No. 24 (Exhibit 1)), and all parties renewed their dispositive motions on November 30, 2018.

*Flores* Litigation ECF Nos. 22-23, 25 (Exhibit 1). The court set a hearing to consider those motions on March 19, 2019. At the March hearing, the Court declined to rule on the Parties' motions and instead set another hearing and allowed for the Parties to conduct additional discovery. *Flores* Litigation ECF Nos. 17-19 (Exhibit 1).

All parties filed amended motions on the deadline for dispositive motions on July 29, 2019. *Flores* Litigation ECF Nos. 65-67 (Exhibit 1).

The *Flores* court once again held a hearing regarding the Parties' motions on October 10, 2019. *Flores* Litigation ECF No. 80 (Exhibit 1). During that hearing, the court recognized the weight of federal case law holding that mail-ballot signature-matching regimes like Texas's—lacking an adequate notification and cure procedure that would allow the voter to ensure his or her ballot is counted in the election—violate due process. The court also recognized the gravity of the underlying right at risk of deprivation by these inadequate procedures: the right to vote. While the Secretary argued that the ability of the "county election officer" to seek an injunction at his or her discretion under current Election Code § 87.127(a) offered an adequate procedural protection for the voter, the court rejected that argument. The court recognized—as the *Flores* Plaintiffs had pointed out—that the ability of the "county election officer" (not the voter) to potentially (in his or her discretion) petition a court for the extraordinary remedy of an injunction was an "inadequate" protection, *Flores* Hearing Trans. (Oct. 16, 2019) at 8:24 (Exhibit 3), both because there is no guarantee of timely notice under Texas's statutory regime, *id.*, and even if there were, the suggested remedy is not available to the individual voter, i*d*. at 4:10-25 ("The State statute doesn't provide any personal remedy to you other than maybe somebody might make the Complaint.… [T]here's nothing left to the individual voter.").

Rather than issue an order at that hearing, the court extended an opportunity to the Secretary of State to further digest the case law, strongly suggesting that the Secretary should explore the possibility of reaching a settlement with the [*Flores*] Plaintiffs "to try to fix this for the future and everybody else, including [the *Flores* Plaintiffs]."[1] The court set a status conference for December 12, which was then canceled (on December 9) and re-set for March 25, 2020.

At the third motions hearing on March 25, 2020, Judge Hinojosa denied the dispositive motions filed by the Secretary and the EVBB Defendants.[2] While the Court recognized that "all that can be said here is that [Texas Election Code §87.127(a) is] an unconstitutional provision," *Flores* Hearing Trans. (Oct. 16, 2019) at 24:22-25 (**Exhibit 3**), it did not grant Plaintiffs' motion in favor of further briefing on the appropriate remedy. *Id*. at 27:21-25; 28:1-3. At this hearing, Judge Hinojosa indicated that he was not likely to rule prior to the July 2020 runoff elections.

Pursuant to the court's request for further remedy briefing, Plaintiffs filed their *Second Amended Motion for Summary Judgment* on April 1, 2020, describing the precise remedy they propose—a simple cure declaration to be executed by a voter whose ballot has been slated for rejection for signature discrepancy. *Flores* Litigation ECF No. 94 (Pls.' Sec. Am. Mot. for Summ. J.) (**Exhibit 4**). Plaintiffs submitted a proposed form cure declaration to the court. The Secretary and the EVBB Defendants responded to the Flores Plaintiffs' proposed remedy, and briefing on the remedy was completed with the filing of Plaintiffs' reply on April 29, 2020. *Flores* Litigation ECF No. 99 (Exhibit 1).

---

[1] *Flores* Hearing Trans. (Oct. 16, 2019) at 26:5-9 (**Exhibit 3**).
[2] While the court granted EVBB's Defendants' motion in part on their claims for qualified immunity, it denied it as to the claims in their official capacity. *See Flores* Litigation ECF docket entry (Mar. 25, 2020) (Exhibit 1).

