UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DR. GEORGE RICHARDSON, ROSALIE WEISFELD, AUSTIN JUSTICE COALITION, COALITION OF TEXANS WITH DISABILITIES, MOVE TEXAS CIVIC FUND, LEAGUE OF WOMEN VOTERS OF TEXAS, and AMERICAN GI FORUM OF TEXAS, INC., | § § § § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Case No. 5:19-cv-00963-OLG |
| TEXAS SECRETARY OF STATE, TRUDY HANCOCK, in her official capacity as BRAZOS COUNTY ELECTIONS ADMINISTRATOR, and PERLA LARA in her official capacity as CITY OF MCALLEN, TEXAS SECRETARY, | § § § § § § | |
| *Defendants*. | § § | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO FLORES PLAINTIFFS' MOTION TO INTERVENE AND MOTION TO STAY**

On August 19, 2020, after more than a year of litigation, discovery, dispositive motions, orders, briefing, and cross-motions for summary judgment in this case, plaintiffs in a separate action pending in the Southern District of Texas ("Flores Plaintiffs") filed a motion to intervene ("Motion to Intervene") in this case with the intention of staying the proceedings and preventing this Court from issuing a ruling on summary judgment. *See* Doc. 86. This Motion to Intervene fails to meet the basic requirements of Federal Rule of Civil Procedure 24—it is not timely, it will unduly delay and prejudice the rights of the original Plaintiffs in this case, and it is not accompanied by "a pleading that sets out the claim or defense for which intervention is sought." FED. R. CIV. P. 24. Accordingly, Plaintiffs request that the Court deny the Motion to Intervene and

strike the Flores Plaintiffs' request for permissive intervention, motion to stay, and accompanying

exhibits (Doc. 86 & Exhibits 1–7).

**A.** **<u>The Motion to Intervene Is Untimely.</u>**

The Federal Rules require that a permissive intervention may only be granted "on *timely*

motion" by the parties seeking to intervene. FED. R. CIV. P. 24(b)(1) (emphasis added); *NAACP v.*

*New York*, 413 U.S. 345, 365 (1973) ("If it is untimely, intervention must be denied."). The Fifth

Circuit has developed a framework of factors that courts should use to evaluate the timeliness of a

motion to intervene, including:

1. "The length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene";

2. "The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case";

3. "The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied"; and

4. "The existence of unusual circumstances militating either for or against a determination that the application is timely."

*Edwards v. City of Houston*, 37 F.3d 1097, 1105 (5th Cir. 1994). Each of these factors weigh in

favor of finding that the Flores Plaintiffs' intervention is untimely.

First, the Flores Plaintiffs have been aware of this case since it was filed or soon after, and

only choose now, at the 11th hour, to seek to intervene and attempt to stay this case. This is

apparent from the October 2019 transcript cited as "Exhibit 3" to their Motion to Intervene. There,

an exchange between counsel and the court shows both that the Flores Plaintiffs were aware of

this case long ago, and that the court there considered the Flores matter to be in its very early

stages, even suggesting that it would have been appropriate for the Flores Plaintiffs to await a

decision from this Court:

| | |
|---|---|
| MR. ABRAMS: | And, Your Honor, there is another -- which I'm sure the Court is aware -- there is another lawsuit in San Antonio. |
| THE COURT: | Well, you should have told me that at the very start. I would have gladly waited for that one to be done. |
| MR. ABRAMS: | Well that one is in its infancy. It's just -- |
| THE COURT: | Well, it isn't like we've gone past the childhood very much here. |
| MR. ABRAMS: | Your Honor, that -- |
| THE COURT: | I still – we're still not walking even. |
| MR. ABRAMS: | That case is -- I think a motion to dismiss has been filed, but it's still pretty new. But there is a -- |
| THE COURT: | And is it in Federal Court? |
| MR. ABRAMS: | It is, Your Honor. |
| THE COURT: | Okay and who's the judge in that case? |
| MR. ABRAMS: | It is Judge Orlando Garcia in San Antonio. |
| THE COURT: | I would suspect that he would read these cases and is going to. If you want me to wait for him to do it, I'll be glad to. |

Doc 86, Exhibit 3 (Flores Hearing Trans. of Oct. 16, 2019) at 26:21–27:19. The Flores Plaintiffs'

motion attempts no justification for this lengthy delay in seeking intervention, and instead

obfuscates the timeline by disingenuously stating that they were aware of this case in "early 2020."

Doc. 86 at 9.

