IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DR. GEORGE RICHARDSON, et al. § | |
| § | |
| *Plaintiffs,* § | |
| § | Civil Case No. 5:19-cv-00963 |
| v. § | |
| § | |
| TEXAS SECRETARY OF STATE, et § | |
| al., § | |
| § | |
| *Defendants.* § | |

**REPLY IN SUPPORT OF MOTION TO INTERVENE BY
PLAINTIFFS IN FLORES, ET AL. V. HUGHS, ET AL.**

                                                    Respectfully submitted,

                                                    /s/Austin Whatley
                                                    NAJVAR LAW FIRM, PLLC
                                                    *Austin M.B. Whatley*
                                                    Tex. Bar No. 24104681
                                                    S.D. Tex. No. 3348472
                                                    austin@najvarlaw.com
                                                    2180 North Loop West, Ste. 255
                                                    Houston, TX 77018
                                                    281.410.2003 phone
                                                    281.582.4138 fax

*Of counsel:*
NAJVAR LAW FIRM, PLLC
*Jerad Wayne Najvar*
Tex. Bar No. 24068079
S.D. Tex No. 1155651
jerad@najvarlaw.com
281.404.4696 phone
281.582.4138 fax
Houston, TX 77018
*Lead Counsel for Flores Plaintiffs*

1

Federico Flores, Jr., Maria Guerrero, and Vicente Guerrero, (collectively "*Flores* Plaintiffs") reply in support of their *Motion for to Intervene* (Doc. 86) ("MTI").

## ARGUMENT

### I. Flores Plaintiffs' Motion to Stay is Sufficient to meet Rule 24(c)'s Requirements

Fed. R. of Civ. Pro. 24(c) requires "a pleading that sets out the claim or defense for which intervention is sought." Every district in Texas and the Fifth Circuit adopt a lenient approach to Rule 24(c).[1] The Fifth Circuit has even accepted intervention even when plaintiffs filed no separate documents apart from the motion itself. *See e.g. Farina*, 615 F.2d at 1074; *City Bank*, 2010 WL 1424275, at *7.

Already with their own lawsuit and complaint, along with their MTI the *Flores* Plaintiffs filed a document styled "*Intervenors' Motion for Stay Pursuant to the First-to-File Rule*," which enunciated their claims and reasons for intervention that satisfied Rule 24(c)'s lenient requirements by setting out their claims for why intervention was sought and making the original Parties aware. However, even if the *Flores* Plaintiffs' had not filed this document that satisfies Rule 24(c)'s requirements in of itself, their MTI should be granted under the lenient standards of this Circuit and District.

### II. The Motion to Intervene is Timely

Despite Plaintiffs' claims to the contrary, the *Flores* Plaintiffs' MTI is timely. The *Flores* Plaintiffs filed their motion shortly after becoming aware that the Secretary was making indistinguishable arguments to those that had been already denied by Judge Hinojosa. *Richardson* Litigation ECF No. 86 at 7-8. Despite both the Secretary and

---

[1] *City Bank v. Compass Bank*, EP-09-CV-96-KC, 2010 WL 1424275 (W.D. Tex. Apr. 6, 2010); *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, 2:17-CV-00235-JRG, 2017 WL 6059303 (E.D. Tex. Dec. 7, 2017); *DeOtte v. Azar*, 332 F.R.D. 173, 182 (N.D. Tex. 2019); *Liberty Surplus Ins. Companies v. Slick Willies of Am.*, Inc., CIV.A. H-07-0706, 2007 WL 2330294 (S.D. Tex. Aug. 15, 2007); *Farina v. Mission Inv. Trust*, 615 F.2d 1068 (5th Cir.1980); *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309 (6th Cir. 2005) (listing cases of sister circuits who apply the leniency rule).

Plaintiffs being aware of the *Flores* Litigation, it seems neither party informed the Court of the first-filed case, either on the Civil Cover Sheet or any subsequent briefing. *Richardson* Litigation ECF No. 1-1 at 1.

In an effort to show untimeliness, Plaintiffs latch on to a lighthearted statement made by Judge Hinojosa in a moment of levity and misconstrue the record. *Richardson* Litigation ECF No. 87 at 2-3. Looking to the full record, it is clear that before the Plaintiffs here had even filed their motion for summary judgment on June 22, 2020, Judge Hinojosa had already denied the Secretary's motion for summary judgment in *Flores* and was only waiting for further remedy briefing. *Flores* Hearing Trans. (Mar. 25, 2020) at 4-7 (**Exhibit 8**). In fact, at that very hearing—over three months before the *Richardson* Parties even filed their motions—the Secretary explicitly agreed with the *Flores* Plaintiffs that it was appropriate for Judge Hinojosa to rule on all the *Flores* Parties' motions. *Id.* at 3 ("MR. ABRAMS: . . . we do agree with the Plaintiffs that the case is fully briefed and . . . it's been argued, so we'd ask for a ruling and disposition on the competing Motions for Summary Judgments. . ."). The Secretary requested additional time *only* to respond to the specifics of any injunctive relief requested. *Id.* at 3-4. Subsequently, the refiled motions were *only* for the purpose of determining what specific relief was adequate. This was completed in April, and delay was on account of the June run-off elections. *Id.* at 5:6-8. Plaintiffs admit the first to file rule ("Rule") applies their assertion the that time for it has "passed" is not based on any authority.

