UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION


| | | |
|---|---|---|
| LETICIA GARZA GALVAN, ET AL., ) | CASE NO:  7:18-CV-00113 |
| ) | |
| Plaintiffs, ) | CIVIL |
| ) | |
| vs. ) | McAllen, Texas |
| ) | |
| ROLANDO B. PABLOS, ET AL., ) | Tuesday, March 19, 2019 |
| ) | |
| Defendants. ) | (2:58 p.m. to 3:18 p.m.) |


PRETRIAL CONFERENCE

BEFORE THE HONORABLE RICARDO H. HINOJOSA,
UNITED STATES DISTRICT JUDGE


APPEARANCES:

For Plaintiffs:              JERAD W. NAJVAR, ESQ.
                             Najvar Law Firm
                             4151 Southwest Freeway, Suite 625
                             Houston, TX 77027


For Defendants:              ERIC A. HUDSON, ESQ.
                             Texas Attorney General
                             300 W. 15th St.
                             Austin, TX 78711


Court Recorder [ECRO]:   Adrian De La Rosa

Transcribed By:          Exceptional Reporting Services, Inc.
                         P.O. Box 18668
                         Corpus Christi, Texas 78480-8668
                         361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

Exhibit 11

1         **McAllen, Texas; Tuesday, March 19, 2019; 2:58 p.m.**

2                  **(Call to Order)**

3         **THE COURT:**  Next is Civil Action Number M-18-00113,

4 *Leticia Garza Galvan and Martie Garcia Vela versus Rolando B.*

5 *Pablos and others.*

6         Can you have announcements for the parties as to

7 who's here?

8         **MR. NAJVAR:**  Yes, your Honor.  Jerad Najvar for the

9 Plaintiffs, and I'm here with my associate, Austin Whatley.

10         **MR. HUDSON:**  Eric Hudson on behalf of Secretary

11 Whitley.  I'm with the Office of the Attorney General.

12         **THE COURT:**  Okay.  And I guess this will be

13 substituted for Mr. Pablos; is that right?

14         **MR. HUDSON:**  That's correct, your Honor.

15         **THE COURT:**  All right.

16         **MR. HUDSON:**  I think we're short one Defense counsel

17 though.

18         **MR. NAJVAR:**  Yeah, I have not seen nor heard from

19 him.  I assumed he'd be here; I haven't heard anything

20 otherwise.  Defense counsel for the County.

21         **THE COURT:**  Well, he had notice to be here, right?

22         **MR. HUDSON:**  Yes, your Honor.

23         **THE COURT:**  And that's with regards to the County

24 Defendants.

25         **MR. HUDSON:**  Yes.

3

1          **THE COURT:**  The individuals.

2          **MR. HUDSON:**  Yes.

3          **THE COURT:**  Well, we can set him for a show cause for

4    tomorrow morning as to why he wasn't here at 9:30 in the

5    morning.  But I think we can handle some matters here.

6          **MR. HUDSON:**  Sure.

7          **THE COURT:**  It appears to me and I think that the

8    Defense is trying to argue this; I don't know that the two

9    named Plaintiffs have any standing here.

10         **MR. HUDSON:**  I think that's correct, your Honor.

11         **THE COURT:**  I mean, the complaint here is that people

12   were -- who voted, their votes were not counted because of some

13   issue involving signatures or otherwise other issues that are

14   allowed to not count a vote.

15         And it's my understanding that what the Plaintiffs,

16   including the ones that want to be added as Plaintiffs here,

17   who are the ones whose votes were not counted, are arguing is

18   that this is a violation of their due process constitutional

19   rights because they're not notified before the election in

20   order to be able to correct any violation; any mistake there is

21   in the application.  Or in the mailed in ballot.

22         **MR. NAJVAR:**  And the rejection of their ballot.

23         **THE COURT:**  Right.

24         **MR. NAJVAR:**  That's right.

25         **THE COURT:**  My view is that the two candidates do not

Exhibit 11

4

1  have standing to complain about somebody else's constitutional

2  rights, and you-all have indicated that this has already been

3  an election contest on behalf of the candidates and that that's

4  already in the state court being decided, so I don't know that

5  we're going to decide that all over again with regards to the

6  two candidates, that they have a standing with regards to

7  somebody else's constitutional rights when we don't even know

8  who they voted for or maybe just left it blank; didn't want to

9  vote for anybody.

