IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DR. GEORGE RICHARDSON, ROSALIE WEISFELD, AUSTIN JUSTICE COALITION, COALITION OF TEXANS WITH DISABILITIES, MOVE TEXAS CIVIC FUND, LEAGUE OF WOMEN VOTERS OF TEXAS<br><br>    *Plaintiffs*<br><br>VS.<br><br>TEXAS SECRETARY OF STATE, TRUDY HANCOCK, in her Official Capacity as BRAZOS COUNTY ELECTIONS ADMINISTRATOR and PERLA LARA in her official Capacity as CITY OF MCALLEN, TEXAS SECRETARY,<br>    *Defendants* | Civil Case No. 5:19-cv-00963 |

## DEFENDANT PERLA LARA'S RESPONSE TO PLAINTIFFS' AUGUST 26, 2020 SUPPLEMENTAL BRIEF

COMES NOW¸ Defendant Perla Lara, in her official capacity as McAllen City Secretary, and files her Response to Plaintiffs' August 26, 2020 Supplemental Brief, and in support thereof would respectfully show unto the Court as follows:

This case is simply about Texas' signature-verification process for mail-in ballots pursuant to Texas Election Code § 87.041. Specifically, Plaintiffs challenge

only those subsections related to this process found in Texas Election Code §§ 87.041 (b)(2), (e) and (f). Dkt. 11. In their Original Complaint, Plaintiffs seek the following relief:

1. That the Court enter declaratory judgment that the State of Texas' statutory scheme requiring the rejection of mail-in ballots with alleged signature mismatches, specifically set out in Texas Election Code §§ 87.041(b)(2), (e), and (f), is unconstitutional and violates the ADA and the RA;

**2. That the Court permanently enjoin the State of Texas, the Texas Secretary of State, the Brazos County Elections Administrator, the City of McAllen, Texas Secretary, the 254 county agencies administering elections, and all other political subdivisions administering elections from rejecting any mail-in ballot for signature mismatch reasons, or, in the alternative, require the State of Texas, the Texas Secretary of State, the Brazos County Elections Administrator, the City of McAllen, Texas Secretary, the 254 county agencies administering elections, and all other political subdivisions administering elections to (a) provide voters meaningful notice prior to the rejection of a mail-in ballot based on an alleged signature mismatch and (b) offer voters the ability to cure a mail in ballot questioned for an alleged signature mismatch.**

3. That Plaintiffs be awarded attorneys' fees under 42 U.S.C. § 1988 and 29 U.S.C. § 794a;

4. That all costs of this action be taxed against Defendants; and

5. That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances. Dkt. 1, pgs. 24-25.

Texas Election Code, section 87.041, in relevant part provides, as follows:

*(b) A ballot may be accepted only if:*

(1) the carrier envelope certificate is properly executed;

*(2) neither the voter's signature on the ballot application nor the signature on the carrier envelope certificate is determined to have been executed by a person other than the voter, unless signed by a witness;*

*(e) In making the determination under Subsection (b)(2), the board may also compare the signatures with any two or more signatures of the voter made within the preceding six years and on file with the county clerk or voter registrar to determine whether the signatures are those of the voter.*

*(f) In making the determination under Subsection (b)(2) for a ballot cast under Chapter 101 or 105, the board shall compare the signature on the carrier envelope or signature cover sheet with the signature of the voter on the federal postcard application.* Tex. Elec. Code §87.041 (emphasis added).

Importantly, "The *secretary of state* shall prescribe any procedures necessary for implementing this section in regard to elections described in Subsection (b)(2),"

elections conducted in a county with a population of 100,000 or more. Id. at §87.0241(c) (emphasis added).

Defendant Lara has previously asserted that the plaintiffs lack standing in this cause to seek the relief requested from the Defendant, Perla Lara in her capacity as Secretary of the City of McAllen. "To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U.S. Bank N.A.*, No. 17-1712, –– U.S. ––, 140 S.Ct. 1615, –– L.Ed.2d ––, (U.S. June 1, 2020). The entity Plaintiffs and Plaintiff George Richardson cannot satisfy any of these prongs, and Plaintiff Weisfeld cannot satisfy the last two prongs, because it is the ***Secretary of State*** who serves as the chief election officer of the State. Tex. Elec. Code § 31.001(a)." Further, this Defendant has no control over the "other 254 counties in this state".

