IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **Dr. George Richardson,** | § | |
| **Rosalie Weisfeld, Austin** | § | |
| **Justice Coalition, Coalition** | § | |
| **of Texans with Disabilities,** | § | |
| **Move Texas Civic Fund,** | § | |
| **League of Women Voters** | § | |
| **Of Texas and American GI** | § | |
| **Forum of Texas, Inc.** | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No.: 5:19-CV-00963 |
| | § | |
| **Texas Secretary of State** | § | |
| **Trudy Hancock, in her official** | § | |
| **Capacity as Brazos County** | § | |
| **Elections Administrator and** | § | |
| **Perla Lara in her official** | § | |
| **Capacity as City of McAllen,** | § | |
| **Texas Secretary,** | § | |
| *Defendants* | § | |

**DEFENDANT BRAZOS COUNTY ELECTIONS ADMINISTRATOR
TRUDY HANCOCK'S RESPONSE PLAINTIFFS' SUPPLEMENTAL BRIEF
IN RESPONSE TO THE COURT'S AUGUST 21ST ORDER**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Brazos County Elections Administrator Trudy Hancock (hereinafter "Hancock") files this response to Plaintiffs', Dr. George Richardson ("Richardson"), Rosalie Weisfeld ("Weisfeld"), Austin Justice Coalition ("Austin Justice"), Coalition of Texans with Disabilities ("CTD"), MOVE Texas Civic Fund ("MOVE"), and League of Women Voters of Texas (the "League"), supplemental brief in response to the Court's August 21st Order. Docket Entry No. 88. Defendant Hancock offers the following:

The Court instructed "Plaintiffs to file a brief (and any evidence or other supporting materials that they wish to attach) in which it sets forth what it believes is the appropriate remedy

(and/or remedies) in the event the Court grants summary judgment in Plaintiffs' favor on Plaintiffs' constitutional claims." *Id*. at pg. 3.

In their briefing, Plaintiffs provide the court with two approaches for addressing their claims: (1) a narrowly tailored remedy in this case; or (2) enjoining the entire signature comparison procedure. First, Plaintiffs request that the Court:

1. order Defendant Secretary of State to advise all Early Voting Clerks (EVCs) that for the signature comparison procedure to comply with the Constitution, the notice and cure requirements… must be followed before any ballot is rejected on the basis of a perceived signature mismatch;
2. order Defendant Secretary of State to prescribe the Notice of Provisional Rejection form…;
3. order that Defendant Secretary of State include information notifying voters of the signature comparison procedure in the Dear Voter Letter as well as the signature section of the Application for Ballot by Mail (ABBM) and carrier envelope;
4. order Defendant Secretary of State to add the following sentence in the phone and email section of the ABBM: "Used in case our office has questions or if your ballot is subject to being rejected for signature comparison issues," [for elections after the November 2020 General Election].

Docket Entry No. 89, pgs. 3-5. Alternatively, Plaintiffs request that "the Court should operate within its discretion to enjoin implementation of the signature comparison procedure entirely, leaving the legislature the obligation of enacting law to bring the procedure into compliance with the Constitution." *Id*. at 5. Thus, Plaintiffs assert that "Texas election officials would be barred from rejecting mail-in ballots on the basis of the signature comparison provisions of the Texas Election Code." *Id*. at 6.

Plaintiffs' Supplemental Brief again demonstrates that Brazos County/Defendant Hancock is not a proper party to this lawsuit and that their lawsuit challenges the constitutionality of a specific provision of the Texas Election Code. Plaintiff has failed to demonstrate and/or provide any evidence that Brazos County/Defendant Hancock did anything improper or failed to follow Texas law. Further, Plaintiffs seek to have the Court order the Texas Secretary of State to require

EVCs to follow certain notice and cure requirements for the statutorily created signature comparison procedure, create a Notice of Provisional Rejection form, and order certain information/language be included ABBM, which are all remedies outside the statutory authority of Brazos County/Defendant Hancock.

