IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DR. GEORGE RICHARDSON, ROSALIE WEISFELD, AUSTIN JUSTICE COALITION, COALITION OF TEXANS WITH DISABILITIES, MOVE TEXAS CIVIC FUND, and LEAGUE OF WOMEN VOTERS OF TEXAS,<br>    Plaintiffs,<br><br>v.<br><br>TEXAS SECRETARY OF STATE; TRUDY HANCOCK, in her official capacity as Brazos County Elections Administrator; and PERLA LARA, in her official capacity as City of McAllen, Texas Secretary,<br>    Defendants. | No. 5:19-cv-00963 |

**UNSWORN DECLARATION OF JENNIFER ANDERSON
HAYS COUNTY ELECTION ADMINISTRATOR**

1. My name is Jennifer Anderson. I currently serve as the Elections Administrator for Hays County, Texas, and have been serving in this capacity for four-and-a-half years.

2. In my capacity as Elections Administrator, I have become familiar with the signature-verification process for mail-in ballots. On several occasions, voters have come to my office after receiving a notice that their mail-in ballot was rejected during the signature-verification process. In such cases, either I or a member of my team will review the application for ballot by mail (ABBM) and carrier envelope with the voter. Each time this has happened, in my experience, the voter has recognized that the signature on the ABBM or the carrier envelope was not, in fact, their signature.

3. Hays County will hold a general election on November 3, 2020. Due to the COVID-19 pandemic, we have received more ABBMs and I anticipate we will receive more

1

**EXHIBIT 1**

mail-in ballots, as a proportion of total ballots voted, than we otherwise would. We have also received many inquiries regarding in-person voting and the steps we are taking to ensure that the process is safe. Due to the economic impact of the pandemic, many of my office's budgetary requests could not be approved. My office is operating at maximum capacity to meet these challenges and serve the people of Hays County.

4. My office provides the ABBM form from the Secretary of State to voters who request it. This year, my office has received an increased volume of requests for ABBMs and has responded by providing the form. We have already received completed ABBMs from voters. Other voters who have applied for annual ballots by mail are also scheduled to receive mail-in ballots under the annual ballot by mail program. If my office were required to change the ABBM form at this point in the election cycle, some voters would receive a different ABBM than others.

5. In August of 2020 my office received an updated Dear Voter letter from the Texas Secretary of State's office, which will be included in the balloting materials provided with mail-in ballots for the 2020 general election.

6. My office has completed the process of printing many of the mail-in ballot materials, including carrier envelopes, ballot envelopes, and copies of the updated Dear Voter letter.

7. My office plans to complete the process of printing the 2020 general election ballots and ordering any additional mail balloting materials on [September 16, 2020].

8. My office will begin sending mail-in ballots to voters on [September 17, 2020]. Our goal is to complete this process by [September 19, 2020].

**EXHIBIT 1**

9. If my office were required to change the carrier envelope or Dear Voter letter at this point in the election cycle, it would result in additional burden and expense.

10. Not all voters provide an email address and/or telephone number on their ABBM. Some only provide a mailing address.

11. Individuals with a Texas driver license number, Department of Public Safety identification card, and a social security number need only provide one of those numbers on their voter registration application on file with the county voter registrar. They are not required to provide both.

12. My office is familiar with the documents required under Texas's voter ID law, but we do not have experience reviewing documentation such as "any government document with the voter's name" (but not address), "employee identification card," "student identification card," "identification card provided by a commercial establishment," "credit or debit card," "insurance plan identification card," "lease or rental agreement," "tuition statement or bill," or "identification documents issued by homeless shelters and other temporary or transitional facilities" for authenticity or for identity-verification. A requirement that my office review such documents to verify voter identity for mail-in ballots would be confusing and burdensome. I think it is possible that these criteria could be applied differently across different counties because it is not clear what would be acceptable and what would not.

13. Hays County typically conducts its canvass at the Commissioner's Court meeting following the 6th day after the general election. The Hays County Commissioner's Court meets on Tuesdays. Hays County intends to canvass the November 3, 2020, general election on November 10, 2020. If the cutoff for mail-in ballots were extended to 5 p.m. on the

10th day after election day, the earliest that the canvass could be conducted at a regularly scheduled Commissioner's Court meeting would be November 17, 2020. This would prevent Hays County from meeting the statutory deadline of 14 days after the election to conduct the canvass unless the Commissioner's Court convened on an emergency basis, which would be burdensome [Could be difficult to get a quorum on non-regularly schedule court dates]. The same would be true for other elections, which must be canvassed by the 11th day after the election. This would also trigger different dates for recounts and election contests. Some, or all of this would most likely overlap any resulting runoff elections that could be occurring.

14. Members of the Early Voting Ballot Board (and Signature Verification Committee, in elections where one is established) are paid. In Hays County, these groups typically meet on various occasions prior to Election Day (in compliance with the Texas Election Code), and on Election Day and after the deadline for mail-in ballots from overseas. If these groups had to meet additional times, this would result in additional burden and expense to the County.

15. In addition to making it more challenging to meet the statutory deadline for the general election canvass, changing the mail-in ballot process at this point in the election would result in questions from voters and more confusion about the process.

16. Implementing a new process whereby my office contacts voters whose ballots have been flagged in the signature-verification process will require additional work for my office.

**EXHIBIT 1**

17. As of the 2018 election, Hays County had over 137,000 registered voters. I anticipate that the challenges discussed above could be even more burdensome for election administrators serving larger populations or operating with fewer staff than my office.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 31, 2020.

*Janderson*
Jennifer Anderson
Elections Administrator
Hays County, Texas

**EXHIBIT 1**