FILED

SEP 15 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DR. GEORGE RICHARDSON, ROSALIE WEISFELD, AUSTIN JUSTICE COALITION, COALITION OF TEXANS WITH DISABILITIES, MOVE TEXAS CIVIC FUND, and LEAGUE OF WOMEN VOTERS OF TEXAS,<br><br>    *Plaintiffs*,<br><br>v.<br><br>TEXAS SECRETARY OF STATE, TRUDY HANCOCK, in her official capacity as BRAZOS COUNTY ELECTIONS ADMINISTRATOR, and PERLA LARA, in her official capacity as CITY OF MCALLEN, TEXAS SECRETARY,<br><br>    *Defendants*. | Civil No. SA-19-cv-00963-OLG |

## ORDER OF CLARIFICATION

On September 8, 2020, this Court issued a Memorandum Opinion and Order in which it granted summary judgment in favor of Plaintiffs Rosalie Weisfeld and Coalition of Texans with Disabilities on certain of their claims against Texas Secretary of State (the "Secretary"). *See* docket no. 99 (the "Summary Judgment Order"). In light of the Court's determination regarding the merits of those claims, the Summary Judgment Order also instructed the Secretary to take certain remedial actions in advance of the November 2020 elections. *See id.* On September 10, 2020, this Court denied the Secretary's Opposed Motion for Stay Pending Appeal. *See* docket no. 103. Following the Court's denial of the Secretary's Motion for Stay, the Secretary filed a Motion for Stay Pending Appeal at the Fifth Circuit.

Having seen the Secretary's briefing before the Fifth Circuit, it appears that the Secretary has misunderstood the scope of this Court's immediate injunction. Accordingly, the Court provides the following clarification for the parties.

As an initial matter, the Court's immediate injunction does not "compel[] the Secretary of State" to "bring an enforcement action against any local election official who fails to comply" with the Secretary's advisories. Secretary's Reply at p. 1; *see also id.* at p. 9. Indeed, the Court's injunction specifically left out that portion of Tex. Elec. Code § 31.005(b). Additionally, it appears that the Secretary believes that the Court has "engraft[ed]" the "notice-and-cure process for one voting procedure" onto the signature-comparison procedure at issue in this case. *See* docket no. 1 p. 2. The Secretary's argument appears to take issue with the implementation of the cure procedures contained in Tex. Elec. Code § 87.127, a provision that the legislature enacted *as the apparent cure procedure for signature-mismatch mail-in voters*. The Secretary's misunderstanding as to this issue is particularly confusing given that the Secretary has repeatedly argued that completely new cure procedures should not be implemented *because* the remedy described in § 87.127 provides protections for signature-mismatch mail-in voters.

For the avoidance of any additional confusion, the scope of the Court's injunction is described in detail in the Summary Judgment Order. *See* docket no. 99 pp. 101-102, nn.49-53. With respect to the affirmative conduct required of the Secretary, the immediate injunction merely requires that the Secretary (i) issue advisories to local election officials regarding the appropriate implementation of the vote-by-mail provisions of the Texas Election Code, and (ii) notify any local election official who fails to comply with any such advisory that he or she is violating voters' constitutional rights and "order the official to correct the offending conduct," two actions specifically within the Secretary's explicit authority under Tex. Elec. Code § 31.005(b).

SIGNED this 15 day of September, 2020.

_____
ORLANDO L. GARCIA
Chief United States District Judge