# United States Court of Appeals for the Fifth Circuit



FILED
SEP 16 2020

No. 20-50774

DOCTOR GEORGE RICHARDSON; ROSALIE WEISFELD;
MOVE TEXAS CIVIC FUND;
LEAGUE OF WOMEN VOTERS OF TEXAS;
AUSTIN JUSTICE COALITION;
COALITION OF TEXANS WITH DISABILITIES,

*Plaintiffs—Appellees,*

versus

TEXAS SECRETARY OF STATE, RUTH R. HUGHS,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CV-963-OLG

ORDER:

IT IS ORDERED that the letter filed by the appellees on September 15, 2020, is *sua sponte* STRICKEN.

The appellant Secretary of State appeals an injunction issued per a Memorandum and Order entered by the district court on September 8, 2020, as District Court Docket No. 99. The appellant filed a notice of appeal on September 9. On September 10, the district court denied the appellant's motion for stay pending appeal. On September 11, the appellant moved in

Case 5:19-cv-00963-OLG  Document 107  Filed 09/16/20  Page 2 of 3
Case: 20-50774    Document: 00515567207    Page: 2    Date Filed: 09/16/2020

No. 20-50774

this court for a stay pending appeal. Also on September 11, this court temporarily stayed the injunction pending consideration of the motion for stay pending appeal. On September 14, the appellees filed in this court an opposition to the motion for stay, to which the appellant filed a reply on September 15.

Also on September 15, the district court *sua sponte* issued, as District Court Docket No. 105, an "Order of Clarification," in which it disagrees with the appellant's September 15 reply. As an example, the clarification argues that "[t]he Secretary's misunderstanding as to this issue is particularly confusing . . . ." And the clarification states that the appellant "appears to take issue with the implementation of the cure procedures contained in Tex. Elec. Code § 87.127 . . . ."

With the exception of petitions for writs of mandamus, to which district judges are customarily invited or ordered to respond as explicitly permitted by Federal Rule of Appellate Procedure 21(b)(4), it is unworkable, while an appeal is pending, for district judges to participate in the appellate process by responding to, or sparring with, the various submissions by attorneys on both sides. By definition, every appellant disagrees with the actions taken by the district court. It's the job of the appellee, not the district judge, to wrangle with the appellant in defense of what the district court has done. *See United States v. Lucero*, 755 F. App'x 384, 386 (5th Cir. 2018) (per curiam) (stating the general appellate process as "one-court-at-a-time").

As shown in the notice of appeal, filed as District Court Docket No. 100, this appeal is only from the order filed as Docket No. 99. It is questionable whether, during the pendency of this appeal, the district court even has jurisdiction to amend or clarify or amend its order. *See id.* But never mind: This panel, in deciding the motion for stay pending appeal, will consider and address only the order appealed from and not the district judge's

No. 20-50774

commentary on, or "clarification" of, that order, which the district court might want to consider withdrawing.

This court respects and appreciates this dedicated district judge's conscientious and well-intentioned effort to "get it right." But in the instant context, that's not an appropriate part of the appellate process.

Appellees' September 15 letter, filed as Fifth Circuit Docket No. 22 and referred to above, calls this court's attention to the Order of Clarification. Because this panel will not consider that order, the letter referencing it must be stricken. IT IS SO ORDERED.

/s/ Jerry E. Smith
JERRY E. SMITH
*United States Circuit Judge*