On May 1, 2020, Starr County Democratic Party ("SCDP") moved to intervene in order to seek an injunction in advance of the July 2020 primary runoff elections. *Flores* Litigation ECF No. 70 (Exhibit 1).  SCDP made clear that it was not seeking to add any claims or arguments, but instead expressly adopted the *Flores* Plaintiffs' position and proposed remedy.  *Id*. at 6-7.  The *Flores* Plaintiffs filed a motion for entry of judgment on June 2, 2020.  *Flores* Litigation ECF No. 107.  Judge Hinojosa has not yet ruled on SCDP's motion to intervene, but Intervenors anticipate a ruling soon, as the July Runoffs have now been conducted.  Intervenors are filing a motion in the *Flores* Litigation this week as well, seeking entry of judgment and, if necessary to provide Judge Hinojosa time to resolve the case, a stay of the litigation of this claim in this court until he issues his judgment.

## II.  The *Richardson* Litigation

Sixteen months after the *Flores* Litigation was filed, a complaint was filed in this Court against the Texas Secretary of State, the Brazos County Elections Administrator, and the McAllen City Secretary. (*Richardson* Litigation ECF No. 1) ("*Richardson* Litigation").  Like the *Flores* Litigation, this lawsuit also challenges the Election Code's signature mismatch provisions as violative of voters' due process rights under the Fourteenth Amendment.  *Id*. at 18-24.  The *Richardson* Plaintiffs argue that the signature mismatch provisions violate equal protection, the Americans with Disabilities Act, and the Rehabilitation Act of 1973.  *Id*. at 21-24

On June 22, the parties filed cross motions for summary judgment.  *Richardson* Litigation ECF No. 64-70.  In her motion, the Secretary argues that Plaintiffs lack standing because they cannot show associational standing, or cannot show causation

and redressability in regards to their claims against the Secretary. *Richardson* Litigation ECF No. 70 at 25-26. The Secretary further argues that, even if the *Richardson* Plaintiffs had standing that under the *Anderson-Burdick* test, the signature mismatch provisions do not impose a severe burden on voters' rights, are supported by an important interest in election integrity, and adequate alternative processes exist in the form of an election contest and Texas Election Code § 87.217(a). *Id.* at 22-27. While the Secretary addresses the *Richardson* Plaintiffs' claims under the Equal Protection Clause and the ADA, this is dispensed of briefly. *Id.* at 28-31.

Likewise, the *Richardson* Plaintiffs' motion for summary judgment places the same due process concerns at the forefront: The fact that "Texas's current election system leaves mail-in voters vulnerable to the outright violation of their fundamental right to vote by forcing their ballots to undergo an arbitrary and error-prone signature comparison procedure that provides no meaningful notice and cure protections." *Richardson* Litigation ECF No. 65 at 1. Principally amongst their claims, the *Richardson* Plaintiffs assert their right to vote is at risk of erroneous deprivation and, as there is no sufficient remedy process, "the Texas Election Code violates the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, the ADA, and the RA." *Id.* at 29. Just as was the case in the *Flores* litigation, the *Richardson* Plaintiffs' motion argues that *Mathews* and not *Anderson-Burdick* is the appropriate standard. *Id.*

Despite the *Richardson* Plaintiffs' vast legal resources, it was not until June 22, 2020, that Plaintiffs in this lawsuit filed for summary judgment. *Id.* That is, more than one year after Intervenors' outstanding motion had been filed.

6

Intervenors' Mtn. to Stay

**ARGUMENT**

When substantial overlap is found between proceedings before two courts, "[t]he Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed," and, "[t]herefore, the 'first to file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Jaye v. Crane Merch. Sys., Inc.*, 3:19-CV-1523-X, 2020 WL 406942, at *2–3 (N.D. Tex. Jan. 24, 2020) (quoting *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997)); *Parallel Networks, LLC v. Microsoft Corp.*, 2:09-CV-172, 2009 WL 10708739, at *2 (E.D. Tex. Aug. 3, 2009). If a parallel action is before another federal district court, as is the case here, "the general principle is to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The concerns underlying the rule "manifestly [are] to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985). A stay eliminates concerns of duplicative litigation and may be appropriate. *W. Gulf Mar. Ass'n*, 751 F.2d at 729; *see also Clark v. Lacy*, 376 F.3d 682, 687 (7th Cir. 2004).

Substantial overlap can exist even when the cases are not identical and the parties are different. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997); *W. Gulf Mar. Ass'n*, 751 F.2d at 729 n.1; *Jefferson v. Mae*, 3:14-CV-00917-N-

BK, 2014 WL 12639946, at *2 (N.D. Tex. Sept. 4, 2014) (citing *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011). "[R]egardless of whether or not the suits here are identical, if they overlap on the substantive issues, the cases would be required to be consolidated in ... the jurisdiction first seized of the issues." *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 408 (5th Cir. 1971). In the Fifth Circuit, "[w]here the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Save Power,* 121 F.3d at 951.