Moreover, the Flores Plaintiffs' argument that "the need for intervention here was not

apparent" until recently is also without merit. Doc. 86 at 10. By the October 2019 hearing quoted

above, Plaintiffs here had filed their Complaint, Defendants had filed their respective motions to

dismiss, and the parties were briefing these motions. *See* Docs. 1, 27, 29, 30, 32. Plaintiffs'

Complaint was never amended, and Plaintiffs have never altered their requested relief. As the Fifth

Circuit recently made clear, "the relevant starting point [in determining timeliness of intervention]

is not when [intervenor] knew or should have known that his interests would be adversely affected

but, instead, when he knew he had an interest in the case." *St. Bernard Parish v. Lafarge N. Am.,*

*Inc.*, 914 F.3d 969, 974 (5th Cir. 2019). Since its inception—and certainly since the October 2019 hearing—nothing has happened that would alter any interests the Flores Plaintiffs might have in this case. The Flores Plaintiffs cannot now simply rely on their subjective and conclusory determination that intervention was unnecessary at an earlier date to justify their late intervention on the eve of summary judgment.

Second, as noted above, this case has now been pending for more than a year, and has involved extensive written discovery, depositions, expert reports, dispositive motions, a comprehensive order denying motions under Rule 12, and briefing and cross-motions for summary judgment. This case is now in its final stages with all parties having sought judgment from the Court short of a trial. Accordingly, any contention that intervention, a stay, consolidation, or similar action would save judicial or party resources is moot, as the parties and the Court have already expended these resources. And importantly for the factors of timeliness, the parties and the Court would likely not have expended these resources if the Flores Plaintiffs had meritorious grounds for intervention and a stay that were set forth at the proper time.

Third, the Flores Plaintiffs contend only that they would be prejudiced if not permitted to intervene in this case because it might affect their "right to exercise control over the appropriate relief" that would be fashioned in their own case. Doc. 86 at 10. Of course, this is the exact same prejudice that the Flores Plaintiffs seek to impose on Plaintiffs in this case. At its core, the Flores Plaintiffs are concerned that this Court will either entertain claims from Defendants that have been orally rejected by the Flores court, or that this Court will enter some relief different from that which they seek, thereby complicating their case. At most, these concerns are appropriate for amicus consideration. And, the Flores Plaintiffs remain free to seek leave to file a non-party advisory with this Court related to the specifics of the Flores court's rulings and any appropriate relief.

Accordingly, the alleged prejudice by denying an intervention is illusory. Moreover, the potential prejudice claimed by the Flores Plaintiffs is premised on their assumption that this Court would do anything other than entering a judgment that is in accordance with the law and that is consistent with other courts' rulings, or that this Court would enter an inappropriate remedy by its judgment. This assumption should be rejected outright as a basis for establishing prejudice.

Finally, the "unique circumstances" identified by the Flores Plaintiffs do not justify their untimeliness in intervening. As an initial matter, the "unique circumstances" that they identify have nothing to do with why the untimeliness of their intervention should be excused, but rather, only discuss reasons they believe their case is better situated to be decided first. These do not weigh at all on the question of timeliness.

Nevertheless, considering these "unique circumstances" also shows why the Motion to Intervene is improper. Among the "unique circumstances," the Flores Plaintiffs identify first the public interest in having an appropriate remedy in place prior to the November election. However, the Motion to Intervene fails to address at all why this Court or Plaintiffs in this case are not capable and entitled to craft such a remedy based on the properly pled claims here that have also been litigated for over a year. Furthermore, the Flores Plaintiffs fail to show any proof that the Flores court will decide the case soon. By all appearances, this Court is more likely to rule before the November Election than the Flores court. This lawsuit has progressed faster than the Flores case. The Flores court has ruled against the Flores Plaintiffs on dispositive motions multiple times throughout the case's history, including at one point dismissing all of the then-plaintiffs in the case. Doc. 86, Exhibit 1 (Flores Docket Report, March 19, 2019 Docket Entry granting Docket 22 and 23 and March 25, 2020 Docket Entry denying Docket 67). The Flores court not only denied Defendants' motions for summary judgment during the March 25, 2020 hearing, but also denied