### III. Prejudice weighs in Favor of the *Flores* Plaintiffs

As the first-filed party, the *Flores* Plaintiffs have an interest in preserving the remedy they have sought before this suit even commenced. In furtherance of this, the *Flores* Plaintiffs filed their motions to intervene and stay this case. Thereafter, they filed

in the *Flores* court a re-urged motion for entry of judgment and, in the alternative, for transfer or consolidation. *Flores* Litigation ECF No. 114 (**Exhibit 9**).[2] In the first-filed court, the *Flores* Plaintiffs primarily seek an entry of judgment, but also seek to utilize all available avenues available under the Rule. The motion for stay in this Court is meant to allow the first-filed court to make the appropriate determination; the *Flores* Plaintiffs' will file an amended motion, if deemed necessary, to reflect these options.

While the *Flores* Plaintiffs recognize that the Plaintiffs may face *some* prejudice if this case is stayed, any prejudice faced by them pales in comparison to that suffered by the *Flores* Plaintiffs if this suit is not stayed or brought together with the *Flores* Litigation and they are unable to protect their interests in specific remedies. This is made clearer by this Court's listed remedies. The *Flores* Plaintiffs have already detailed specific remedies that afford constitutional process in a manner that is simple for both the voter and the state to implement. *Flores* Litigation ECF No. 114 at 12-14 (Exhibit 9). The remedies suggested by this Court would be inadequate as can be seen prior case law. *See e.g. id*; *Saucedo v. Gardner*, No. 17-cv-183-LM, 2018 WL 3862704, *3 n.1 (D. N.H. 2018) (Process unconstitutional despite fact that voters were typically given express notice that it was important to use the same signature); *Democratic Executive Committee of Fla.v. Detzner*, F. Supp. 3d 1017, 1031 (S.D. Fla. 2018) (The prospect of an election contest does not cure the lack of a validation procedure).

Plaintiffs' invocation of *Hart v. Donostia LLC*, 290 F. Supp. 3d 627 (W.D. Tex. 2018), is inapposite and relies upon dicta. *Richardson* Litigation ECF No. 87 at 9. Considering cases that were not substantially similar, the *Hart* court stated that when all the facts underlying a lawsuit occurred in Texas and New Mexico, transfer to an

---

[2] A courtesy copy including exhibits has been sent to this Court pursuant to Southern District local rules.

Illinois court would render the parties and third-party witnesses beyond the power of the first-filed court. *Id*. at 634. For the court, the public interest also weighed in favor of adjudication in Texas as the conduct in question occurred there and had no connection to Illinois. *Id*. Tellingly, in determining the Rule did not apply, the *Hart* court listed numerous cases for the proposition that the Rule is appropriate when differing plaintiffs seek to hold the same defendant responsible. *Id* at 631.

The Fifth Circuit has made clear that it will enforce the Rule by vacating a judgment issued improperly by the second-filed court when appropriate. *See e.g. Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947; *W. Gulf Mar. Ass'n*, 751 F.2d 721.

**IV.    Plaintiffs Misunderstand the *Flores* Litigations' Case History**

Claims that *Flores* Plaintiffs are not "forthcoming" concerning their case history reflect a fundamental misunderstanding that history. *Richardson* Litigation ECF No. 87 at 9. Plaintiffs fail to realize that the *Flores* Plaintiffs' and their equal protection and due process claims were joined in their *First Amended Complaint*, filed on November 30, 2018. *Flores* Litigation ECF No. 24 (**Exhibit 10**). Judge Hinojosa mistakenly struck that amended complaint but reversed his decision and accepted the amended complaint because it had been filed with written consent of all *Flores* Parties pursuant to Fed. R. Civ. P. 15(a)(2), *Flores* Litigation ECF No. 39; *Flores* Hearing Trans. (Mar. 19, 2019) at 4-5 (**Exhibit 11**).

Likewise, Plaintiffs misrepresent the "dismissal" of the *Flores* Plaintiffs' motion for summary judgment. *Richardson* Litigation ECF No. 87 at 5-6. This dismissal was made without prejudice was *only* for the purpose addressing the appropriate remedy if the *Flores* Plaintiffs prevailed, as indicated by Judge Hinojosa. *Flores* Hearing Trans. (Mar. 25, 2020) at 3:20-25; 4:1-5, 17-25; 6:10-25; 7:1-5 (Exhibit 8).

## CERTIFICATE OF SERVICE

    The undersigned counsel hereby certifies that on August 28, 2020, the foregoing document, along with any exhibits and proposed order, was served on all counsel of record in this matter by means of the court's CM/ECF system.

*/s/ Austin Whatley*
Austin Whatley