10         So, it's hard to understand that the two candidates

11  would have status here, or standing to make this complaint.  I

12  understand the actual voters if they want to file this

13  complaint.  In fact, you're asking to include them, I believe.

14  The Plaintiffs are asking that.

15         **MR. NAJVAR:**  Well, with all due respect, I filed the

16  first amended complaint on November 30th within the Court's --

17         **THE COURT:**  Yeah, but you didn't ask for permission

18  to file the amended complaint.  And you've included some names.

19         **MR. NAJVAR:**  No.  Well, that's right but I had the

20  written consent of all the counsel for the Defendants.  And

21  under Rule --

22         **THE COURT:**  Yes, but under the rules, you're supposed

23  to have a certificate of conference; not just some consent

24  here.

25         **MR. NAJVAR:**  That's not in the rule, your Honor.

Exhibit 11

1          **THE COURT:**  The rule is that you're supposed to tell

2     me that somehow you have given them notice and they're opposed

3     to it.

4          **MR. NAJVAR:**  Well, it's at the --

5          **THE COURT:**  You know what?  I'll just let you do it.

6     Rather than having an argument with you over this, I'll let you

7     do this, but in the future, please do it like everybody else

8     does it, okay?

9          But there should be a certificate of conference that

10    says we contacted them about this; they have no opposition to

11    us filing this.  And then I know it can be granted.

12         **MR. NAJVAR:**  Well, it was in a footnote, and I should

13    have --

14         **THE COURT:**  It's a footnote, but it's not a

15    certificate of conference.  This footnote is not a certificate

16    of conference.  Everybody else does a certificate of

17    conference.  And so now you know what I expect.

18         **MR. NAJVAR:**  Okay.  Understood.

19         **THE COURT:**  Okay.  I will allow that to be, but they

20    have a motion to dismiss the two candidates and I will grant

21    that.  I don't think they have a standing here.

22         However, you are also now trying to substitute

23    somebody else for one of the Plaintiffs who is deceased now; a

24    daughter.  But I don't know what her standing would be with

25    regards to the mother's ballot.

Exhibit 11

1          **MR. NAJVAR:**  Well, it's a motion for substitution

2    under the federal rules, and she's standing in the shoes of her

3    mother essentially.

4          **THE COURT:**  But her mother -- this is moot;

5    unfortunately, her mother has passed away.  And I'm sorry to

6    hear that, but I don't know how -- what relief I could give the

7    mother if she's deceased.

8          **MR. NAJVAR:**  Well, the mother --

9          **THE COURT:**  I mean, what can I give the mother?

10         **MR. NAJVAR:**  -- well, you're right in the sense that

11   the mother can't seek prospective relief like the other voters,

12   but she did have her ballot rejected and so --

13         **THE COURT:**  And she had her ballot rejected and

14   there's nothing we can do to make it better for her at this

15   point.  She's deceased.  It isn't like your estate goes and

16   files this.  This is your own personal constitutional right as

17   far as your ballot goes.

18         **MR. NAJVAR:**  Well, that's true, your Honor, and I'll

19   just -- I'll concede that.  I don't need that Plaintiff to stay

20   in the case to maintain standing rights.

21         **THE COURT:**  Right.  I understand that.  So, I'm

22   telling you that I'm not granting the request that her daughter

23   be substituted.  The others remain in the case.

24         **MR. NAJVAR:**  Okay.  Well, if that's the Court's

25   ruling then I will accept it as the --

Exhibit 11

1        **THE COURT:**  Well, that's the only one that makes

2   legal sense or sense in general.  You can't have a cause of

3   action for your constitutional violation if, unfortunately,

4   you're no longer living.  And I'm very sorry to hear that.  I

5   think she was 80-something; is that correct?

6        **MR. NAJVAR:**  She was -- I don't think she was quite

7   80; she was late 70s, I believe.

8        **THE COURT:**  Okay.  But, you know, it would be kind of

9   odd to say that your daughter then can continue fighting your

10  violation with regards to your casting a vote in an election.