Fifth Circuit precedent poses a significant obstacle to the relief requested by Plaintiffs. In *OCA-Greater Houston v. Texas*, 867 F.3d 604, 612–13 (5th Cir. 2017), the Fifth Circuit considered a challenge to Texas Election Code section 61.033, which requires an interpreter to "be a registered voter of the county in which the voter needing the interpreter resides." In that case, the State of Texas averred that the second and third standing factors were not satisfied, because the plaintiff's injury

was caused by local election officials—who determined whether a voter could serve as an interpreter—not the state or its Secretary of State. *Id.* at 613. The panel rejected that position, holding that the "invalidity of a Texas election statute is, without question, fairly traceable to and redressable by ... its Secretary of State, who serves as the 'chief election officer of the state.'" *Id.* (quoting Tex. Elec. Code § 31.001(a)).

Although Texas's vote-by-mail statutes are administered, at least in in the first instance, by local election official, it is the Secretary of State that has the duty to "obtain and maintain uniformity in the application, operation, and interpretation of" Texas's election laws, including by "prepar[ing] detailed and comprehensive written directives and instructions relating to" those vote-by-mail rules. Tex. Elec. Code § 31.003. And the Secretary of State has the power to "take appropriate action to protect" Texans' voting rights "from abuse by the authorities administering the state's electoral processes."

The record in this case is clear. In her deposition, Defendant Lara provided that in her role as the election clerk she abides by and follows the guidance and forms issued by the Texas Secretary of State.[1] She further testified, that in determining how and when to convene the SVC or EVBB, consideration is given to the various factors related to the administration of the election including the financial impact of

---

[1] Deposition of Perla Lara at: p. 39, lines 12-22; p. 40, lines 12-22; p. 51, lines 15-20.

convening the SVC or EVBB, and the general availability of citizens to fill those roles. Additionally, the remedy suggested by the Plaintiffs will necessarily require that entities, such as the City of McAllen and "the other 254 counties in this state", over which Defendant Lara has no control to invest in significant resources which are not readily available to Lara in her capacity as EVC for the City of McAllen.

Based on that, the Plaintiffs have not shown—at least as to Defendant Lara—that she is a party who can address the complaints of this case, and therefore, Plaintiffs lack standing to seek the remedy requested against her. Plaintiffs' requested relief is directed to the Texas Secretary of State, who under the scheme for the provision of signature verification process related to mail in ballot voting in the State of Texas, is the only proper party to this suit.

With regard to the remedies proposed in Plaintiffs' Supplemental Brief (Dkt. 89), although Defendant Lara is not the proper party to furnish said relief, Defendant Lara is not confident the proposed identity verification procedures proposed by Plaintiffs contain the necessary safeguards to maintain the integrity of the election and to prevent voter fraud. Nonetheless, Defendant Lara has at all times[2], and will continue to, adhere to the law- whether it be the Texas Election Code or this Honorable Court's order regarding the mail-in ballot process.

---

[2] *Id.*

Respectfully submitted,

Kevin D Pagan
City Attorney of McAllen, Texas

/s/ Isaac J Tawil
Isaac Tawil
*Attorney-in-Charge*
State Bar No. 24013605
Federal ID No. 29804
Attorney-in-Charge
Assistant City Attorney
1300 Houston Avenue
McAllen, Texas 78501
Telephone: (956) 681-1090
Facsimile: (956) 681-1099
Email: itawil@mcallen.net

Austin Stevenson
State Bar No. 24085961
Federal ID No. 3157070
Assistant City Attorney
Email: astevenson@mcallen.net

BICKERSTAFF HEATH
DELGADO ACOSTA LLP
3711 South MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
(512) 472-8021 (Telephone)
(512) 320-5638 (Facsimile)

C. Robert Heath
*Local Counsel*
Texas State Bar No. 09347500
bheath@bickerstaff.com

Gunnar P. Seaquist
*Local Counsel*
Texas State Bar No. 24043358

gseaquist@bickerstaff.com

**ATTORNEYS FOR DEFENDANT
CITY OF McALLEN, TEXAS**

## CERTIFICATE OF SERVICE

I certify that on August 26, 2020 this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

/s/ Isaac J Tawil
Isaac Tawil