As previously argued in various pleadings, Plaintiffs have only challenged the "signature-verification process" for mail-in ballots established by Texas Election Code §§ 87.041 (b)(2), (e) and (f). Docket Entry No. 1. The Texas Election Code provides that "[a] ballot may be accepted only if neither the voter's signature on the ballot application nor the signature on the carrier envelope certificate is determined to have been executed by a person other than the voter, unless signed by a witness." Tex. Elec. Code §87.041 (b)(2). "In making the determination under Subsection (b)(2), the board may also compare the signatures with any two or more signatures of the voter made within the preceding six years and on file with the county clerk or voter registrar to determine whether the signatures are those of the voter." *Id*. at §87.041 (e). Finally, "[i]n making the determination under Subsection (b)(2) for a ballot cast under Chapter 101 or 105, the board shall compare the signature on the carrier envelope or signature cover sheet with the signature of the voter on the federal postcard application." *Id*. at §87.041 (f).

Here, Plaintiffs seek to have the Secretary of State implement and impose certain notice and cure requirements for the signature comparison procedure and rejected ballots: (1) changing the deadlines for the EVBB or SVC to complete signature comparisons; (2) creating new obligations for the EVC to provide notice to voter within 24 hours of a rejected mail-in ballot by the EVBB or SVC (by mail, phone, text message, and email); (3) creating a process for voter to provide affirmation and verifying information to EVC "to prevent the EVBB or SVC from rejecting the ballot;" (4) requiring EVC to memorialize in writing receipt of the affirmation and

verifying information from the voter; (5) requiring EVC to provide Notice of Provisional Rejection form; and (6) allowing that only after failing to comply with the affirmation and verification, the voter's ballot may then be rejected by the EVBB or SVC. Docket Entry No. 89 at 3-5.

Plaintiffs' requested notice and cure requirements far exceed the statutorily requirements and authority of the EVC (Defendant Hancock). The Texas Elections Code provides that only "**the early voting ballot board shall** open each jacket envelope for an early voting ballot voted by mail and determine whether to accept the voter's ballot." Tex. Elec. Code § 87.041(a) (emphasis added). Therefore, the Texas Legislature **charges only the early voting ballot board** with determining "whether to accept early voting ballots voted by mail in accordance with Section 87.041 at any time after the ballots are delivered to the board." *Id.* at 87.0241(a). "The **secretary of state shall** prescribe any procedures necessary for implementing this section in regard to elections described in Subsection (b)(2)," elections conducted in a county with a population of 100,000 or more. *Id.* at §87.0241(c) (emphasis added). Contrary to Plaintiffs' request that the EVC provide notice of the rejected ballot to the voter, the Texas Election Code provides that ""**the presiding judge of the early voting ballot board shall deliver written notice of the reason for the rejection** of a ballot to the voter at the residence address on the ballot application." *Id.* at §87.0431(a) (emphasis added). **The secretary of state shall adopt rules as necessary to implement the requirements prescribed under this subsection**." *Id*. at §87.0431(c)(emphasis added).

It is clear that the Plaintiffs continue to confuse and mislead the Court concerning the process of reviewing and determining whether to accept an early voting ballot by an EVBB or SVC with the statutory duties and responsibilities of Defendant Hancock. Defendant Hancock has no statutory authority over the EVBB and has no statutory authority related to the process of

whether to accept or reject early voting ballots voted by mail in accordance with Texas Election Code, Section 87.041.

For these reasons and the arguments asserted in her Motion for Summary Judgment (Docket Entry No. 66), Response to Plaintiffs' Motion for Summary Judgment (Docket Entry No. 73) and Reply to Plaintiffs' Response to her Motion for Summary Judgment (Docket Entry No. 77), Defendant Hancock requests that the Court grant her Motion for Summary Judgment (Dkt. 66) and deny all relief requested by the Plaintiffs against her.

Respectfully submitted,

*/s/ J. Eric Magee*
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com
**ALLISON, BASS & MAGEE, L.L.P.**
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile
*Attorneys for Brazos County Elections Administrator Trudy Hancock*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ J. Eric Magee*
J. Eric Magee