Here, Intervenors' suit was removed to the Southern District of Texas on April 16, 2019, more than one year before the *Richardson* Plaintiffs' suit was even filed. *Flores* Litigation ECF 1 (Exhibit 1). Likewise, Intervenors' outstanding amended motion for summary judgment was filed on July 29, 2019, almost an entire year before the *Richardson* Plaintiffs' motion for summary judgment filed on June 22, 2020. *Flores* Litigation ECF 67 (Exhibit 1). These two cases are both brought against the same primary defendant and are centered on the same legal claim. That is, that the Election Code's signature mismatch requirement as enforced by the Texas Secretary of State violates due process.

The arguments made by the Secretary of State, with regards to voters' due process, have already been disposed of by the Flores court when it rejected the Secretary's motion for summary judgment. Relying principally on *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181 (2008), the Secretary reasserted in her motion for summary judgment here (filed on June 22, 2020) that, even if she were a proper party, any burdens on voting rights are not severe because they are no worse than those placed

on in person voting. *Richardson* Litigation ECF No. 70 at 25. This is the exact argument made—almost verbatim—by the Secretary in her motion for summary judgment filed in the *Flores* Litigation on July 29, 2019, *Flores* Litigation ECF No. 65 at 15 (**Exhibit 5**),—an argument already denied by the *Flores* court in October 2019, nine months before the Secretary reasserted the same arguments in this court. The Secretary also relies on the same important interests—"integrity of the election process"—in both cases to justify the burdens placed on voters. *See e.g. Richardson* Litigation ECF No. 70 at 25-26. Further, despite the fact that the *Flores* court already flatly stated that Texas Election Code § 87.127(a)'s procedure "doesn't even come close, to satisfying the ability to have some procedural due process," *Flores* Hearing Trans. (Oct. 16, 2019) at 5:17-21 (Exhibit 3), the Secretary still relies on this as an "alternate process" in her motion here. *Richardson* Litigation ECF No. 70 at 27. The Secretary's due process arguments currently being asserted here have already been rejected by the *Flores* court when it denied her motion for summary judgment and began remedy briefing in this litigation. That briefing has been completed since April 29, 2020. *Flores* Litigation ECF No. 99 (Exhibit 1).

## CONCLUSION

Under the first to file rule, it is the responsibility of the *Flores* court, as the first-filed court, to resolve this substantially similar matter. Accordingly, Intervenors respectfully request this Court stay Plaintiffs' later filed action until the court of the first-filed suit may come to its determination on the motions pending before it.

        Respectfully submitted,

        /s/Austin Whatley
        NAJVAR LAW FIRM, PLLC
        *Austin M.B. Whatley*
        Tex. Bar No. 24104681
        S.D. Tex. No. 3348472
        281.410.2003 [Phone]
        austin@najvarlaw.com
        2180 North Loop West, Ste. 255
        Houston, TX 77018
        281.410.2003 phone
        281.582.4138 fax

*Of counsel:*
NAJVAR LAW FIRM, PLLC
*Jerad Wayne Najvar*
Tex. Bar No. 24068079
S.D. Tex No. 1155651
jerad@najvarlaw.com
281.404.4696 phone
281.582.4138 fax
Houston, TX 77018
*Lead Counsel for Intervenors*

### CERTIFICATE OF CONFERENCE

      Counsel for Intervenors has conferred with counsel for the existing Parties regarding this motion. Defendant Perla Lara, in her official capacity as the City Secretary of the City of McAllen, Texas, is unopposed. Counsel for Intervenors e-mailed the Secretary of State's counsel in the Richardson Litigation on August 19, 2020 (the date of this filing), and has not received an indication. However, Intervenors' counsel has conferred extensively with the Secretary's counsel in the Flores Litigation and has been assured that the Secretary opposes all opportunities for Intervenors to acquire relief. Consequently, Intervenors consider the Secretary opposed. All other counsel have indicated that they are opposed.

        /s/ Austin Whatley
        Austin Whatley

10

Intervenors' Mtn. to Stay

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on August 19, 2020, the foregoing document, along with any exhibits and proposed order, was served on all counsel of record in this matter by means of the court's CM/ECF system.

*/s/ Austin Whatley*
Austin Whatley