the Flores Plaintiffs' motion for summary judgment. *Id.* (March 25, 2020 Docket Entry denying Docket 65, 66, and 67, and allowing the Flores Plaintiffs for refile their motion for summary judgment). As a result, there is no guarantee that the Flores court will grant their Second Amended Motion for Summary Judgment anytime soon. The Flores court also has not issued a written opinion on the substantive legal issues in that case whereas this Court has issued an extensive opinion denying Defendants' motions to dismiss, which already analyzes in detail the legal issues pending in the parties' cross-motions for summary judgment. *See* Doc. 41. Additionally, the Flores Plaintiffs' most recent motion for summary judgment was fully briefed in April and their motion for judgment was fully briefed in June and both are still pending. Doc. 86,  Exhibit. 1. Last, Plaintiffs in this case have requested in their motion for summary judgment the Court expedite a decision on this matter pursuant to 28 U.S.C. § 1657, which also may indicate this Court is in a better position to issue a timely ruling on the merits involved in this case. Doc. 65 (Plaintiff's MSJ) at 5 n.8.

Second, the Flores Plaintiffs contend that the fact that the Flores court has orally rejected arguments by a common Defendant in the two cases makes that court better suited to order relief. While it is unclear exactly what was argued during the March 2020 hearing since the transcript has not been provided and access to it is restricted on PACER, if that court is closer to issuing judgment than this Court, then no stay of this case would be needed, and in any event, as discussed earlier, that court's oral orders denying dispositive motions and discussions of legal issues do not compare to the extensive written opinion this court has issued when denying Defendants' various motions to dismiss—an order which the Flores court likely had in-hand when orally denying Defendants' dispositive motions in that case. Last, the third "unusual circumstance" claimed is simply that the

first-to-file rule should apply. The improper reliance and incomplete representations made to the Court on this point are addressed below. *Infra* § C.

**B.   Flores Plaintiffs Seek Intervention *Only* for Purposes of Delay and They Advance No Claims or Defenses in This Case.**

Federal Rule of Civil Procedure 24 requires that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). Notably, this rule extends the inquiry of prejudice not just to the prejudice caused by a *late* intervention, but also to the prejudice caused by the intervention itself, whether timely or not. The Flores Plaintiffs have made clear that they seek to intervene in this case *solely* to delay the adjudication of Plaintiffs' claims. *See* Doc. 86 at 10 ("Intervenors seek only a temporary stay of the instant litigation . . . .").

As Plaintiffs have indicated to this Court through numerous briefings, their claims in this case are time-sensitive considering the impending general election scheduled for November 3, 2020, their intention to vote by mail in that election, and the expected massive increase in mail-in ballots used due to the COVID-19 pandemic. *See, e.g.*, Doc. 65 (Plaintiffs' MSJ) at 4, 23, 32. Any delay in consideration of these claims will severely prejudice Plaintiffs' right to a timely adjudication of their claims. Further, the Motion to Intervene presupposes that a delay will actually occur: either the Flores case will be decided first, in which case the intervention and stay would be unnecessary, or the Flores case will be decided at some indefinite time after this Court would have issued judgment here, necessarily delaying adjudication of Plaintiffs' rights. Also, if the intervention and a stay were permitted, Plaintiffs here would suffer additional prejudice on appeal. Abstaining from entering judgment in this case would likely prevent Plaintiffs here from participating as a party on issues affecting their claims on appeal, or, if Plaintiffs here are forced to subsequently intervene in the Flores case, they may be required to defend potentially inferior

claims based on the standing and injuries to the Flores Plaintiffs as opposed to what Plaintiffs believe are their own superior claims. *Compare Flores* Docs. 67, 71 (Flores Plaintiffs' dispositive briefing) *with Richardson* Doc. 65 (Plaintiffs' MSJ).

Additionally, the Flores Plaintiffs explicit statement that they seek only a delay of judgment in this case, and their failure to file with their motion any pleading outlining claims or defenses related to the issues already presented to the Court, or upon which the Court could grant final judgment, require the Court to deny the motion and strike their intervention. *See* FED. R. CIV. P. 24(c) ("The motion [to intervene] must . . . be accompanied by a pleading that sets out the claim or defense for which intervention is sought."). The Flores Plaintiffs have filed no pleading seeking affirmative relief from the Court on issues related to the merits of this case, and their only request— a stay—does not satisfy this mandatory requirement as it shares no common question of law or fact with the claims at issue, but rather seeks relief entirely separate from any claims against the Defendants. It is not enough that would-be intervenors have some interest in a case; Rule 24 requires them to specifically articulate those interests by fashioning affirmative claims or defenses upon which the Court could grant judgment. The Flores Plaintiffs have failed to plead any such claims or defenses and therefore their Motion to Intervene must be denied.