11       **MR. NAJVAR:**  Well, I understand, but there is -- I

12  did the research on this and I did -- I wanted to keep her in

13  the case because of, you know, she was excited about this; it

14  was very important to that voter --

15       **THE COURT:**  Right.  I understand that.  I understand

16  that.  But whenever somebody has a case and -- we just don't

17  keep on going if there is no longer a cause of action

18  unfortunately when somebody is deceased.

19       **MR. NAJVAR:**  Well, like I said, your Honor, I'll

20  accept the Court's ruling of course, and I don't want to

21  belabor the point.  I did do the research, you know; there's

22  authorities in the motion that I believe the Court could grant

23  the motion to substitute, but if that's the Court's ruling, we

24  can move on from there.

25       **THE COURT:**  Well, what would the Defense do?  They

1  have nobody to go examine about the casting of the ballot or

2  anything.  I mean, who --

3          **MR. NAJVAR:**  Well, right --

4          **THE COURT:**  -- they would no longer be able to -- the

5  daughter can't say anything about the -- in the deposition

6  about her mother's ballot.

7          **MR. NAJVAR:**  Well, that's true, your Honor, but we

8  did have the --

9          **THE COURT:**  Well, that's true.  Yes, sir, it is.

10          **MR. NAJVAR:**  They never sought to take her deposition

11  and they could have done that.  They never sought that, and we

12  submitted her affidavit --

13          **THE COURT:**  Okay, but since they didn't, there's

14  nobody to take a deposition of.  We haven't really gone very

15  far here.  In fact, they claim there isn't even a cause of

16  action.

17          **MR. NAJVAR:**  I know they claim that, but I would

18  just --

19          **THE COURT:**  They claim that as -- that as a matter of

20  law, there's nothing to pursue here.

21          **MR. NAJVAR:**  Well, I understand, and I have a

22  different view of the law, but I mean, the party who declines

23  to take a deposition or discovery regarding a Plaintiff who's

24  named in the case assumes the risk that that Plaintiff might

25  not be there to give the deposition later in the case.

1      **THE COURT:**  Well, and unfortunately if the person is

2  no longer available to have a cause of action, well then there

3  is no cause of action for that person.

4      **MR. NAJVAR:**  Well, again, your Honor, like I said, I

5  don't need all four of the voters to remain in the case to

6  maintain the case so...

7      **THE COURT:**  Right, and you don't have one of them for

8  sure, and you can't just substitute somebody for the sake of

9  it.  It isn't like the estate of that individual is entitled to

10  anything at this point.  This is a personal right that she had;

11  not that we're going to grant the estate any kind of monetary

12  compensation here.

13      **MR. NAJVAR:**  Well, there is a claim for nominal

14  damages, and for damages purposes, that's treated the same as

15  any other monetary damages would be.  So, that would pertain to

16  the estate.

17      **THE COURT:**  Yeah, but it also -- well...

18      **MR. HUDSON:**  If the Court needs argument on that

19  score, we didn't file a response, but I'll just point out that

20  1983 looks to state law to figure out whether an estate could

21  bring an action, looking at Texas state tort statutes to figure

22  out whether that's the case.  Injuring a right to vote as

23  purported is neither a personal injury nor a volatile debt and

24  therefore wouldn't have a -- wouldn't be allowed a cause of

25  action under 1983 in any event.

1          **THE COURT:**  Well, that's the Court's view, and so

2    I've already said that, yes, the -- we'll continue with this

3    lawsuit with the other individuals, but not the decedent nor a

4    substitution permitting a relative of the decedent, and I'm

5    sorry to hear that somebody's no longer with us.

6          I also will say that the two candidates do not have

7    the right to be complaining about these other individuals and

8    their votes.  The candidates have actually had their say so in

9    this -- I think there was an election contest.

10          **MR. NAJVAR:**  There was but, your Honor, I can't make

11   this point clear enough.  That you are not --

12          **THE COURT:**  Because you will not be able to make this

13   point clear enough.  The candidates had an election contest.

14   They were not the ones whose ballots were not counted.  They

15   have the right in the election contest to have argued that

16   those ballots could have been counted if the judge therefore

17   made a decision there these ballots should not have been thrown

18   out.  That's where they had their right for their day in court

19   with regards to this.