**C. Flores Plaintiffs' Reliance on the "First-to-File" Rule is Misguided, The Time for Invoking This Rule Has Passed, and Compelling Circumstances Exist Barring its Application.**

The Flores Plaintiffs rely on the concept of "first-to-file" as a basis for depriving this Court of its jurisdiction to consider the merits of the claims in this case, and Plaintiffs here of their right to a timely adjudication of their claims. While the Flores Plaintiffs' intervention should be denied outright as untimely, unduly prejudicial, and for its failure to comply with Rule 24 pleading

requirements, if an intervention were permitted, the Flores Plaintiffs are still not entitled to a stay of this case based on the first-to-file rule.

The first-to-file rule permits a court to abstain from consideration of a similar case through consolidation or other means "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985). "Even when two cases substantially overlap, however, courts may exercise their discretion and decline to apply the rule based on 'compelling circumstances.'" *Hart v. Donostia LLC*, 290 F. Supp. 3d 627, 630 (W.D. Tex. 2018) (citing *Mann Mfg., Inc. v. Hortex, Inc*., 439 F.2d 403, 407 (5th Cir. 1971)). "The factors guiding the rule's application are ultimately 'equitable in nature,' and lower courts are left an 'ample degree of discretion.'" *Hart*, 290 F. Supp. 3d at 630 (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co*., 342 U.S. 180, 183–84 (1952)). "Where the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp*., 665 F.3d 671, 678 (5th Cir. 2011) (citations omitted).

First, and tellingly, the Flores Plaintiffs are not entirely forthcoming with this Court about the history of their case. While it was originally filed in 2018, the original plaintiffs in that case were dismissed for lack of standing. Rather than dismissing the case when all of the plaintiffs and claims had been dismissed, the district court permitted counsel to file an "amended" complaint that included entirely different Plaintiffs, and, therefore, entirely new claims. This amended complaint was not filed by the Flores Plaintiffs until May of 2019, when the case effectively restarted. This is apparent from the transcript quoted above, where the Flores court notes that by

October of 2019, both this case and the Flores case were effectively at the same stage of litigation. Yet the Flores Plaintiffs never moved for a consolidation or transfer.

While Plaintiffs do not dispute that the Flores case was filed before this case, the "first-to-file" rule does not result in—including in any case cited by the Flores Plaintiffs or otherwise—an indefinite stay of a second-filed case when that case has different parties and different claims. Rather, at its most expansive, such parties and claims might be consolidated with a first-filed case under this rule, but not indefinitely stayed as the Flores Plaintiffs seek to do here. The first-to-file rule is almost exclusively invoked by defendants to consolidate groups of plaintiffs—often in class actions—to prevent multiplication of litigation. Unless those plaintiff classes were identical or inclusive of one another, every case applying this rule has *transferred* and *consolidated* cases, not simply *stayed* them. *See, e.g.*, *Save Power Ltd. v. Syntek Finance Corp*. 121 F.3d 947, 951 (5th Cir. 1997); *Mann Mfg., Inc. v. Hortex, Inc*., 439 F.2d 403, 408 (5th Cir. 1971).

Unlike the Flores case, in this case Plaintiffs bring multiple additional claims for relief (an Equal Protection Claim and a claim under the Americans with Disabilities Act of 1990 and Rehabilitation Act of 1973), bring suit on behalf of a comprehensive group of organizational plaintiffs involved in helping voters with mail-in ballots, show that individual Plaintiffs George Richardson and Rosalie Weisfeld will vote by mail again in November as well as in other future elections, and sue local Early Voting Clerks that caused injury to these individual Plaintiffs. This case and the Flores case are clearly cases "[w]here the overlap between [the] two suits is less than complete," requiring a "case by case" determination regarding the applicability of the first-to-file rule, and for which the first-to-file rule would be inapplicable or, at the very least, would never justify an indefinite stay or dismissal. *See Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp*., 665 F.3d 671, 678 (5th Cir. 2011).

First, compelling circumstances render the first-to-file rule inapplicable. The public interest factors of a speedy resolution, which, as explained earlier, is more likely to happen in this Court, and the familiarity of this Court with the law that will govern the case evidenced by this Court's extensive opinion denying Defendants' motions to dismiss, both support not applying the first-to-file rule. *Hart*, 290 F. Supp. 3d at 633–34; *supra* § A; Doc. 41.