20          **MR. NAJVAR:**  But your Honor, they didn't have that

21   right.  They didn't have that right in Texas courts.  And

22   that's in my briefs, and the Defendants have not responded to

23   it.

24          **THE COURT:**  In the election contest, they couldn't

25   say that this vote should have been counted?  That wasn't

Exhibit 11

1   brought in front of the judge?

2          **MR. NAJVAR:**  No, your Honor.  That's -- we filed this

3   complaint --

4          **THE COURT:**  So, what did you complain about in the

5   election contest if it wasn't that votes weren't counted?

6          **MR. NAJVAR:**  This constitutional -- the claims in

7   this case are constitutional claims that the Texas statutes --

8          **THE COURT:**  But the -- constitutional claims are the

9   individuals.  The clients -- the candidates, their claim was

10  votes should have been counted.  You do that in the election

11  contest.

12          We don't even know who they voted for, so I don't

13  even know why these two would have that right.  In the election

14  contest, they could have found out who they voted for.

15          **MR. NAJVAR:**  Well, that's right, but we're dealing

16  with two different sets of claims here.  And I'm not -- let me

17  make this clear also.  We're not asking for any votes to be

18  counted right now.  We're asking to change the law.

19          **THE COURT:**  You can't.  That's not what we're doing

20  here.  You're just asking to change the law here.

21          **MR. NAJVAR:**  That's right.  That's right.

22          **THE COURT:**  Okay.  But the two candidates are not the

23  ones whose votes were not counted.

24          **MR. NAJVAR:**  Well, the case that I relied on, one of

25  the cases I relied on from Florida, the _Detzner_ (phonetic)

1    case, there were organizational Plaintiffs and there was a

2    candidate Plaintiff, Bill Nelson, the U.S. Senate candidate

3    campaign.  His standing -- the Florida District Court, federal

4    district court, found that he did have standing to raise the

5    claims on behalf of his potential voters, and the same was true

6    in --

7            **THE COURT:**  Well, we don't have his potential voters

8    here.  We have these individual voters that were not counted

9    here.

10           **MR. NAJVAR:**  Well, that's right.  I just -- the state

11   has never -- I've never responded in full to their argument

12   about the candidates' standing because they never -- I didn't

13   have to because the case goes forward anyway because we have

14   standing on behalf of the voters.

15           **THE COURT:**  Right.  The case goes forward anyway with

16   the people who really have a cause of action if there is a

17   cause of action.

18           **MR. NAJVAR:**  Right.  And I'm just --

19           **THE COURT:**  The individuals whose vote were not

20   counted.  The two candidates, they had their day in court with

21   regards to complaining about the election process; they had an

22   election contest.  I don't know if that's still in court or

23   where it is and I don't know who won or didn't win, but their

24   votes were counted.  The claim here is votes were not counted

25   for these individuals.  They were kicked out on some claim of

1  either signatures or some default, and the claim here is you

2  should be given notice before you do that and before the

3  election is over that that's our right to know and that somehow

4  we need to change the election code, that this Court is being

5  asked to therefore say the election code is somehow -- because

6  nobody is saying that they didn't follow the election code.

7  What you're saying is the election code is a violation of the

8  federal constitution here with regards to how these votes are

9  counted.

10        **MR. NAJVAR:**  That's correct.

11        **THE COURT:**  Okay.  And so you've got that cause of

12  action with regards to the ones whose votes were not counted

13  and that's what we're going to continue with.

14        **MR. NAJVAR:**  Okay.  I'm just making clear for the

15  record since we're talking about this issue that I do believe,

16  and there is authority for the proposition that the candidate

17  Plaintiffs do have standing to maintain these constitutional

18  claims.

19        **THE COURT:**  And the reason -- did they know how these

20  people voted?

21        **MR. NAJVAR:**  No, but it doesn't matter because it's a

22  facial challenge to the election code as it's written, and the

23  particular facts of any particular vote don't matter once you

24  establish standing.

25        **THE COURT:**  Yeah, but I don't know that every

Exhibit 11

1   candidate could just bring this without having the actual

2   people who were hurt be the ones.  Then every candidate could

3   just file it on a regular basis without any showing of

4   anything.