Second, even assuming that a *consolidation* may have been within the Court's discretion at some time in the past—as the first-to-file rule would never have justified an indefinite stay— the time for such consolidation has passed. Consolidation is meant to prevent duplication and waste (concerns that are now moot as this case has been fully litigated up to summary judgment) and to prevent potentially conflicting rulings (also moot as this Court has already issued a significant written order bearing on the merits of this case). Both this Court and the Flores court recognize that any consolidation should happen early in the proceedings, as both courts issued scheduling order deadlines to join additional parties that have long since passed. Accordingly, any motion to consolidate—or any invocation of the first-to-file rule whatsoever—is untimely.

Finally, while perhaps not intentional, this late attempt to stay the proceedings in this case may implicate the type of "bad faith conduct" that courts have ruled will bar the application of the first-to-file rule. *See, e.g.*, *Sirius Compu. Sols., Inc. v. Sparks*, 138 F. Supp. 3d 821, 827 (W.D. Tex. 2015). Specifically, if the Flores Plaintiffs are permitted to invoke this rule at this very late stage of the proceedings while not seeking to consolidate the case at its filing, Plaintiffs here would be made subject to this rule without any of the accompanying rights that would come with a consolidation, such as pursuing their claims simultaneously in a consolidated case. Or, in other words, the Flores Plaintiffs would effectively have invoked the first-to-file rule to set the venue and to seek relief on their claims while simultaneously preventing Plaintiffs in this case from either

11

pursing their claims in this separate lawsuit *or* as consolidated parties in the first-filed case. This would be an abusive application of the first-to-file rule and is sufficiently compelling to require that the rule be disregarded.

**D.** **In the alternative, Flores Plaintiffs should only be permitted to intervene for the limited purposes of advising the Court on a remedy, if applicable.**

While the Flores Plaintiffs have failed to meet the basic prerequisites for intervention in this case and such intervention would severely prejudice the current parties to the case, if the Court were nevertheless to permit intervention, that intervention should be, at most, limited to crafting a remedy that would affect the Flores Plaintiffs rights in the event that this Court entered summary judgment in favor of Plaintiffs prior to or simultaneously to the Flores court. Rule 24 provides for "limited-in-scope intervention," including post-judgment intervention for purposes of appeal, to participate in future remedial proceedings, and other situations in which "getting all interested parties to the table promotes an effective and fair solution, but preventing an expansion of the scope is necessary to keep control of the case." *See U.S. v. City of Detroit*, 712 F.3d 925, 931–32 (6th Cir. 2013) (citing Rule 24 advisory committee's note, 1966 amendments). Such a limited-in-scope intervention would negate any need for a stay in this case and address the Flores Plaintiffs' alleged concern that this court may enter a remedy affecting their rights.

PRAYER

For the forgoing reasons, Plaintiffs request the Court deny the Motion to Intervene, strike the Flores Plaintiffs' intervention, motion to stay, and accompanying materials (Doc. 86 & Exhibits 1–7), and proceed to consideration of the parties' cross-motions for summary judgment.

Respectfully submitted,

/s/   *Ryan V. Cox*

**TEXAS CIVIL RIGHTS PROJECT**

12

Mimi M.D. Marziani
Texas Bar No. 24091906
mimi@texascivilrightsproject.org
Hani Mirza
Texas Bar No. 24083512
hani@texascivilrightsproject.org
Ryan V. Cox
Texas Bar No. 24074087
ryan@texascivilrightsproject.org
Zachary D. Dolling
Texas Bar No. 24105809
zachary@texascivilrightsproject.org

1405 Montopolis Drive
Austin, Texas 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)

**WILLKIE FARR & GALLAGHER LLP**

Richard Mancino (NY Bar No. 1852797)
Samuel Kalar (NY Bar No. 5360995)
JoAnna Suriani (NY Bar No. 5706395)

787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: rmancino@willkie.com
        skalar@willkie.com
        jsuriani@willkie.com

-AND-

Jennifer J. Hardy (TX Bar No. 24096068)
Denis A. Fallon (TX Bar No. 24059731)
Garrett Johnston (TX Bar No. 24087812)
Audra White (TX Bar No. 24098608)

600 Travis Street, Suite 2100
Houston, Texas 77002
Telephone: (713) 510-1700
Facsimile: (713) 510-1799
Email: jhardy2@willkie.com
        afallon@willkie.com

13

gjohnston@willkie.com
awhite@willkie.com

***COUNSEL FOR PLAINTIFFS***


## CERTIFICATE OF SERVICE

By my signature below, I certify that a true and correct copy of the foregoing has been served on all counsel of record on August 21, 2020 through the Electronic Case File System of the Western District of Texas.

/s/ _ _Ryan V. Cox_____