5           **MR. NAJVAR:**  Well, it's the same --

6           **THE COURT:**  I mean, it's the individual who counts

7   here; it's not the candidates.  It's the individuals' rights

8   that are important here.

9           **MR. NAJVAR:**  Well, your Honor --

10          **THE COURT:**  The candidates have a right -- they could

11  have made this argument.

12          I disagree with you.  I think they could have made

13  the argument at the election contest because that's what you

14  do.  You complain, you shouldn't have kicked out these ballots.

15  They should have counted.  They could have said the signatures

16  are exactly the same; why did you kick them out?  We need to

17  count these.

18          **MR. NAJVAR:**  Well, you're right, your Honor, but --

19          **THE COURT:**  You do that at the election contest.

20          **MR. NAJVAR:**  -- your Honor, you're right, but this is

21  not the first case to deal with this kind of issue.  The case

22  again from Florida --

23          **THE COURT:**  Well, this is also not the first case

24  that deals with an election contest and what you can do there.

25  They filed an election contest.  They already had the right to

Exhibit 11

1   complain about this.

2         **MR. NAJVAR:**  Okay, but your Honor, you cannot raise

3   constitutional challenges to the election code in a Texas court

4   election contest.  That's the unanimous decision of the Texas

5   Supreme Court and the Courts of Appeals, and I've cited several

6   of them.  And there's been --

7         **THE COURT:**  Okay, but I don't think they have a cause

8   of action here.  Okay?

9         **MR. NAJVAR:**  Okay.  Well, I -- just for the record, I

10  would point out, your Honor, that you can't raise

11  constitutional challenges in a Texas election contest so we did

12  not.  That's why we filed this --

13        **THE COURT:**  Okay.  Well, then why did you, first of

14  all, just file it with their names and then you ran and started

15  getting other names?  You must have been somewhat concerned

16  about it.

17        If this was exactly just their case, you would have

18  kept it that way.  Once they filed a motion to dismiss saying

19  they have no standing, you went and found these others

20  individuals and decided to throw them in here.  I don't have a

21  problem with that.  I think they have a cause of action.

22        They thought they had a very strong motion to

23  dismiss, and perhaps maybe you thought that the Court might

24  take that seriously because then you decided that you were

25  going to add these individuals.

Exhibit 11

1          **MR. NAJVAR:**  Well, I'll concede that, yes, it's a

2    very difficult argument.  And you know, I think the Court could

3    rule either way as to the candidates' standing.

4          What I'm saying is that I've cited authority to the

5    Court.  They haven't cited any.

6          **THE COURT:**  Okay.  And so I've already ruled and so

7    we're leaving it that way.

8          **MR. NAJVAR:**  Okay.

9          **THE COURT:**  And we have -- we're ready to proceed

10   with the ones that I think have standing here.

11         **MR. NAJVAR:**  Yes, your Honor.

12         **THE COURT:**  And they're going to say that there is no

13   constitutional violation and so they will file a motion; I

14   suspect, they're trying to already make that argument in their

15   motion for summary judgment.

16         And I would like to have you, now that we know who

17   the parties are here, if you would like to go ahead and file

18   your response to that so we can set a hearing date on that.

19         **MR. NAJVAR:**  Okay.  Well, I was under the impression

20   this was the final motions hearing.  All the responses have

21   been filed.

22         **THE COURT:**  Well, no, it's not because of the fact

23   that we were still -- had the discussion about who the parties

24   are here.

25         **MR. NAJVAR:**  Okay.

Exhibit 11

```
 1          THE COURT:  So, you're ready to go on what we have,
 2   just that; nothing else?  Nobody needs to do anything else?
 3          MR. NAJVAR:  I think the briefing is complete and the
 4   Court can rule based on the papers on file.
 5          THE COURT:  Do you agree with that or not?
 6          MR. HUDSON:  Our briefing is complete, your Honor.
 7          THE COURT:  Okay.  Well, then I'll go ahead and spend
 8   more time reading those motions for summary judgment as opposed
 9   to the ones that were just with regards to the parties because
10   I thought you-all had more discovery to do, but apparently not.
11   And so, we'll just set a hearing date on the motions for
12   summary judgment.  Nobody is going to want -- now we know that
13   at least one part of this was granted with regards to the two
14   candidates.
15          MR. NAJVAR:  Okay.
16          THE COURT:  And that we are less one Plaintiff
17   because the Court didn't allow a substitution.  And so, it's a
18   case of the individuals whose votes were not counted that are
19   filing the lawsuit.
20          MR. HUDSON:  And let me take that back then, your
21   Honor.  Now that the Court has clarified, I do think at this
22   point if the Court is going to permit those parties, we would
23   like to depose them before proceeding with the summary judgment
24   motions.
25          MR. NAJVAR:  Your Honor, there -- in my view of this
```

Exhibit 11

1  matter, the facts here are very straightforward.  I mean, and

2  there's no reason you would need -- I mean helping the

3  Plaintiffs, there's no reason you would need those voters'

4  testimony.  The fact is they submitted their ballots --

5          **THE COURT:**  Well, if it's going to help your clients,

6  why be opposed to it?

7          **MR. NAJVAR:**  Well, because it's going to delay the

8  resolution of the case.

9          **THE COURT:**  Well, not by much.  I think you-all can

10 do it quickly; don't you think?

11         **MR. NAJVAR:**  Well, I'm sure we can, but it's also

12 going to increase the expense.

13         I mean, if they want do that, but I would point out

14 also, we've -- they had notice -- they had the opportunity to

15 respond before we filed the amended complaint naming those

16 Plaintiffs.  So, I sent the draft complaint to them --

17         **MR. HUDSON:**  Actually the amended complaint was filed

18 on November 30th; the most recent amended complaint I believe

19 was filed in January with the estate.

20         **MR. NAJVAR:**  Well, right --

21         **MR. HUDSON:**  After all of the deadlines had passed on

22 the scheduling order.

23         **MR. NAJVAR:**  My point, your Honor, was that they -- I

24 had given them notice and the identities of the additional

25 Plaintiffs that were later added on November 30th, but they had

1   notice and they had the relevant documents.  The application

2   and the --

3            **THE COURT:**  Okay, but so far there has been no

4   discovery.

5            **MR. NAJVAR:**  Not with respect to those voters.

6            **THE COURT:**  Has there been discovery as to what?

7            **MR. NAJVAR:**  The depositions of some of the ballot

8   board member Defendants and the depositions of the two

9   candidate Plaintiffs have been taken.

10            **THE COURT:**  Okay.  Can you-all do this in 30 days?

11            **MR. NAJVAR:**  I think 30 days would be a little short

12   for me; I've got a couple of briefing --

13            **THE COURT:**  Can we do it in 45 or 60 days?

14            **MR. NAJVAR:**  Certainly.

15            **THE COURT:**  Okay.  Which do you-all prefer?

16            **MR. HUDSON:**  Let's have 60 days to do it, your Honor.

17            **THE COURT:**  Do you have a problem with that?

18            **MR. NAJVAR:**  No, sir.

19            And, your Honor, I assume this means we'll be

20   amending our substantive motions --

21            **THE COURT:**  Right.  And I'm going to give you

22   deadlines for that also.

23            **MR. NAJVAR:**  Okay.

24            **THE COURT:**  Okay.  You-all have until May 21st within

25   which you-all can depose these individuals, and any motion for

20

1  summary judgment that's going to be different has to be filed

2  by June the 17th with the proper deadlines of when it's going

3  to be responded to, and then we'll have a hearing on July the

4  23rd at 4:00 p.m. on any pending motions for summary judgment

5  and their responses.

6          **MR. NAJVAR:**  July 23rd, 4:00 p.m.?

7          **THE COURT:**  Yes.  Yes.

8          **MR. NAJVAR:**  Okay.

9          **THE COURT:**  Do you-all need anything else from me?

10          **MR. NAJVAR:**  I don't think so, your Honor.

11          **MR. HUDSON:**  No, thank you, your Honor.

12          **THE COURT:**  Okay.  If you-all don't have anything

13  else, you-all can be excused.  Thank you.

14          **MR. NAJVAR:**  Thank you.

15      **(This proceeding was adjourned at 3:18 p.m.)**

16

17

18

19

20

21

22

23

24

25

Exhibit 11

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____                    March 28, 2019
            Signed                                      Dated



                    *TONI HUDSON, TRANSCRIBER*

                                                        Exhibit 11